

FOR PUBLICATION

FILED

DEC 18 2012

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: | Case No. 12-32118-C-9 |
| CITY OF STOCKTON, CALIFORNIA, | DC No. MH-1 |
| Debtor. | |

Before: Christopher M. Klein
United States Bankruptcy Judge

John P. Briscoe (argued), Law Offices of Mayall Hurley, PC, Stockton, California, for Movant.

Marc A. Levinson (argued), John W. Killeen, Orrick, Herrington & Sutcliffe LLP, Sacramento, California, for Debtor.

KLEIN, Bankruptcy Judge:

Another twist in chapter 9 municipal debt adjustment cases is the additional automatic stay imposed by 11 U.S.C. § 922(a). This additional automatic stay supplements the basic automatic stay of 11 U.S.C. § 362 by stopping actions against municipal officers and inhabitants to enforce a claim against the municipality. Here, the § 922(a) stay will not be modified to permit a lawsuit against municipal officers to proceed.

The City of Stockton's fired Fire Chief is suing the City, the City Manager, and the Deputy City Manager on a variety of

1

federal and state theories to redress his termination. Conceding that the § 362 automatic stay protects the City from his lawsuit, he wants to keep proceeding against the City Manager and Deputy City Manager during the chapter 9 case.

This court holds: (1) that the § 922(a) automatic stay augments the basic § 362 automatic stay specifically to protect the individual defendants during the pendency of this chapter 9 case; and (2) that the City has satisfied its statutory burden of proof to demonstrate the absence of cause for stay relief.

## Facts

There is pending in the United States District Court for the Eastern District of California a civil action in the nature of wrongful discharge filed by the former Fire Chief of the chapter 9 debtor City of Stockton. The defendants are the City itself, together with the City Manager and the Deputy City Manager in their official and personal capacities. The City has undertaken the defense of the individual defendants. Allegations include violation of federal and state civil rights laws and other theories sounding in wrongful termination.

The District Court, applying conventional § 362 analysis, conducted a detailed examination focused on extent of the identity of interests of the parties and concluded that the facts warranted extending the City's § 362 automatic stay to the civil action against the officers. <u>Hittle v. City of Stockton</u>, 2012 Westlaw 3886099 (E.D. Cal. 2012). It does not appear that the

parties advised the District Court, or that the court otherwise realized, that the § 922(a) additional stay obviated the need for going through the § 362 exercise of assessing the extent of the identity of interests before protecting third persons.

The plaintiff now seeks relief from the automatic stay, arguing that no harm will be wrought by allowing him to pursue the City's officers during the chapter 9 case and theorizing that the City's insurer will pay defense expenses.

The City turns out to be self-insured for the first $1 million of liability, including cost of defense, and is required by California Government Code §§ 825 and 825.2 to indemnify its officers for liability in their official capacities.

The status of the chapter 9 case is that there presently is an intense effort being undertaken in connection with a court-mandated mediation to enable the various parties in interest to develop the detailed understanding of the City's finances that will be essential to the determination whether to order relief and to the formulation of a plan of adjustment.

## Jurisdiction

With respect to this chapter 9 case, the subject-matter jurisdiction of the United States District Court, of which this bankruptcy court is a unit, 28 U.S.C. § 151, is founded upon federal bankruptcy jurisdiction under 28 U.S.C. § 1334. This motion for relief from stay is a core proceeding a bankruptcy judge may hear and determine. 28 U.S.C. § 157(b)(2)(G).

1    Federal subject-matter jurisdiction over the movant's
2 wrongful discharge civil action pending in the District Court is
3 founded on federal question and supplementary jurisdiction
4 pursuant to 28 U.S.C. §§ 1331 and 1367.
5    Upon the filing of the chapter 9 case, 28 U.S.C. § 1334
6 added another, but not essential, basis for subject-matter
7 jurisdiction over the movant's pending claim against the City,
8 making it eligible to be resolved through the bankruptcy claim
9 adjudication process.  But, neither the plaintiff nor the City
10 has yet invoked that process by filing or objecting to a proof of
11 claim, and whether that will actually occur is speculative.
12   The status quo is that the wrongful discharge civil action
13 is a non-core proceeding that has not been referred by the
14 District Court to the Bankruptcy Court under 28 U.S.C. § 157(a).
15 Unless there is a § 157(a) referral, a bankruptcy judge lacks
16 statutory authority to preside over the civil action on either a
17 binding or a non-binding basis.  Further, it is open to doubt
18 that such a referral would be made in view of the substantial
19 non-bankruptcy basis for federal subject-matter jurisdiction.

## Analysis

22   For the same reason that geometry holds that the shortest
23 distance between two points is a straight line, the additional
24 automatic stay of § 922(a),[1] rather than the § 362 automatic

---

[1]Section 922 provides:

(a) A petition filed under this chapter operates as a

4

1 stay, directly protects municipal officers in chapter 9 cases
2 without the need for a court to perform the mental gymnastics
3 required to extend the § 362 automatic stay.
4
5                                I
6    Even though this motion is couched in terms of seeking
7 relief from the § 362 automatic stay without reference to
8 § 922(a), the latter section is the controlling provision.
9    The action against the individual officers is an exercise of

---

stay, in addition to the stay provided by section 362 of
this title, applicable to all entities, of -
    (1) the commencement or continuation, including the
issuance or employment of process, of a judicial,
administrative, or other action or proceeding against an
officer or inhabitant of the debtor that seeks to enforce a
claim against the debtor; and
    (2) the enforcement of a lien on or arising out of
taxes or assessments owed to the debtor.
  (b) Subsections (c), (d), (e), (f), and (g) of section
362 of this title apply to a stay under subsection (a) of
this section the same as such subsections apply to a stay
under section 362(a) of this title.
  (c) If the debtor provides, under section 362, 364, or
922 of this title, adequate protection of the interest of
the holder of a claim secured by a lien on property of the
debtor and if, notwithstanding such protection such creditor
has a claim arising from the stay of action against such
property under section 362 or 922 of this title or from the
granting of a lien under section 364(d) of this title, then
such claim shall be allowable as an administrative expense
under section 503(b) of this title.
  (d) Notwithstanding section 362 of this title and
subsection (a) of this section, a petition filed under this
chapter does not operate as a stay of application of pledged
special revenues in a manner consistent with section 927 of
this title to payment of indebtedness secured by such
revenues.

11 U.S.C. § 922.

5

the well-known strategy of suing a sovereign by falsely pretending to sue an officer. To the extent that there is a judgment against the individuals, the City, having undertaken their defense, will be required to pay the judgment. CAL. GOV'T CODE §§ 825 & 825.2. Hence, the civil action against the individuals "seeks to enforce a claim against the debtor" within the meaning of § 922(a). 11 U.S.C. § 922(a)(1).

It follows that the motion is deemed to have been made under § 922(a).

II

The procedure and standards for obtaining relief from the § 922(a) automatic stay are nominally identical to those for obtaining relief from the § 362 automatic stay.

A

The requisite procedure is familiar.

1

Rule 4001(a) provides that a motion for relief from an automatic stay, without differentiating among the several bankruptcy automatic stays,[2] shall be made by motion as a contested matter in accordance with Rule 9014. Fed. R. Bankr. P.

---

[2] For bankruptcy automatic stay provisions, see 11 U.S.C. §§ 362, 922, 1201, 1301, and 1519-20.

1  4001(a)(1).³

2  In other words, the appropriate procedure for obtaining
3  relief from the § 922(a) automatic stay is a conventional motion
4  in bankruptcy court for stay relief.

6  2

7  The motion was made pursuant to Local Bankruptcy Rule 9014-
8  1(f)(1), which requires as a matter of pretrial procedure that
9  the parties begin by presenting evidence in the manner provided
10 by Civil Rule 56(e) and stating opposition in writing so that the
11 court can evaluate whether there are disputed material factual
12 issues necessitating the formal evidentiary hearing required by
13 Rule 9014(d).  L. Bankr. R. 9014-1(f)(1), <u>implementing</u> Fed. R.
14 Bankr. P. 9014(d).

15 At the hearing, the parties elected to rely on the
16 declarations they had previously presented in written form
17 without live direct examination and did not ask to cross-examine
18 witnesses or otherwise present evidence.  Accordingly, the
19 hearing was limited to oral argument.

21 B

22 The standards for § 922(a) stay relief are basically the
23 same as those for § 362 stay relief.  Specifically, subsections
24 362(c) through 362(g) expressly apply to the § 922(a) automatic

---

26 ³The <u>Collier</u> treatise incorrectly asserts that stay relief
   requires a complaint.  6 COLLIER ON BANKRUPTCY (16th ed. Alan N.
27 Resnick & Henry J. Sommer, eds. 2012) ¶ 922.03 n.4 ("COLLIER").

stay "the same as such subsections apply to a stay under section 362 of this title." 11 U.S.C. § 922(b).

It follows that in the case of litigation against the municipality and its officers on account of a claim against the municipality in chapter 9, the controlling question is whether there is "cause" within the meaning of § 362(d)(1):

> (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay – (1) for cause, including the lack of adequate protection of an interest in property of such party in interest[.]

11 U.S.C. § 362(d)(1), incorporated by id. § 922(b).

The phrase "subsection (a) of this section," of course, means § 922(a), not § 362(a), by virtue of the § 922(b) incorporating language – "the same as such subsections apply to a stay under section 362 of this title."

Since the issue in § 922(a) stay relief is § 362(d)(1) "cause," the burden of proof is allocated by statute to the opponent of stay relief. 11 U.S.C. § 362(g)(2), incorporated by id. § 922(b). Hence, the City as the opponent of stay relief in this instance has the burden of proof as to the lack of "cause."

"Cause" is a generic concept without a specific definition that is committed to the sound discretion of the bankruptcy court on a case-by-case basis. Benedor Corp. v. Conejo Enters., Inc. (In re Conejo Enters., Inc.), 96 F.3d 346, 351-52 (9th Cir. 1996) (chapter 11).

Part of the case-by-case analysis entails consideration of context. The important context here is that determination of

1  "cause" requires attention to the peculiarities of chapter 9.

2  While the question of "adequate protection" is a common feature of "cause" analysis in stay relief matters, an unresolved lawsuit for uncertain liability by a former employee on wrongful discharge theories is so uncertain that it does not present a material issue of adequate protection. Rather, the problem here resolves itself into a question of naked "cause" to adjust the § 922(a) automatic stay in which an important criterion is the effect of potential stay relief on the municipality's effort to reorganize through a plan of adjustment.

III

Focusing on the facts through the chapter 9 lens leads this court to conclude that the City has carried its § 362(g)(2) burden to demonstrate the absence of "cause" sufficient to adjust the § 922(a) automatic stay with respect to the movant's civil action pending in the District Court.

The movant begins with the false premise that nothing in bankruptcy law prevents collection of a judgment against individual defendants who have a right of indemnification from the municipality. Movant's Reply Brief at 3. To the contrary, as earlier explained, Congress tailored § 922(a) squarely to cover this situation and prevents collection of any such a judgment, as well as the prosecution of the litigation itself. 11 U.S.C. § 922(a).

In § 922(a), the phrase "to enforce a claim against the debtor" necessarily encompasses both direct and indirect claims

against a municipality. A prominent feature of the sovereign immunity landscape since long before the enactment of § 922(a) and its predecessor versions[4] are the several related doctrines generically associated with Ex parte Young, 209 U.S. 123 (1908), according to which one may sue a sovereign by falsely pretending to sue its officers. These doctrines tolerating suits by indirection were so embedded in the law of sovereign immunity at the time of the enactments of § 922(a) and its predecessors that it is apparent that the additional automatic stay was designed to deal with situations like the one now in issue.

Since § 922(a) is express in its stay of actions against municipal officers and is explicable, in part, as a response to the circumvention authorized by the Ex parte Young doctrines, it follows that chapter 11 decisions requiring "extraordinary circumstances" to defeat an assertion of "cause" to grant relief from a § 362 automatic stay that has been stretched to protect non-debtor parties are of limited effect in chapter 9.

When Congress expressly protects a specified group in chapter 9 cases, it does not follow that the "extraordinary circumstances" required in chapter 11 cases need to be demonstrated in order to maintain that protection in effect. Decisions arising in other chapters of the Bankruptcy Code that purport to require a showing of "extraordinary circumstances" to protect non-debtor parties are inapposite in the face of the explicit language of § 922(a).

---

[4]Predecessors of § 922(a) are documented in the Collier treatise. 6 COLLIER ¶ 922.LH.

10

Nor is there merit to the movant's contention that no dislocation would be wrought by prosecuting the civil action against the City Manager and the Deputy City Manager.  Such an action necessarily would consume the time and attention of those two officers during the period in which there is intense focus on the basic substantive issues in this chapter 9 case.  An intensive discovery effort relating to the debtor's finances is on-going and features prominently in the court-ordered mediation that presently is focused on matters relating to whether to order relief, especially the formulation of a potential plan of adjustment of the City's debts, the outline of which is one of the essential elements for an order for relief.  It is apparent to the court that their undivided time and attention will continue to be required at least for a number of months.

The City has also demonstrated that active prosecution of the civil action will constitute a financial burden to the City. The City has found it necessary to engage private counsel to defend the City and the individual defendants, the expense of which the City is required to pay because it has no insurance coverage for any given claim until it has expended $1 million. The legal fees for the instant case had already been $14,446.04. Counsel for the City credibly estimates that total defense costs through trial could exceed $350,000 based on the experience of a comparable case.

Similarly, the City bears the financial risk of a judgment against the individual defendants.  The City, having undertaken the defense of the City Manager and Deputy City Manager, is

generally obliged to pay a judgment against them in the civil action. CAL. GOV'T CODE § 825. If the individuals were to pay any portion of such a judgment, then they are entitled to reimbursement. CAL. GOV'T CODE § 825.2. The City having undertaken the defense of the individual defendants, it follows that the expense of further litigation against them will deplete the coffers of the City treasury.

The § 922(a) stay is designed to stop such litigation in its tracks. The debtor has satisfied its burden of proof with respect to "cause" as allocated by 11 U.S.C. § 362(g). There is not "cause" to grant relief from the § 922(a) stay.

Dated: December 18, 2012.

_____
UNITED STATES BANKRUPTCY JUDGE

Case 12-32118    Filed 12/18/12    Doc 653

**CERTIFICATE OF SERVICE**

On the date indicated below, I served a true and correct copy(ies) of the attached document by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed and by depositing said envelope in the United States mail or by placing said copy(ies) into an interoffice delivery receptacle located in the Clerk's Office.

Marc A. Levinson
400 Capitol Mall #3000
Sacramento CA 95814-4407


Office of the U.S. Trustee
Robert T Matsui United States Courthouse
501 I Street, Room 7-500
Sacramento CA 95814


Jerrold E. Abeles
555 W 5th St 48th Fl
Los Angeles CA 90013


Steven H. Felderstein
400 Capitol Mall #1450
Sacramento CA 95814-4434


Christina M. Craige
555 W 5th St #4000
Los Angeles CA 90013


Alan C. Geolot
1501 K St NW
Washington DC 20005


Guy S. Neal
1501 K St NW
Washington DC 20005


Michael M. Lauter
4 Embarcadero Ctr 17th Fl
San Francisco CA 94111-4109


Robert S. McWhorter
621 Capitol Mall, 25th Floor
Sacramento CA 95814

13

1  Allan H. Ickowitz
   777 S. Figueroa Street, 34th Floor
2  Los Angeles CA 90017

3

4  Roberto J. Kampfner
   633 West Fifth Street Suite 1900
   Los Angeles CA 90071
5

6  James O. Johnston
   555 S Flower St 50th Fl
7  Los Angeles CA 90071

8
   Scott H. Olson
9  560 Mission Street, Suite 3100
   San Francisco CA 94105
10

11 William A. Van Roo
   13863 Quaterhorse Dr.
12 Grass Valley CA 95949

13
   Richard A. Lapping
14 101 California Street, Ste. 3900
   San Francisco CA 94111
15
   Lawrence A. Larose
16 200 Park Ave
   New York NY 10166-4193
17

18 Sarah L. Trum
   1111 Louisiana 25th Fl
19 Houston TX 77002

20
   Donna T. Parkinson
21 400 Capitol Mall Suite 2560
   Sacramento CA 95814
22 David E. Mastagni
   1912 I St
23 Sacramento CA 95811

24 Robert B. Kaplan
   2 Embarcadero Center 5th Fl
25 San Francisco CA 94111-3824

26
   Nicholas DeLancie
27 Two Embarcadero Center, 5th Floor
   San Francisco CA 94111
28

John A. Vos
1430 Lincoln Ave
San Rafael CA 94901

Jeffry A. Davis
44 Montgomery St 36th Fl
San Francisco CA 94104

Abigail V. O'Brient
3580 Carmel Mountain Rd #300
San Diego CA 92130

William W. Kannel
1 Financial Center
Boston MA 02111

George S. Emblidge
220 Montgomery St #2100
San Francisco CA 94104

John P. Briscoe
Law Offices of Mayall Hurley, PC
2453 Grand Canal Blvd., 2nd Floor
Stockton, CA 95207

Dated: 12/19/12

DEPUTY CLERK
BARBARA REYNOLDS

15