**5**

MICHAEL J. GEARIN *admitted pro hac vice*
MICHAEL B. LUBIC (SBN 122591)
MICHAEL K. RYAN *admitted pro hac vice*
BRETT D. BISSETT (SBN 280366)
K&L GATES LLP
10100 Santa Monica Boulevard, Seventh Floor
Los Angeles, California 90067
Telephone:    310.552.5000
Facsimile:    310.552.5001
Email:           michael.lubic@klgates.com
                    brett.bissett@klgates.com

Attorneys for California Public Employees'
Retirement System

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| In re<br><br>CITY OF STOCKTON, CALIFORNIA,<br><br>Debtor. | Case No.   2012-32118<br><br>DC No. OHS-1<br><br>Chapter 9<br><br>**DECLARATION OF DAVID LAMOUREUX IN SUPPORT OF CALPERS' BRIEF IN SUPPORT OF THE CITY OF STOCKTON'S PETITION**<br><br>Date:     February 26, 2013<br>Time:    1:30 p.m.<br>Place:    Robert T. Matsui U.S. Courthouse,<br>             501 I Street<br>             Department C, Fl. 6, Courtroom 35<br>             Sacramento, CA 95814 |

I, David Lamoureux, declare as follows:

1.    I am over 18 years of age, and I am authorized to make this declaration in support of "CalPERS' Brief in Support of the City of Stockton's Petition." I have personal knowledge of the matters set forth in this declaration.

2.    I hold the position of Deputy Chief Actuary at CalPERS. In this position, among other things, I manage the Actuarial Office of CalPERS.

1

DECLARATION OF DAVID LAMOUREUX                                                                                                        2012-32118

3. I have worked in the actuarial profession since 1994, and I became an associate of the Society of Actuaries in 1996. I worked for a number of employers as an actuary before being employed by CalPERS as an associate pension actuary in 1999 and a fellow of the Society of Actuaries in 2002. Since that time, I have held the positions of senior pension actuary beginning in 2003, and supervising pension actuary from 2006 until 2010, when I was promoted to my current position.

4. The California Public Employees Retirement Law (PERL) imposes statutory obligations on the City of Stockton to CalPERS, and CalPERS in turn has obligations to the City of Stockton's current and former employees to provide retirement benefits in accordance with the provisions of PERL. These statutory obligations are not affected by the acceptance, rejection, or modifications of the City's collective bargaining agreements.

5. The City's contributory obligations to CalPERS are determined on an actuarial basis, taking into account investment returns, employee life expectancy, projected retirement date, and projected compensation. All actuarial calculations are based on a number of assumptions about the future: (a) demographic assumptions include the percentage of employees that will terminate, die, become disabled, and retire each future year, and (b) economic assumptions include future salary increases for each active employee and future investment returns

6. The basic premise of a defined benefit pension plan is that the payments are determined based on actuarial assumptions and calculations, and the risk is pooled among the participants in the plan. For a homogeneous population, predictions for larger groups are more accurate than for smaller groups. Accordingly, as a pool is made smaller and smaller, then the volatility of the cost per member increases because the risk is pooled among a smaller group.

7. The benefits under CalPERS are pre-funded. Instead of allocating money at or near the time that benefits become due, a pre-funded plan relies on an orderly schedule of contributions well in advance of benefit requirements. The willingness and ability of the sponsor of a defined benefit pension plan to maintain an orderly schedule is a major factor in the benefit security for retirees and in the maintenance of actuarially sound plan.

2

DECLARATION OF DAVID LAMOUREUX                                                                 2012-32118

8. An employer's contribution rate is annually calculated and is based on a percentage of payroll. The employer's contribution amounts are due and payable following each pay period. Contributions are due by the 15th day following the last day in the pay period to which they relate. However, payroll and contribution information are due by the 30th day following the last day in the pay period to which they relate. Given this lag between the two dates, once CalPERS receives the payroll and contribution information, if there is any discrepancy between the amount paid and the payroll and contribution information supplied, future payments are adjusted to account for any discrepancies.

9. The most recent Annual Valuation Reports, which cover the valuations as of June 30, 2011, are prepared by CalPERS' actuaries in order to:

    a. Set forth the actuarial assets and accrued liabilities of each plan as of June 30, 2011;

    b. Determine the required employer contribution rate for each plan for the fiscal year July 1, 2013 – June 30, 2014;

    c. Provide actuarial information as of June 30, 2011 to the CalPERS Board of Administration and other interested parties; and

    d. Provide pension information as of June 30, 2011 to be used in financial reports subject to Governmental Accounting Standards Board Statement 27 for a single employer defined benefit pension plan

10. In the most recent version of the Annual Valuation Reports, the actuarial valuations provide the following funding and rate information, for fiscal years 2010 and 2011:

    a. The actuarial and market value of the assets;

    b. The current unfunded liability;

    c. The funded ratio

And for fiscal years 2012 and 2013, the reports provide projected employer and employee contribution rates for service credit earned during the applicable periods.

3

DECLARATION OF DAVID LAMOUREUX

2012-32118

11. For any given year, contribution amounts are calculated by adding together two different elements:

    a. The "Normal Cost," which is the plan's annual premium to pay for service earned in the upcoming year in the absence of any unfunded or overfunded liability to be amortized. Normal Cost is expressed as a percentage of the total active payroll.

    b. Payment toward any unfunded accrued liability, which is obtained by comparing the assets of the plan to the actuarial accrued liability of the plan, i.e., the current value of the benefit for all credited past service of current members. Unfunded accrued liability is expressed as a lump sum dollar amount

12. The unfunded accrued liability calculation as described in the Annual Valuation Reports is not a reflection of any amounts that are owed by an employer. Unfunded accrued liability is simply a component of the actuarial calculation used to determine the employer contribution rate for the upcoming fiscal year.

13. The annual contribution is borne by both the employer and the employees.

14. The future benefits for current employees will be assured only if all contributions of both employer and employee are made timely and in full.

15. In the event of termination, a terminated agency is required to make a payment to CalPERS in an amount determined by the CalPERS Board (based on actuarial information) to be sufficient to ensure payment of all vested pension rights of the terminated agency's employees accrued through the termination date ("Termination Payment"). If a terminated agency the size of the City fails to pay the Termination Payment in full, benefits must be reduced pro rata based on the amount of the Termination Payment that is not funded. Once the terminated agency's assets and liabilities have been merged into the terminated agency pool account, no further benefit adjustments are permitted under the PERL. As a result, the pool is subject to actuarial risk. Ultimately, the CalPERS general pool—all of the funds of all the participating employers—could bear the risk if

4

1 | there are not enough assets to pay the benefits under the terminated contract. Accordingly, a shortfall shifts the burden not only to Stockton members, but also to other municipalities and their members and the State and its members.

    I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

    Executed at Sacramento, California on February 15, 2013.

By: *[signature]*
David Lamoureux