**13**

1  MARC A. LEVINSON (STATE BAR NO. 57613)
   malevinson@orrick.com
2  NORMAN C. HILE (STATE BAR NO. 57299)
   nhile@orrick.com
3  JOHN W. KILLEEN (STATE BAR NO. 258395)
   jkilleen@orrick.com
4  ORRICK, HERRINGTON & SUTCLIFFE LLP
   400 Capitol Mall, Suite 3000
5  Sacramento, California  95814-4497
   Telephone:    (916) 447-9200
6  Facsimile:    (916) 329-4900

7  Attorneys for Debtor
   City of Stockton

8

9                UNITED STATES BANKRUPTCY COURT

10              EASTERN DISTRICT OF CALIFORNIA

11                    SACRAMENTO DIVISION

12

13  In re:                              Case No.   2012-32118

14  CITY OF STOCKTON, CALIFORNIA,       D.C. No. OHS-1

15              Debtor.                 Chapter 9

16                                      **DECLARATION OF TERESIA HAASE
                                        IN SUPPORT OF CITY OF**
17                                      **STOCKTON'S REPLY TO
                                        OBJECTIONS TO ITS STATEMENT**
18                                      **OF QUALIFICATIONS UNDER
                                        SECTION 109(C) OF THE UNITED**
19                                      **STATES BANKRUPTCY CODE**

20                                      Date:      February 26, 2013
                                        Time:      1:30 p.m.
21                                      Dept:      C
                                        Judge:     Hon. Christopher M. Klein

22

23

24

25

26

27

28

DECLARATION OF TERESIA HAASE IN SUPPORT OF
CITY OF STOCKTON'S REPLY TO OBJECTIONS TO
STATEMENT OF QUALIFICATIONS

I, Teresia Haase, hereby declare:

1.      I am the Human Resources Director for the City of Stockton, California ("the City" or "Stockton").  I make this declaration in support of the City's Reply to Objections to Statement of Qualifications Under Section 109(c).  On June 29, 2012, I submitted a declaration in support of the Statement of Qualifications the City filed on June 29, 2012 (the "June Declaration" or "June Decl.").

2.      I have reviewed the declaration of Nancy Zieke, filed by the Capital Markets Creditors on December 14, 2012.  One component of Ms. Zielke's Alternative Budget Model assumes that the City would have achieved approximately $1.25 million in savings during fiscal year 2012-13 by applying for and obtaining a "hardship exemption" from the California Public Employees Retirement System ("CalPERS").  *See* Zielke Report, p. 65.  State law permits CalPERS to re-amortize unfunded accrued pension obligations where doing so would result in a reduction in the required contribution from an agency that has contracted with CalPERS.  This process colloquially is called "the hardship exemption."

3.      As Ms. Zielke notes, on December 4, 2012, the City submitted to CalPERS a formal request for relief under the hardship exemption.  Attached as Exhibit A is a true and correct copy of that request.  On January 2, 2013, CalPERS denied the City's request via email. Attached as Exhibit B is a true and correct copy of that email from Mr. Alan Milligan, CalPERS' chief actuary.  Though Mr. Milligan's email referred to the possibility of the City applying for an "exception" to the requirements for obtaining a hardship exemption, in a subsequent telephone call with CalPERS, Mr. Milligan informed me that the City would be unlikely to qualify for this exception because of its potential inability to "provide continuation of funding at termination," among other reasons.

4.      In addition to applying for a hardship exemption after filing its chapter 9 petition, before entering bankruptcy the City made several attempts to reduce its pension liabilities.  For example, until 2010, the City paid both the employer and the employee statutory contributions towards the CalPERS pension plan.  By August of 2011, all employees were paying 100% of the statutory employee contribution towards the CalPERS pension plan of either 7% (non-safety) or

DECLARATION OF TERESIA HAASE IN SUPPORT OF
CITY OF STOCKTON'S REPLY TO OBJECTIONS TO
STATEMENT OF QUALIFICATIONS

1  9% (Fire and Police safety employees).  In fiscal year 2011-12 alone, this resulted in an

2  immediate and ongoing 24% reduction in City pension costs for safety employees, and a 30%

3  reduction in City pension costs for non-safety employees.  The City's budget staff estimated that

4  the City saved at least approximately $7 million in fiscal year 2011-12 by having employees pay

5  100% of their employee contributions.

6          5.      The City also negotiated the implementation of lower, "second tier" pension

7  benefits for new employees with all bargaining units.  This reduced the pension benefit formula

8  for all Miscellaneous and Fire units, in addition to eliminating all optional benefits such as

9  additional survivor benefits, sick leave conversion, single highest year compensation period, and

10  higher than mandated minimum cost-of-living adjustments.  Savings from implementation of

11  second tiers will not be immediate, but will be realized over time as there is turnover in the

12  affected workforce.  These are savings that will be achieved over and above savings resulting

13  from the recently implemented Pension Reform Act, as the second tier savings will apply to

14  existing public retirement system members that are newly hired by the City of Stockton.  Under

15  the Pension Reform Act, benefit reductions apply only to new employees who are new members

16  in a public retirement system such as CalPERS or a CalPERS-reciprocal retirement system.

17          6.      On June 7, 2012, the City also sought relief from CalPERS in the form of a

18  modification to a 5% cost-of-living adjustment for current and retired employees in the

19  (CalPERS) miscellaneous contract group.  CalPERS denied the City's request on July 3, 2012.

20  Attached hereto collectively as Exhibit C are the City's June 7 request and CalPERS' July 3

21  response.

22

23          Executed this 14 day of February 2013, at _Stockton_, California.  I declare under

24  penalty of perjury under the laws of the State of California and the United States of America that

25  the foregoing is true and correct.

26                                          _Teresia Haase_
                                            Teresia Haase
27

28

DECLARATION OF TERESIA HAASE IN SUPPORT OF
CITY OF STOCKTON'S REPLY TO OBJECTIONS TO
STATEMENT OF QUALIFICATIONS

# Exhibit A



# CITY OF STOCKTON

### HUMAN RESOURCES DEPARTMENT
STEWART/EBERHARDT BUILDING • 22 E. Weber Avenue, Suite 150 • Stockton, CA 95202-2317
209/937-8233 • Fax 209/937-8558 • www.stocktongov.com

December 4, 2012                                          VIA US MAIL AND EMAIL

Mr. Alan Milligan, Chief Actuary
CalPERS Actuarial Office
P.O. Box 1494
Sacramento, CA  95812-1494

Re:    City of Stockton Request for Hardship Funding Extension

Dear Mr. Milligan:

As you are aware, the City of Stockton has filed for protection under Chapter 9 of the Bankruptcy Code and is working to reduce its current and future financial obligations in order to maintain vital City services.  The City hereby requests evaluation and written response by CalPERS of an extension to the City's amortization periods for all contract groups.

In order to effectively analyze all relief options available, the City needs to know whether the extension, if allowed by CalPERS, will, in fact, provide immediate rate relief and what the potential long-term impacts are to the plan and the status of any unfunded liability.

Please feel free to contact me via email at Teresia.Haase@stocktongov.com or via telephone at (209) 937-8433 with any questions.  Thank you for your immediate attention to this urgent request.

Sincerely,

TERESIA HAASE
DIRECTOR OF HUMAN RESOURCES

TAH

emc:   John Luebberke, City Attorney
       Laurie Montes, Deputy City Manager
       David Lamoureux, CalPERS Deputy Chief Actuary
       May Yu, CalPERS Actuary

# Exhibit B

| | |
|---|---|
| **From:** | "Milligan, Alan" <Alan_Milligan@CalPERS.CA.GOV> |
| **To:** | 'Teresia Haase' <Teresia.Haase@stocktongov.com> |
| **CC:** | "Ratto, Gina" <Gina_Ratto@CalPERS.ca.gov>, "Sturm, Kelly" <Kelly_Sturm@CalPERS.CA.GOV> |
| **Date:** | 1/2/2013 4:08 PM |
| **Subject:** | RE: City of Stockton - Request for Hardship Funding Extension |

Teresia Haase
Director of Human Resources
City of Stockton

Thank you for your letter of December 4th requesting information about the viability and effectiveness of a request for a funding extension under the current Board policy.  I apologize for the delay in providing you with a response.

The current policy that lays out the requirements for qualifying for a 30 year funding extension are available at the following link:
http://www.calpers.ca.gov/eip-docs/about/board-cal-agenda/agendas/bpac/201009/item3g-2.pdf
As outlined in that document, there must be "Evidence that reductions in the employer rate will produce no long-term harm to the employer's plan including …  A review of the plan's funded status on a termination basis i.e. in the event that the employer terminates the plan (as current State law allows) to determine if the plan's assets will be sufficient in the future to cover all plan termination liabilities without any reduction in benefits."

The City of Stockton does not meet this criteria.  The plans' assets were not sufficient to cover all plan liabilities on a termination basis as of June 30, 2011 as was shown in the hypothetical termination liability calculation included in the most recent actuarial valuation report.  If the City has additional information that would suggest that the situation is significantly different today, please provide us with details of what has changed.

There is an exception to the above requirement as follows:  "If the plan's assets will not be sufficient, other factors will be considered on a case by case basis based on the specific facts and circumstances of each request, including without limitation, the likelihood of the employer terminating its contract, the employer's ability to provide continuation of funding at termination, whether annual contributions continue to and are projected to continue to exceed benefits paid to retirees and beneficiaries, and/or whether the rate relief would have a material impact on the plan's funded status."

If the City feels that it can make the case that it can show that it meets this exception, it should make the case that this is so and provide documentation that supports the City's position   We would be pleased to review any such submission.
Should you require further assistance, please let us know.  While the City is in litigation regarding bankruptcy, it would be best to copy our legal office on any correspondence as that will help to ensure that there are no unnecessary delays.
Yours Truly
**Alan Milligan** | Chief Actuary, CalPERS
(916) 795-2113 | alan_milligan@calpers.ca.gov


**From:** Teresia Haase [mailto:Teresia.Haase@stocktongov.com]
**Sent:** Tuesday, December 11, 2012 3:07 PM
**To:** Milligan, Alan; Teresia Haase
**Cc:** Lamoureux, David; Yu, May; abelknap@managementpartners.com; John Luebberke; Laurie Montes
**Subject:** Re: City of Stockton - Request for Hardship Funding Extension

resending with original request attached.

*Teresia*

**Teresia Haase**
Human Resources Director
22 East Weber Avenue, Suite 150
Stockton, CA 95202-2317
209-937-8344
209-937-8558 (fax)
>>>

| | |
|---|---|
| **From:** | Teresia Haase |
| **To:** | alan_milligan@CalPERS.CA.GOV |
| **CC:** | Andy Belknap;  David_Lamoureux@CalPERS.CA.GOV;  John Luebberke;  Laurie Montes;  may_yu@calpers.ca.gov |
| **Date:** | 12/11/2012 3:05 PM |
| **Subject:** | Re: City of Stockton - Request for Hardship Funding Extension |

Dear Mr. Milligan, as you are aware the City is in bankruptcy proceedings and urgently needs to know whether a hardship funding extension will be possible, and to what extent the reduction would be if granted.  Please provide an estimate of when we may expect to hear back regarding our request.

Thank you for your attention to this urgent matter.

*Teresia*

**Teresia Haase**
Human Resources Director
22 East Weber Avenue, Suite 150
Stockton, CA 95202-2317
209-937-8344
209-937-8558 (fax)
>>>

| | |
|---|---|
| **From:** | Teresia Haase |
| **To:** | alan_milligan@CalPERS.CA.GOV |
| **CC:** | David_Lamoureux@CalPERS.CA.GOV;  John Luebberke;  Laurie Montes;  may_yu@calpers.ca.gov |
| **Date:** | 12/4/2012 12:13 PM |
| **Subject:** | City of Stockton - Request for Hardship Funding Extension |

Dear Mr. Milligan, please see the attached request, hardcopy to follow.

Thank you.

*Teresia*

**Teresia Haase**
Human Resources Director
22 East Weber Avenue, Suite 150
Stockton, CA 95202-2317
209-937-8344
209-937-8558 (fax)

# Exhibit C



# CITY OF STOCKTON

OFFICE OF THE CITY MANAGER

City Hall • 425 N. El Dorado Street • Stockton, CA 95202-1997 • 209 / 937-8212 • Fax 209 / 937-7149
www.stocktongov.com

June 7, 2012

Ms. Ann Stausboll
Chief Executive Officer
California Public Employees' Retirement System (CalPERS)
400 Q Street
Sacramento, California 95811

## REVISION TO THE CITY OF STOCKTON'S 5% COLA ALLOWANCE FOR MISCELLANEOUS EMPLOYEES

Dear Ms. Stausboll:

As you are aware, the City of Stockton is facing an unprecedented fiscal crisis and is working to reduce its current and future obligations in order to maintain vital City services, through the AB 506 mediation process. In FY 2012-13, the City is facing an operating shortfall in the General Fund Proposed Budget of $25.9 million, and the deficit is projected to grow to $40 million per year within three years in the absence of reducing the City's obligations.

We understand that CalPERS is committed to both protect the interests of its members to the pensions they have earned and to assist employers with meeting pension obligations. I am writing to you to request assistance.

As a component of the City's cost reduction goals, we have identified the annual 5% cost-of-living adjustment (COLA) for Miscellaneous Employees as a potential area to reduce on-going expenses. This is an optional benefit provided under Section 21335. CalPERS currently estimates long term cumulative inflation at 3%, and therefore the 5% COLA is not expected to cost more than the 3% COLA. However, if actual cumulative inflation is higher than 3% there will be additional (unknown) costs associated with the 5% plan. This cost uncertainty, as well as the fact that a 5% or even 3% COLA provision is higher than the surrounding labor market for public sector workers, is a concern for Stockton in our budget forecasting model.

As mentioned above, our research indicates that Stockton is one of very few agencies that have contracted for this optional benefit. (Overall retirees currently subject to a 3%, 4% or 5% COLA represent less than 5% of all CalPERS retirees.) Given the fiscal pressures on the City, we like to initiate conversations with CalPERS to understand the

STOCK088168

June 7, 2012
Ms. Ann Stausboll
Page 2 of 2

potential savings to the City as well as the process that will need to be completed in order to limit the annual COLA for Miscellaneous Employees to a maximum of 2 percent. We understand that it is relatively unusual, if not unprecedented, for CalPERS to consider discontinuance of a benefit currently granted. However the fiscal situation the City faces coupled with the fact that this provision is so rare and the uncertainty with respect to future costs compels us to reach out to you on this matter.

Please feel free to contact me via email at Laurie.Montes@stocktongov.com or via telephone at (209) 937-8212, or Teresia Haase, Human Resources Director, via email at Teresia.Haase@stocktongov.com or via telephone at (209) 937-8233 with any questions or to schedule a meeting to discuss the issue.

LAURIE MONTES
DEPUTY CITY MANAGER

cc:     Bob Deis, City Manager
        Teresia Haase, Human Resources Director

::ODMA\GRPWISE\COS.CM.CM_Library:91312.1

STOCK088169



California Public Employees' Retirement System
Customer Account Services Division
P.O. Box 942704
Sacramento, CA  94229-2704
TTY: (877) 249-7442
888 CalPERS (or 888-225-7377) phone  •  (916) 795-4019 fax
www.calpers.ca.gov

CalPERS

RECEIVED

JUL 09 2012

CITY MANAGER
CITY OF STOCKTON

July 3, 2012

Laurie Montes, Deputy City Manager
City Hall - Office of the City Manager
425 N. El Dorado Street
Stockton, CA 95202-1997

Dear Ms. Montes:

I have been asked to respond to your letter dated June 7, 2012 to Anne Stausboll, Chief Executive Officer.  In your letter, the City asks to initiate conversations with CalPERS to understand the potential savings to the City that may be recognized, and the process necessary, if the City were to limit the annual Cost-of-Living Adjustment (COLA) for miscellaneous employees to two percent.  While CalPERS wishes to be cooperative with the City as it seeks to address its fiscal difficulties, the System lacks the authority to grant the City's request on this issue.

Our records confirm that the City sought an amendment to its contract with CalPERS in 2001 to add an optional provision to provide a 5% COLA for miscellaneous members. The City's request specifically sought to make section 21335 of the California Government Code (PERL) applicable to the City's contract.  In response to the City's request, the provision was added to the City's contract effective December 16, 2001.

The PERL does not permit contracting employers to revoke optional elections for contract amendments until a contract is terminated.   Section 20474 of the PERL provides in pertinent part:

> *Any election made by amendment to contract shall be irrevocable until the contract is terminated.*  However, benefits provided by the amendment may be increased or improved from time to time by further amendment to the contract.  From and after the date specified in the amendment to the contract the provisions, shall apply to the contracting agency and to its employees, and the rights, privileges, duties, liabilities, and responsibilities of the contracting agency and of its employees in this system shall be governed thereby.

STOCK088171

Laurie Montes
July 3, 2012
Page 2

Section 20506 further provides:

> Any contract heretofore or hereafter entered into shall subject the
> contracting agency and its employees to all provisions of this part and all
> amendments thereto applicable to members, local miscellaneous
> members, or local safety members except those that are expressly
> inapplicable to a contracting agency until it elects to be subject to those
> provisions.

Addressing COLAs specifically, section 21335 (b) also provides in pertinent part, "A
contracting agency shall designate the applicable percentage and may amend its
contract to *increase* the percentage." The statutory provision does not include language
to authorize a decrease in the COLA percentage.

Since the City elected to add the optional 5% COLA for miscellaneous members and
added section 21335 to its contract by amendment, CalPERS lacks the authority to
allow the City to remove the contract provision at any time prior to termination of the
contract. Accordingly, while CalPERS is available to discuss this issue, it ultimately will
be unable to effectuate the City's request.

In addition, a modification of the benefits (which includes the COLA) promised by the
City to its current and retired employees is not permitted under the vested rights
doctrine in California without a comparable new advantage to these employees.

CalPERS would be pleased to work with the City in these challenging financial times to
discuss other possible benefit alternatives so long as said changes are permitted by
law. CalPERS is unable, however, to effectuate the City's request to reduce the 5%
COLA paid to the City's miscellaneous members for the reasons stated above. Please
contact Rebecca Bolin, Employer Contracts and Payroll manager, at 916-795-0946
should you have questions related to this matter.

Sincerely,

KAREN DeFRANK, Chief
Customer Account Services Division

cc: Anne Stausboll
    Donna Lum

STOCK088172