Scott E. Jenny, Esq. – State Bar No. 166111
JENNY & JENNY, LLP
706 Main Street, Suite C
Martinez, California 94553
Telephone: (925) 228-1265
Facsimile: (925) 228-2841

Attorney for Movants
E. GREG KENT and BEVERLY C. KENT

FILED
APR 16 2013
UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

UNITED STATES BANKRPUTCY COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA

In Re: City of Stockton, California,

Debtor.

) Case No.: 2012-32118
) Docket Control No.: SEJ-1
)
) Chapter 9
)
) **E. GREG KENT AND BEVERLY C.**
) **KENT'S REPLY TO OPPOSITIONS OF**
) **CITY OF STOCKTON AND**
) **CALIFORNIA AMMONIA CO. TO**
) **KENTS' MOTION FOR RELIEF FROM**
) **STAY TO PROCEED WITH THE**
) **PENDING SAN JOAQUIN COUNTY**
) **SUPERIOR COURT CASE**
)
) Date: April 23, 2013
) Time: 9:30 a.m.
) Ctrm: 35

**TO THE HONORABLE CHRISTOPHER M. KLEIN, UNITED STATES BANKRUPTCY JUDGE, DEBTOR, DEBTOR'S ATTORNEY, THE UNITED STATES TRUSTEE AND OTHER PARTIES IN INTEREST:**

PLEASE TAKE NOTICE that E. Greg Kent and Beverly C. Kent have filed a Motion for Relief from Stay to proceed with the pending San Joaquin County Superior Court Case no. 39-2012-00279803-CU-EI-STK entitled *E. Greg Kent, et al. v. City of Stockton, et al.*

This brief of E. Greg Kent and Beverly C. Kent is in reply to the Oppositions filed by California Ammonia Co. and debtor City of Stockton.

-1-

The Docket Control Number of this Motion is SEJ-1. The hearing will take place on April 23, 2013 at 9:30 a.m. before the Honorable Christopher M. Klein in Department C, Courtroom 35 of the California Eastern District Bankruptcy Court, Sacramento Division, located at 501 I Street, Suite 3-200, Sacramento, California 95814.

## I. REPLY TO OPPOSITION OF DEBTOR CITY OF STOCKTON.

In its Opposition to the Kent's motion for relief from the stay, debtor City of Stockton (the City) argues two main points: 1) that the Court has denied two "similar" motions for relief from the automatic stay and 2) that the Kents have not demonstrated cause for relief from the automatic stay. These arguments are addressed in that order below.

### 1. The Kents' claim involves constitutional property rights and is unique and distinguishable from other cases.

Debtor City of Stockton argues that in November of 2012 the Court denied two "similar" motions for relief from the automatic stay. First, the result of two other cases has no binding or even suggestive value. Each lawsuit is different in this forum.

Moreover, as was discussed in the Kents' Motion for Relief from Automatic Stay, their case in Superior Court involves Fifth Amendment property rights and is thus unique and distinguishable from the two cases that the City of Stockton deems similar. Bankruptcy power is subject to the Fifth Amendment's prohibition against the taking of private property without compensation" (*United States v. Sec. Indus. Bank*, (1982) 459 U.S. 70, 75.) The Fifth Amendment specifically states that private property shall not be taken for a public use without just compensation. The complaint against the City of Stockton is for inverse condemnation, the taking of plaintiffs' property without payment of just compensation. The complaint specifically alleges that through the acts of defendant City of Stockton, plaintiffs' property has been taken from plaintiffs without payment of just compensation (Complaint, Par. 8).

Neither of the two "similar" cases cited by the City involves Constitutional issues nor the taking of property without just compensation. The first case cited by the City is a personal injury (Benavides, Dkt. No. 571) and the other is a wrongful termination case (Hittle, Dkt. No. 589). Neither of these cases involves the Constitutional issues which are the crux of the Kents' claim.

-2-

and to the best of undersigned counsel's knowledge, neither raise any constitutional claims as do the Kents.

In the Declaration of Neil C. Lutterman filed by the City, Mr. Lutterman declares that he declared in the prior two cases that the City's claims were subject to insurance coverage. Here, however, he merely declares that the case "is likely" not to be covered by the City's insurance policy. There is no certainty about his declaration.

The Kents respond that their case is unique due to the Constitutional Fifth Amendment issue which arises from the taking of private property without just compensation. The Constitution states in Article I, Section 19 that private property shall not be taken or damaged until compensation has first been paid to the owner. Here, the damage has already been done in violation of the Constitution, and the longer that the payment of just compensation is delayed the more severe the Constitutional violation.

### 2. The Kents' cause for relief.

In its opposition, the City discusses non-chapter 9 cases and the broad range of factors that bear on whether or not cause exists and states that these cases routinely identify the relative harms to the debtor and the movant as important factors to be weighed. The City then discusses its over-burdened staff and numerous cases pending in the bankruptcy as factors weighing in its favor. The City has been using in-house City employed counsel for this litigation (except for the bankruptcy proceeding) during the entire matter. No outside counsel has been used on the superior court case. Thus, no outside counsel has been paid for, and there is no reason to assume that outside counsel would ever be retained for the superior court case if the stay is lifted. City Attorney Michael Roush is a skilled eminent domain trial attorney – undersigned counsel has tried a two-week long eminent domain jury trial against Mr. Roush in October of 1998. (City of Pleasanton v. Oetman, et. al, Alameda County Superior Court Action No. A085917, upheld on appeal. (See Declaration of Scott E. Jenny file and served herewith.) Thus, the fear of additional costs to the City simply does not exist.

In their motion, the Kents discussed several factors which tip the scale in favor of the granting of their motion for relief from automatic stay. These factors, discussed more fully in the

E. GREG KENT AND BEVERLY C. KENT'S REPLY TO THE OPPOSITIONS TO KENTS' MOTION FOR RELIEF FROM STAY TO PROCEED WITH THE PENDING SAN JOAQUIN COUNTY SUPERIOR COURT CASE

motion, include prejudice, crowded court dockets, defense of the debtor, liability and critically, constitutional grounds (discussed above). The allegations in the Complaint are that the City of Stockton intentionally took and damaged the rights of the Kents. The scale tips substantially in favor of the granting of their motion for relief from stay.

The City also states that "The Kents' case is one of many that the City hopes to settle due to the effects of this bankruptcy on unsecured creditors, rather than by wasteful litigation over what likely will end up being a "small sum of money". The sum of some $70,000.00 may seem small to the City but is meaningful to the Kents who lost their income-generating tenant to the City's unconstitutional conduct. Additionally, as stated in the Declaration of Scott E. Jenny filed herewith, the Kents attempted for quite some time, unsuccessfully, to settle this case with the City. In fact, the bankruptcy was used as a way to attempt to settle the case at an extremely low value. The City has not returned to settlement discussions since. The City now asks this Court, and the Kents, to believe that the City "hopes to settle" the Kents case, a claim the Kents find difficult to believe.

### 3. The bifurcated issue was not addressed by the City.

The City has failed to even address the Kents' alternate request which is to permit the Superior Court case to proceed against the other non-bankrupt defendants. Thus, the City impliedly agrees to such an order by this Court.

## II. REPLY TO OPPOSITION OF CALIFORNIA AMMONIA CO.

### 1. The Kents' cause for relief.

As mentioned above in response to the City's opposition, in their motion, the Kents discussed several factors which tip the scale in favor of the granting of their motion for relief from automatic stay. These factors, discussed more fully in the motion, include prejudice, crowded court dockets, defense of the debtor, liability and constitutional grounds (discussed above). The Kents believe, as they did when filing their motion, that the scale tips substantially in favor of the granting of their motion for relief from stay. The admissible evidence, which CALAMCO states is lacking, is evident in the Declaration of E. Greg Kent, filed with the Kents motion.

-4-

**2. CALAMCO cannot argue prejudice by the granting of the Kents motion.**

CALAMCO argues that it will be prejudiced by having the try the superior court action and then bring separate proceedings to enforce its right to indemnity. However, CALAMCO does not have a cross-complaint for indemnity against the City and CALAMCO's answer does not include an indemnity claim. A cause of action for indemnity arises <u>after</u> the judgment attaches to CALAMCO. If the Kents prevail against CALAMCO and if in fact CALAMCO does in fact have an indemnity claim that it has not disclosed, it can then proceed against the City. CALAMCO is then able to pursue the City in this forum. The indemnity claim would not be part of a trial in the Superior Court case should the Kents motion for relief be granted.

The City provides no admissible evidence whatsoever, other than the opinion evidence of Mr. Morris. There is no evidence submitted of the indemnity claim which is absent from the answer of CALAMCO and from a cross-complaint. The basis of the indemnity is not presented. The claims against CALAMCO are not subject to the bankruptcy stay and should be permitted to proceed.

### III. UNIVERSAL FIELD SERVICES.

Universal Field Services has not opposed this motion and therefore impliedly consents to the relief sought by the Kents.

### IV. CONCLUSION.

For the reasons stated in their motion and above, the Kents request a relief of stay from the bankruptcy proceedings against all three defendants. In the alternative, if this court is not inclined to remove the stay from the debtor City of Stockton, plaintiffs request that there be a partial relief of the stay so that plaintiffs may proceed with their case against non-bankruptcy defendants Universal Field Services, Inc. and CALAMCO.

DATED: April 16, 2013

JENNY & JENNY, LLP

By: _____
SCOTT E. JENNY, ESQ.
ATTORNEYS FOR PLAINTIFFS AND
MOVANTS E. GREG KENT AND BEVERLY
C. KENT

-5-

**PROOF OF SERVICE – C.C.P. 1013a, 2015.5**

I declare:

I am employed in the City of Martinez, Contra Costa County, State of California. I am over the age of 18 years and not a party to the within action. My business address is 706 Main Street, Suite C, Martinez, California 94553.

On April 16, 2013 I served the foregoing document described as: **REPLY TO THE OPPOSITIONS TO KENTS' MOTION FOR RELIEF FROM STAY** on all interested parties in this action by placing a true copy thereof in a sealed envelope addressed as follows:

| | |
|---|---|
| Marc A. Levinson<br>Orrick, Herrington & Sutcliffe LLP<br>400 Capitol Mall, Suite 3000<br>Sacramento, California 95814-4497<br>***Attorney for City of Stockton and Universal Field Services*** | James M. Morris<br>Attorney at Law<br>3031 W. March Lane, Suite 201<br>Stockton, CA 95219-6568<br>***Attorney for California Ammonia Co. (CALAMCO)*** |

__X__   (BY MAIL) I am readily familiar with the practice of this firm for the collection and processing of correspondence for mailing with the United States Postal Service and such envelope was placed for collection and mailing on the above date according to the ordinary practice of Jenny & Jenny.

_____   (BY FACSIMILE TRANSMISSION) I had such document delivered via facsimile transmission to the addressee as set forth above.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this declaration was executed on April 16, 2013 at Martinez, California.

_____
Richard K. Jenny

-6-

E. GREG KENT AND BEVERLY C. KENT'S REPLY TO THE OPPOSITIONS TO KENTS' MOTION FOR RELIEF FROM STAY TO PROCEED WITH THE PENDING SAN JOAQUIN COUNTY SUPERIOR COURT CASE