MARC A. LEVINSON (STATE BAR NO. 57613)
malevinson@orrick.com
NORMAN C. HILE (STATE BAR NO. 57299)
nhile@orrick.com
JOHN W. KILLEEN (STATE BAR NO. 258395)
jkilleen@orrick.com
ORRICK, HERRINGTON & SUTCLIFEE LLP
400 Capital Mall, Suite 3000
Sacramento, California, 95814-4497
Telephone:    (916) 447-9200
Facsimile:     (916) 329-4900

Attorneys for Debtor
City of Stockton

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| In re: | Case No. 12-32118 (CMK) |
| CITY OF STOCKTON, CALIFORNIA, | DC No. OHS-4 |
| Debtor. | Chapter 9 |
| | **FINDINGS OF FACT AND CONCLUSIONS OF LAW WITH RESPECT TO THE CITY OF STOCKTON'S MOTION FOR ORDER APPROVING COMPROMISE PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 9019** |
| | Date:    April 2, 2013<br>Time:    9:30 A.M.<br>Dept:    C, Courtroom 35<br>Judge: Hon. Christopher M. Klein |

Upon the motion (the "Motion")[1] of the City of Stockton (the "Debtor" or "City"), seeking entry of an order (the "Approval Order"), pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure, approving the Stipulation and Settlement Agreement by and among the City, the Stockton Public Finance Authority (the "Authority"), Ambac Assurance Corporation (the "Insurer"), Wells Fargo Bank, National Association (the "Trustee"), attached hereto as Exhibit A

---

[1] Capitalized terms used but not defined herein shall have the meaning ascribed to such terms in the Stipulation and Settlement Agreement (as defined herein).

RECEIVED
April 23, 2013
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0004763425

1

(the "Settlement Agreement"); and the Court having conducted a hearing on the Motion on April 2, 2013 (the "Hearing") at which time all interested parties were offered an opportunity to be heard with respect to the Motion; and upon full consideration of the Motion and after due deliberation thereon;

**IT IS HEREBY FOUND AND DETERMINED THAT:**[2]

1. This Court has jurisdiction over the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, and this matter is a core proceeding pursuant to 28 U.S.C. § 157. Venue for the Motion is proper in this Court.

2. The form and manner in which notice of the Motion, Settlement Agreement, and the Hearing was provided to all parties in interest entitled to such notice, including the holders of Certificates (each, a "Certificate Holder") as set forth herein, was reasonably calculated to provide all such interested parties with adequate, appropriate, reasonable and sufficient notice, including all deadlines associated therewith and the provisions of this Approval Order, and is for all purposes approved. The City's notice of the Motion and Hearing to approve the Settlement Agreement was made to all Certificate Holders by posting that certain Notice of Settlement and Procedures Concerning Court Approval of Settlement and Related Deadlines through the Depository Trust Company, Bloomberg and with the Electronic Municipal Market Access service, as maintained by the Municipal Securities Rulemaking Board and found at http://www.emma.msrb.org/, which is an official source for municipal disclosure and market data and is deemed sufficient notice of the terms and conditions of the Settlement Agreement and the provisions of this Approval Order to Certificate Holders and provided Certificate Holders notice and an opportunity to object to the Motion and be heard at any Hearing on the Motion, and no other or further notice is required to such Certificate Holders.

3. The Trustee has due authority to enter into the Settlement Agreement for the benefit of all Certificate Holders. The Insurer is not in default under its Insurance Policy with the

---

[2] The findings of fact and the conclusions of law stated herein shall constitute this Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable pursuant to this proceeding pursuant to Bankruptcy Rule 9014. To the extent any finding of fact later shall be determined to be a conclusion of law, it shall be so deemed, and to the extent any conclusion of law later shall be determined to be a finding of fact, it shall so be deemed.

Trustee and has provided direction to the Trustee under the Trust Agreement to enter into the Settlement Agreement, and thus, the Trustee is compelled to enter into the Settlement Agreement.

4. The relief requested in the Motion and the compromises and settlement set forth in the Settlement Agreement, by and among the Authority, the City, the Insurer, and the Trustee are fair and reasonable to, and are in the best interest of, the Authority, the City and its creditors, including the Insurer, Trustee, and the Certificate Holders.

5. The Trustee has acted consistent with its duties and responsibilities under, and entry of this order does not violate, the terms of the Trust Agreement and has used the same degree of care and skill in their exercise, as a prudent person would exercise or use under the circumstances in the conduct of such person's own affairs.

6. All objections, if any, to the Motion or the relief requested therein that have not been withdrawn, waived, or settled, and all reservations of rights included in any such objections, are hereby overruled.

7. The Debtor is authorized and directed to execute and deliver, and is empowered to perform under, consummate, and implement the Settlement Agreement, together with all additional instruments and documents as are necessary to effectuate the Settlement Agreement, including but not limited to the Supplemental Trust Agreement and the Site Lease Assignment Agreement.

8. Each of the Authority, Insurer, and the Trustee is authorized to enter into the Settlement Agreement and each are authorized to enter into such additional instruments and documents as are necessary to effectuate the Settlement Agreement.

9. The Approval Order and the Settlement Agreement shall be binding on the Debtor, the Authority, Insurer, the Trustee and all creditors of the Debtor, including the Certificate Holders, and each of their respective successors and assigns.

10. The Approval Order and the Settlement Agreement shall be binding on the City in its capacity as Successor Agency to the Redevelopment Agency of the City of Stockton, and any successors and assigns thereof.

11. The Approval Order and the Settlement Agreement shall be binding on the Trustee and any successors and assigns thereof, solely in its capacity as a trustee with respect to the Certificates, and not in any other capacity, including, but not limited to, its capacity as a holder of any claim against the Debtor unrelated to the Trust Agreement, or as the trustee with respect to any other certificates, bonds, warrants or claims related to the Debtor.

12. The Approval Order shall be binding on each Certificate Holder and any successors and assigns thereof, solely in such certificate holders' capacity as a Certificate Holder and not in any other capacity, including, but not limited to, its capacity as the holder of any other claim against the Debtor unrelated to the Trust Agreement.

13. Without the need for any further action on the part of any Certificate Holder and for the benefit of the Certificate Holders in order to insure the timely scheduled payment of debt service on the Certificates, the Trustee is hereby granted the right and power to (a) execute any assignment required by the Insurer in connection with any payments by the Insurer under the Insurance Policy in accordance with the terms of the Trust Agreement, and (b) accept any amendment to or replacement of the Insurance Policy necessary to insure the timely payment of debt service on the Certificates.

14. The terms, conditions and provisions of the Settlement Agreement and the Approval Order shall not be deemed to alter, amend or modify any of the Insurer's obligations to the Trustee or the Certificate Holders under the Insurance Policy.

15. This Court retains jurisdiction with respect to all matters arising from or related to the implementation of these Findings of Fact and/or the Settlement Agreement.

Dated: April 24, 2013

_____
United States Bankruptcy Judge

OHSUSA:753213144.1

5