**16**

MARC A. LEVINSON (STATE BAR NO. 57613)
malevinson@orrick.com
NORMAN C. HILE (STATE BAR NO. 57299)
nhile@orrick.com
PATRICK B. BOCASH (STATE BAR NO. 262763)
pbocash@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
400 Capitol Mall, Suite 3000
Sacramento, California 95814-4497
Telephone:    +1-916-447-9200
Facsimile:    +1-916-329-4900

Attorneys for Debtor
City of Stockton

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| In re: | Case No. 2012-32118 |
| CITY OF STOCKTON, CALIFORNIA, | D.C. No. OHS-8 |
| Debtor. | Chapter 9 |
| | **MOTION FOR ORDER (1) FIXING AUGUST 16, 2013 BAR DATE FOR ALL CLAIMS OTHER THAN CLAIMS BASED ON RETIREE HEALTH BENEFITS, (2) APPROVING FORM OF NOTICE OF BAR DATE AND (3) REQUIRING CITY TO PUBLISH AND TRANSMIT NOTICE OF BAR DATE TO CREDITORS AND PARTIES IN INTEREST BY NO LATER THAN JUNE 28, 2013** |
| | Date:    June 12, 2013<br>Time:    3:00 p.m.<br>Dept:    Courtroom 35<br>Judge:   Hon. Christopher M. Klein |

The City of Stockton, California (the "City"), the debtor in the above-captioned case, respectfully moves the Court (by this "Motion") for entry of an order: (1) fixing August 16, 2013 as the date by which proofs of claim against the City, except for claims based on retiree health benefits, must be filed in order to be considered timely (the "Bar Date"); (2) approving the form of "Notice Of August 16, 2013 Bar Date For All Claims Other Than Claims Based On Retiree Health Benefits" ("Bar Notice"), a copy of which is attached hereto as Exhibit 1; and (3) requiring the City to publish and to transmit the Bar Notice to all creditors and parties in interest by no later than June 28, 2013.

Pursuant to Federal Rule of Bankruptcy Procedure 3003(c), the Court is required to fix the time within which proofs of claim may be filed against the City. The City submits that fixing August 16, 2013 as the Bar Date will both provide adequate time for claimants to file their claims and promote an expeditious resolution of the City's case.

The City has excluded claims for the impairment of retiree health benefits from the proposed August 16, 2013 Bar Date because, with respect to such claims, the City currently is negotiating with the Official Committee of Retirees regarding the possibility and form of a separate bar notice for the City's several thousand retirees. The City anticipates submitting this separate bar notice for the Court's approval within the next month.

Pursuant to Federal Rule of Bankruptcy Procedure 2002(a), creditors and parties in interest must be given at least 21 days' notice by mail of the time fixed for filing proofs of claim. Accordingly, the City will transmit the Bar Notice by first class mail to all creditors and parties in interest by no later than June 28, 2013, more than 21 days before the Bar Date. The City also will cause the Bar Notice to be published in *The Stockton Record*, a newspaper circulated in the vicinity of the City, by no later than June 28, 2013. The publication version of the Bar Notice will be the same as the mailed version, except that instead of reprinting a list of bonds, certificates of participation, and other evidences of indebtedness issued by the City or its affiliates and a proof of claim form, the notice as published shall provide: "PROOF OF CLAIM FORMS AND A LIST OF BONDS, CERTIFICATES OF PARTICIPATION, AND OTHER EVIDENCES OF INDEBTEDNESS ISSUED BY THE CITY OR ITS AFFILIATES CAN BE OBTAINED BY

1  CALLING OR EMAILING [A PERSON, PHONE NUMBER AND EMAIL ADDRESS TO BE
2  DESIGNATED PRIOR TO PUBLICATION]."

3      For the reasons set forth above, the City respectfully requests entry of an order: (1) fixing
4  August 16, 2013 as the Bar Date; (2) approving the Bar Notice; (3) requiring the City to publish
5  and to transmit the Bar Notice to all creditors and parties in interest by no later than June 28,
6  2013; and (4) granting such other and further relief as the Court deems appropriate.

8  Dated: May 30, 2013

    MARC A. LEVINSON
    NORMAN C. HILE
    PATRICK B. BOCASH
    Orrick, Herrington & Sutcliffe LLP

    By:  */s/ Marc A. Levinson*
        MARC A. LEVINSON
        Attorneys for Debtor
        City of Stockton

# Exhibit 1

```
 1  MARC A. LEVINSON (STATE BAR NO. 57613)
    malevinson@orrick.com
 2  NORMAN C. HILE (STATE BAR NO. 57299)
    nhile@orrick.com
 3  PATRICK B. BOCASH (STATE BAR NO. 262763)
    pbocash@orrick.com
 4  ORRICK, HERRINGTON & SUTCLIFFE LLP
    400 Capitol Mall, Suite 3000
 5  Sacramento, California  95814-4497
    Telephone:    +1-916-447-9200
 6  Facsimile:    +1-916-329-4900

 7  Attorneys for Debtor
    City of Stockton
 8
```

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| In re: | Case No.  2012-32118 |
| CITY OF STOCKTON, CALIFORNIA, | Chapter 9 |
| Debtor. | **NOTICE OF AUGUST 16, 2013 BAR DATE FOR ALL CLAIMS OTHER THAN CLAIMS BASED ON RETIREE HEALTH BENEFITS** |

**TO: ALL PARTIES WHO BELIEVE THAT THEY HAVE CLAIMS AGAINST THE CITY OF STOCKTON, CALIFORNIA:**

**PLEASE TAKE NOTICE** that on June 28, 2012 (the "Petition Date"), the City of Stockton, California (the "City"), filed a voluntary petition for relief under chapter 9 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Eastern District of California (the "Court"). The Court entered an order for relief on April 1, 2013.

**PLEASE TAKE FURTHER NOTICE** that by its order entered on June ___, 2013 (the "Bar Order"), the Court established <u>August 16, 2013</u>, as the deadline by which any person or entity asserting a claim against the City may timely file a proof of claim against the City (the "Bar Date").  The Bar Date applies to any creditor, including any governmental unit (including the

United States, the State of California, and any subdivision of the State of California) that has or asserts any claim against the City. The Bar Order permanently bars all claims asserted after the Bar Date except such claims as are described in the next three paragraphs of this Notice. Note that any such proof of claim **must be received by the Court on or before the Bar Date**. Thus, a proof of claim mailed on <u>August 16</u> will not be timely.

**HOLDERS OF THE FOLLOWING THREE GROUPS OF CLAIMS <u>NEED NOT</u> FILE PROOFS OF CLAIM BY THE BAR DATE: (1) CLAIMS BASED ON THE REJECTION OF EXECUTORY CONTRACTS OR UNEXPIRED LEASES; (2) CLAIMS BASED ON THE IMPAIRMENT OF RETIREE HEALTH BENEFITS; AND (3) CLAIMS OF BONDHOLDERS AND CERTIFICATE OF PARTICIPATION HOLDERS.**

1. The Bar Date **<u>DOES NOT</u>** apply to claims based on the rejection of any executory contract or unexpired lease that has not yet been rejected by an order of the Court. At this time, the City has not moved to reject any contracts or unexpired leases, which include collective bargaining agreements and the City's contracts with the California Public Employees' Retirement System. Claims arising under agreements that may be rejected in the future will be the subject of another order that sets a different filing deadline (most likely 30 or 45 days following the filing of the order rejecting the agreement).

2. **SPECIAL NOTICE TO RETIREES:** The Bar Date **<u>DOES NOT</u>** apply to claims based on retiree health benefits, which claims will be the subject of another order or orders that will set a later filing deadline or no deadline at all. The Bar Date <u>does apply</u> to claims based on unpaid leave buy-outs or claims based on anything other than the City's impairment of retiree health benefits.

3. **SPECIAL NOTICE TO BONDHOLDERS AND CERTIFICATE OF PARTICIPATION HOLDERS**: Wells Fargo Bank, National Association, acting in its capacity as an Indenture Trustee or like capacity including but not limited to as fiscal agent (collectively, the "Trustee") with respect to 28 issues of bonds, certificates of participation and other evidences of indebtedness issued by the City or its affiliates, has informed the City that pursuant to Bankruptcy Rule 3003(c)(5), the Trustee intends to file proofs of claim on behalf of the holders of

the issues of bonds, certificates of participation and other evidences of indebtedness listed on the attached Exhibit A (collectively, the "Bonds"). **ACCORDINGLY, HOLDERS OF THE BONDS NEED NOT FILE A PROOF OF CLAIM FOR OBLIGATIONS REPRESENTED BY OR AMOUNTS DUE IN RESPECT OF THE BONDS**. The City believes that the Trustee will be providing notice to such holders concerning the filing of proofs of claim.

## CONSEQUENCES OF FAILURE TO FILE PROOF OF CLAIM

Except with respect to the classes of creditors described above who are not compelled to file a proof of claim by the Bar Date, anyone who *fails* to file a proof of claim by the Bar Date shall be forever barred, estopped and enjoined from the following:

(a) Asserting any claim against the City for any claim that arose prior to the Bar Date; or

(b) Receiving a distribution on account of such claim under any plan of adjustment propounded by the City.

## PROCEDURES FOR FILING PROOFS OF CLAIM

*General Requirements for Proofs of Claim*

Proofs of claim must (i) be written in English; (ii) be denominated in lawful currency of the United States; and (iii) be signed by the actual claimant or by the claimant's authorized representative or agent.

Proofs of claim must include all documentation required by Bankruptcy Rules 3001(c) and 3001(d), including a copy of any written document that forms the basis of the claim and, for secured claims, evidence that the alleged security interest has been perfected. If documentation is voluminous, attach a summary or provide an explanation as to why the missing documents are not available.

*What, When and Where to File – Claimants Represented by Counsel*

Pursuant to Local Bankruptcy Rule 5005-1, claimants represented by counsel must file proofs of claim electronically. The preferred method for filing electronic proofs of claim is via ECF. Claimants represented by counsel may also file proofs of claim via the electronic proofs of claim filing system on the Bankruptcy Court's website (https://ecf.caeb.uscourts.gov/cgi-

bin/autoFilingClaims.pl). Electronic proofs of claim will be deemed filed as of the date and time stated on the Notice of Electronic Filing issued by the Bankruptcy Court Clerk.

Proofs of claim filed by attorneys in paper form will be accepted by the clerk, but an attorney who files a proof of claim in paper rather than electronic form may be subject to sanctions pursuant to Local Bankruptcy Rule 5005-1(e).

*What, When and Where to File – Claimants Not Represented by Counsel*

Claimants not represented by counsel may file proofs of claim either in electronic form (via either ECF or the electronic proofs of claim filing system available at https://ecf.caeb.uscourts.gov/cgi-bin/autoFilingClaims.pl) or in paper form. Paper proofs of claim may be set forth on the attached Exhibit B (Official Form 10). Note again that all signed original paper proofs of claim (and attached documentation) must be filed with the Court **on or before the Bar Date of August 16, 2013**. Paper proofs of claim may be filed by mail or delivery to the Court at the following address:

> Clerk
> United States Bankruptcy Court
> 501 I Street, Suite 3-200
> Sacramento, CA 95814

For paper proofs of claims to be timely and properly filed, they must be received by the Court at the above address. **Paper proofs of claim will be deemed filed only when actually received by the Court**.

YOU SHOULD NOT FILE A PROOF OF CLAIM IF YOU DO NOT HAVE A CLAIM AGAINST THE CITY.

THE FACT THAT YOU HAVE RECEIVED THIS NOTICE DOES NOT MEAN THAT YOU HAVE A CLAIM OR THAT EITHER THE CITY OR THE COURT BELIEVES THAT YOU HAVE A CLAIM.

THE CITY RECOMMENDS THAT YOU CONSULT AN ATTORNEY IF YOU HAVE ANY QUESTIONS, INCLUDING WHETHER YOU SHOULD FILE A PROOF OF CLAIM.

Questions concerning this Notice should be in writing and should be directed to Connie Cochran, whose email address is connie.cochran@stocktongov.com.

Dated: June ___, 2013

MARC A. LEVINSON
NORMAN C. HILE
PATRICK B. BOCASH
Orrick, Herrington & Sutcliffe LLP

By: _____*/s/ Marc A. Levinson*_____
MARC A. LEVINSON
Attorneys for Debtor
City of Stockton

# Exhibit A

<u>Bonds, Certificates of Participation, and Other Evidences of Indebtedness Issued by the City of Stockton or Its Affiliates</u>

1. City of Stockton Revenue Certificates of Participation 1998 Series A (Wastewater System Project)

2. Stockton Public Financing Authority Reassessment Revenue Bonds (Arch Road and Stockton Business Park Assessment Districts) Series 1998

3. City of Stockton Certificates of Participation (Redevelopment Housing Projects) Series 2003A and Taxable Series 2003B

4. City of Stockton Camera Estates Community Facilities District No. 2003-1 Special Tax Bonds, Series 2003

5. City of Stockton Certificates of Participation 2003 Series A (Wastewater System Project)

6. City of Stockton Limited Obligation Improvement Bonds March Lane/Holman Assessment District 2003-1

7. City of Stockton Limited Obligation Improvement Bonds Mosher Assessment District 2003-02

8. City of Stockton Limited Obligation Improvement Bonds Waterford Estates East Phase II Assessment District 2003-03

9. Stockton Public Financing Authority Refunding Revenue Bonds (West Eighth Street Reassessment District)

10. Redevelopment Agency of the City of Stockton Revenue Bonds, Series 2004 (Stockton Events Center –Arena Project)

11. Stockton Public Financing Authority Lease Revenue Bonds, Series 2004 (Parking and Capital Projects)

12. Stockton Public Financing Authority 2005 Water Revenue Bonds, Series A (Water System Capital Improvement Project)

13. City of Stockton South Stockton Community Facilities District No. 90-1 2005 Special Tax Refunding Bonds

14. Stockton Public Financing Authority Refunding Revenue Bonds (2005 Assessment Districts Refinancing) Series A Senior Lien Bonds and Series B Subordinate Lien Bonds

15. City of Stockton Community Facilities District No. 90-2 (Brookside Estates) 2005 Special Tax Refunding Bonds

16. Stockton Public Financing Authority Revenue Bonds (Redevelopment Projects) 2006 Series A, Taxable Revenue Bonds (Redevelopment Projects) 2006 Series B and Taxable Revenue Bonds (Housing Projects) 2006 Series C

17. Stockton Public Financing Authority 2006 Lease Revenue Refunding Bonds, Series A

18. City of Stockton Community Facilities District No. 1 (Weston Ranch) Special Tax Refunding Bonds, Series 2006

19. City of Stockton Spanos Park West Community Facilities District No. 2001-1 Special Tax Refunding Bonds, Series 2006

20. City of Stockton Community Facilities District No. 2006-1 (Riverbend) Special Tax Bonds, Series 2006

21. City of Stockton Community Facilities District No. 2006-3 (Northbrook) Woodside Improvement Area 1 Special Tax Bonds, Series 2007

22. City of Stockton Arch Road East Community Facilities District No. 99-02 2007 Special Tax Bonds

23. Stockton Public Financing Authority Variable Rate Demand Lease Revenue Bonds, 2007 Series A and 2007 Series B (Taxable) (Building Acquisition Financing Project)

24. City of Stockton 2007 Taxable Pension Obligations Bonds, Series A and Series B

25. Stockton Public Financing Authority 2008 Refunding Revenue Bonds

26. Stockton Public Financing Authority Lease Revenue Bonds, 2009 Series A (Capital Improvement Projects)

27. Stockton Public Financing Authority Water Revenue Bonds, Series 2009A (Tax Exempt) (Delta Water Supply Project) & Series 2009 B (Taxable Build America Bonds)

28. Stockton Public Financing Authority Variable Rate Demand Water Revenue Bonds, Series 2010A (Delta Water Supply Project)

# Exhibit B

B10 (Official Form 10) (04/13)

| UNITED STATES BANKRUPTCY COURT _____ District of _____ | **PROOF OF CLAIM** |
|---|---|
| Name of Debtor:                                      Case Number: | |
| NOTE: *Do not use this form to make a claim for an administrative expense that arises after the bankruptcy filing. You may file a request for payment of an administrative expense according to 11 U.S.C. § 503.* | |

Name of Creditor (the person or other entity to whom the debtor owes money or property):

**COURT USE ONLY**

Name and address where notices should be sent:

❒ Check this box if this claim amends a previously filed claim.

**Court Claim Number:**_____
    (*If known*)

Telephone number:                    email:

Filed on:_____

Name and address where payment should be sent (if different from above):

❒ Check this box if you are aware that anyone else has filed a proof of claim relating to this claim. Attach copy of statement giving particulars.

Telephone number:                    email:

**1. Amount of Claim as of Date Case Filed:**          $_____

If all or part of the claim is secured, complete item 4.

If all or part of the claim is entitled to priority, complete item 5.

❒ Check this box if the claim includes interest or other charges in addition to the principal amount of the claim. Attach a statement that itemizes interest or charges.

**2. Basis for Claim:** _____
    (See instruction #2)

| **3. Last four digits of any number by which creditor identifies debtor:** ___ ___ ___ ___ | **3a. Debtor may have scheduled account as:** _____ (See instruction #3a) | **3b. Uniform Claim Identifier (optional):** __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ (See instruction #3b) |
|---|---|---|

**4. Secured Claim** (See instruction #4)
Check the appropriate box if the claim is secured by a lien on property or a right of setoff, attach required redacted documents, and provide the requested information.

**Nature of property or right of setoff:** ❒ Real Estate    ❒ Motor Vehicle    ❒ Other
**Describe:**

**Value of Property:** $_____

**Annual Interest Rate_____%** ❒ Fixed    or    ❒ Variable
**(when case was filed)**

**Amount of arrearage and other charges, as of the time case was filed, included in secured claim, if any:**

    $_____

**Basis for perfection:** _____

**Amount of Secured Claim:**    $_____

**Amount Unsecured:**    $_____

**5. Amount of Claim Entitled to Priority under 11 U.S.C. § 507 (a). If any part of the claim falls into one of the following categories, check the box specifying the priority and state the amount.**

| ❒ Domestic support obligations under 11 U.S.C. § 507 (a)(1)(A) or (a)(1)(B). | ❒ Wages, salaries, or commissions (up to $12,475*) earned within 180 days before the case was filed or the debtor's business ceased, whichever is earlier – 11 U.S.C. § 507 (a)(4). | ❒ Contributions to an employee benefit plan – 11 U.S.C. § 507 (a)(5). | **Amount entitled to priority:** |
|---|---|---|---|
| ❒ Up to $2,775* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. § 507 (a)(7). | ❒ Taxes or penalties owed to governmental units – 11 U.S.C. § 507 (a)(8). | ❒ Other – Specify applicable paragraph of 11 U.S.C. § 507 (a)(__). | $_____ |

*Amounts are subject to adjustment on 4/01/16 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

**6. Credits.** The amount of all payments on this claim has been credited for the purpose of making this proof of claim. (See instruction #6)

B10 (Official Form 10) (04/13)                                                                                                                                                                          2

**7. Documents:** Attached are **redacted** copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, security agreements, or, in the case of a claim based on an open-end or revolving consumer credit agreement, a statement providing the information required by FRBP 3001(c)(3)(A). If the claim is secured, box 4 has been completed, and **redacted** copies of documents providing evidence of perfection of a security interest are attached. If the claim is secured by the debtor's principal residence, the Mortgage Proof of Claim Attachment is being filed with this claim. *(See instruction #7, and the definition of "redacted".)*

DO NOT SEND ORIGINAL DOCUMENTS.  ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

**8. Signature:** (See instruction #8)

Check the appropriate box.

❏ I am the creditor.      ❏ I am the creditor's authorized agent.        ❏ I am the trustee, or the debtor,           ❏ I am a guarantor, surety, indorser, or other codebtor.
                                                                                       or their authorized agent.                (See Bankruptcy Rule 3005.)
                                                                                       (See Bankruptcy Rule 3004.)

I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.

Print Name: _____
Title:         _____
Company:    _____
Address and telephone number (if different from notice address above):                    (Signature)                                             (Date)
_____
_____
Telephone number:                      email:

*Penalty for presenting fraudulent claim:*  Fine of up to $500,000 or imprisonment for up to 5 years, or both.  18 U.S.C. §§ 152 and 3571.

**INSTRUCTIONS FOR PROOF OF CLAIM FORM**
*The instructions and definitions below are general explanations of the law.  In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, exceptions to these general rules may apply.*
**Items to be completed in Proof of Claim form**

**Court, Name of Debtor, and Case Number:**
Fill in the federal judicial district in which the bankruptcy case was filed (for example, Central District of California), the debtor's full name, and the case number. If the creditor received a notice of the case from the bankruptcy court, all of this information is at the top of the notice.

**Creditor's Name and Address:**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case.  A separate space is provided for the payment address if it differs from the notice address.  The creditor has a continuing obligation to keep the court informed of its current address.  See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g).

**1. Amount of Claim as of Date Case Filed:**
State the total amount owed to the creditor on the date of the bankruptcy filing. Follow the instructions concerning whether to complete items 4 and 5.  Check the box if interest or other charges are included in the claim.

**2. Basis for Claim:**
State the type of debt or how it was incurred.  Examples include goods sold, money loaned, services performed, personal injury/wrongful death, car loan, mortgage note, and credit card.  If the claim is based on delivering health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information. You may be required to provide additional disclosure if an interested party objects to the claim.

**3. Last Four Digits of Any Number by Which Creditor Identifies Debtor:**
State only the last four digits of the debtor's account or other number used by the creditor to identify the debtor.

**3a. Debtor May Have Scheduled Account As**:
Report a change in the creditor's name, a transferred claim, or any other information that clarifies a difference between this proof of claim and the claim as scheduled by the debtor.

**3b. Uniform Claim Identifier:**
If you use a uniform claim identifier, you may report it here. A uniform claim identifier is an optional 24-character identifier that certain large creditors use to facilitate electronic payment in chapter 13 cases.

**4. Secured Claim:**
Check whether the claim is fully or partially secured. Skip this section if the claim is entirely unsecured.  (See Definitions.)   If the claim is secured, check the box for the nature and value of property that secures the claim, attach copies of lien documentation, and state, as of the date of the bankruptcy filing, the annual interest rate (and whether it is fixed or variable), and the amount past due on the claim.

**5. Amount of Claim Entitled to Priority Under 11 U.S.C. § 507 (a).**
If any portion of the claim falls into any category shown, check the appropriate box(es) and state the amount entitled to priority. (See Definitions.)  A claim may be partly priority and partly non-priority. For example, in some of the categories, the law limits the amount entitled to priority.

**6. Credits:**
An authorized signature on this proof of claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

**7. Documents:**
Attach redacted copies of any documents that show the debt exists and a lien secures the debt. You must also attach copies of documents that evidence perfection of any security interest and documents required by FRBP 3001(c) for claims based on an open-end or revolving consumer credit agreement or secured by a security interest in the debtor's principal residence. You may also attach a summary in addition to the documents themselves. FRBP 3001(c) and (d).  If the claim is based on delivering health care goods or services, limit disclosing confidential health care information. Do not send original documents, as attachments may be destroyed after scanning.

**8. Date and Signature:**
The individual completing this proof of claim must sign and date it.  FRBP 9011. If the claim is filed electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what constitutes a signature. If you sign this form, you declare under penalty of perjury that the information provided is true and correct to the best of your knowledge, information, and reasonable belief.  Your signature is also a certification that the claim meets the requirements of FRBP 9011(b). Whether the claim is filed electronically or in person, if your name is on the signature line, you are responsible for the declaration.  Print the name and title, if any, of the creditor or other person authorized to file this claim.  State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. If the claim is filed by an authorized agent, provide both the name of the individual filing the claim and the name of the agent. If the authorized agent is a servicer, identify the corporate servicer as the company.  Criminal penalties apply for making a false statement on a proof of claim.

_____**DEFINITIONS**_____ _____**INFORMATION**_____

**Debtor**
A debtor is the person, corporation, or other entity that has filed a bankruptcy case.

**Creditor**
A creditor is a person, corporation, or other entity to whom debtor owes a debt that was incurred before the date of the bankruptcy filing. See 11 U.S.C. §101 (10).

**Claim**
A claim is the creditor's right to receive payment for a debt owed by the debtor on the date of the bankruptcy filing. See 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Proof of Claim**
A proof of claim is a form used by the creditor to indicate the amount of the debt owed by the debtor on the date of the bankruptcy filing. The creditor must file the form with the clerk of the same bankruptcy court in which the bankruptcy case was filed.

**Secured Claim Under 11 U.S.C. § 506 (a)**
A secured claim is one backed by a lien on property of the debtor. The claim is secured so long as the creditor has the right to be paid from the property prior to other creditors. The amount of the secured claim cannot exceed the value of the property. Any amount owed to the creditor in excess of the value of the property is an unsecured claim. Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment is a lien.

A claim also may be secured if the creditor owes the debtor money (has a right to setoff).

**Unsecured Claim**
An unsecured claim is one that does not meet the requirements of a secured claim. A claim may be partly unsecured if the amount of the claim exceeds the value of the property on which the creditor has a lien.

**Claim Entitled to Priority Under 11 U.S.C. § 507 (a)**
Priority claims are certain categories of unsecured claims that are paid from the available money or property in a bankruptcy case before other unsecured claims.

**Redacted**
A document has been redacted when the person filing it has masked, edited out, or otherwise deleted, certain information. A creditor must show only the last four digits of any social-security, individual's tax-identification, or financial-account number, only the initials of a minor's name, and only the year of any person's date of birth. If the claim is based on the delivery of health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information.

**Evidence of Perfection**
Evidence of perfection may include a mortgage, lien, certificate of title, financing statement, or other document showing that the lien has been filed or recorded.

**Acknowledgment of Filing of Claim**
To receive acknowledgment of your filing, you may either enclose a stamped self-addressed envelope and a copy of this proof of claim or you may access the court's PACER system (www.pacer.psc.uscourts.gov) for a small fee to view your filed proof of claim.

**Offers to Purchase a Claim**
Certain entities are in the business of purchasing claims for an amount less than the face value of the claims. One or more of these entities may contact the creditor and offer to purchase the claim. Some of the written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court or the debtor. The creditor has no obligation to sell its claim. However, if the creditor decides to sell its claim, any transfer of such claim is subject to FRBP 3001(e), any applicable provisions of the Bankruptcy Code (11 U.S.C. § 101 *et seq.*), and any applicable orders of the bankruptcy court.