**11**

MARC A. LEVINSON (STATE BAR NO. 57613)
malevinson@orrick.com
NORMAN C. HILE (STATE BAR NO. 57299)
nhile@orrick.com
PATRICK B. BOCASH (STATE BAR NO. 262763)
pbocash@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
400 Capitol Mall, Suite 3000
Sacramento, California  95814-4497
Telephone:    +1-916-447-9200
Facsimile:    +1-916-329-4900

Attorneys for Debtor
City of Stockton

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| In re:<br><br>CITY OF STOCKTON, CALIFORNIA,<br><br>Debtor. | Case No.  2012-32118<br><br>D.C. No.  OHS-9<br><br>Chapter 9<br><br>**CITY OF STOCKTON'S MOTION FOR ORDER PURSUANT TO 11 U.S.C. § 365(D)(4) EXTENDING TIME WITHIN WHICH THE CITY MUST ASSUME OR REJECT UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY**<br><br>Date:    July 18, 2013<br>Time:    10:00 a.m.<br>Dept:    Courtroom 35<br>Judge:   Hon. Christopher M. Klein |

Pursuant to § 365(d)(4) of title 11 of the United States Code (the "Bankruptcy Code"), the City of Stockton, California (the "City"), the debtor in the above-captioned case, moves the Court for entry of an order, substantially in the form of Exhibit A, granting an extension of the time within which the City must assume or reject unexpired leases of nonresidential real property.  In support of its motion, the City represents as follows:

## JURISDICTION AND VENUE

The Court has jurisdiction over this motion and the relief requested herein pursuant to 28 U.S.C. §§ 157 and 1334, and this matter is a core proceeding pursuant to 28 U.S.C. § 157. Venue for the motion is proper in this court pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

The opinion regarding the City's eligibility for chapter 9 relief demonstrates that the Court is intimately familiar with the complex facts of the City's case. *See In re City of Stockton, Cal.*, --- B.R. ---, 2013 WL 2629129 (Bankr. E.D. Cal. June 12, 2013) [Dkt. No. 950]. Accordingly, the City is omitting the customary background description of the events leading to and following its petition for relief on June 28, 2012, and instead begins this motion with the background relevant to unexpired leases of nonresidential real property.

Prior to filing its petition for relief on June 28, 2012, the City had entered into six transactions involving leases/leaseback financings to fund various public capital improvements. In each financing, the City entered into a lease for nonresidential real property (each a "Financing Lease") that requires the City to pay rent for the use and occupancy of the leased property[1]. The Financing Leases, as well as the real party or parties in interest[2] and Indenture Trustee for each, are as follows:[3]

---

[1] Although described as lease transactions, the City believes that certain of these transactions could be classified as secured loan transactions. Such transactions are included in this motion only in an abundance of caution in the event that such transactions are classified as true leases and, as set forth herein, the City reserves all rights with respect to these issues.

[2] The real parties in interest to all Financing Leases other than the 2009 Lease are the insurers of the respective bond and certificate of participation obligations. There is no bond insurance for the bonds relating to the 2009 Lease, but all such bonds are owned by party in interest Franklin Advisers, Inc.

[3] Copies of the Financing Leases are attached as exhibits to the Declaration of Vanessa Burke In Support Of City Of Stockton's Motion For Order Pursuant To 11 U.S.C. § 365(d)(4) Extending Time Within Which The City Must Assume Or Reject Unexpired Leases Of Nonresidential Real Property, filed concurrently with this motion.

- 2 -   CITY'S MOTION FOR AN ORDER
PURSUANT TO 11 U.S.C. § 365(d)(4)

| **Financing Lease** | **Real Party or Parties in Interest** | **Indenture Trustee** |
|---|---|---|
| Lease Agreement, dated as of June 1, 2003, by and between the Stockton Public Financing Authority (the "Authority"), as sublessor, and the City, as sublessee, relating to Stockton Public Financing Authority Certificates of Participation (Redevelopment Housing Projects), Series 2003A and Taxable Series 2003B (the "2003 Lease") | Ambac Assurance Corporation | Wells Fargo Bank, National Association ("Wells Fargo") |
| Lease Agreement, dated as of March 1, 2004, by and between the Redevelopment Agency of the City of Stockton (the "Agency"), as lessor, and the City, as lessee, relating to Redevelopment Agency of the City of Stockton Revenue Bonds, Series 2004 (Stockton Events Center–Arena Project) (the "2004 Arena Lease") | National Public Finance Guaranty Corporation ("NPFG") | Wells Fargo |
| Lease Agreement, dated as of June 1, 2004, by and between the Authority, as lessor, and the City, as lessee, relating to Stockton Public Financing Authority Lease Revenue Bonds, Series 2004 (Parking and Capital Projects) (the "2004 Parking Lease") | NPFG | Wells Fargo |
| Lease Agreement, dated as of March 1, 2006, by and between the Authority, as lessor, and the City, as lessee, relating to Stockton Public Financing Authority 2006 Lease Revenue Refunding Bonds, Series A (the "2006 Lease") | NPFG | Wells Fargo |
| Lease Agreement, dated as of November 1, 2007, by and between the Authority, as lessor, and the City, as lessee, relating to Stockton Public Financing Authority Variable Rate Demand Lease Revenue Bonds, 2007 Series A (Building Acquisition Financing Project) and Taxable Variable Rate Demand Lease Revenue Bonds, 2007 Series B (Building Acquisition Financing Project) (the "2007 Lease") | Assured Guaranty Corporation; Assured Guaranty Municipal Corporation | Wells Fargo |
| Lease Agreement, dated as of September 1, 2009, by and between the Authority, as lessor, and the City, as lessee, relating to Stockton Public Financing Authority Lease Revenue Bonds, 2009 Series A (Capital Improvement Projects) (the "2009 Lease") | Franklin Advisers, Inc. | Wells Fargo |

While each Financing Lease differs from the others in some respects, the various financings and their Financing Leases share the same fundamental structure:  To accomplish each financing, the City leased nonresidential real property to either the Authority or the Agency (each a "PFA"), and the PFA subleased the property back to the City.  The PFA then assigned its right to receive rental payments (along with certain other rights relevant to the enforcement of remedies) under the applicable Financing Lease to a trustee.

Finally, the PFA issued bonds, or the trustee issued certificates of participation ("COPs"), and transferred the proceeds to the City for expenditure on capital improvements.  Payment of the principal of and interest on the bonds and COPs is made by the applicable trustee, pursuant to the terms of the related indenture or trust agreement, solely from the proceeds of rental payments received from the City pursuant to the terms of the applicable Financing Lease and related assignment.

### **RELIEF REQUESTED AND BASIS THEREFORE**

Pursuant to Bankruptcy Code § 365(d)(4)(A) – incorporated into chapter 9 cases by Bankruptcy Code § 901(a) – the City must decide whether to assume or reject its unexpired leases of nonresidential property within 120 days of the entry of the order for relief.  If no such decision has been made by that date, and absent an extension, the leases are deemed rejected.  The Court's entry of its order for relief on April 1, 2013 [Dkt. No. 843] triggered the 120-day period, giving the City until July 30, 2013, to assume or reject its unexpired leases of nonresidential real property.  Section 365(d)(4)(B) allows the Court to extend this period by 90 days for cause.  Accordingly, the City seeks an order pursuant to § 365(d)(4)(B) extending the period to assume or reject the Financing Leases by 90 days, from July 30, 2013, to and including October 28, 2013.

The City emphasizes that it files this motion protectively.  Although styled as lease/leaseback arrangements, the Financing Leases may not in fact or law be "leases" within the contemplation of § 365.  By filing this protective motion, <u>the City takes no position on whether the Financing Leases are "leases" within the contemplation of § 365</u>.

**A.     Cause Exists to Extend the Time Within Which the City Must Assume or Reject Unexpired Leases of Nonresidential Real Property**

As noted above, the Court can, for cause, extend by 90 days the period during which the City must assume or reject leases of nonresidential real property.  11 U.S.C. § 365(d)(4)(B)(i). Courts routinely grant extensions of the assumption or rejection period.  *In re Victoria Station, Inc.*, 875 F.2d 1380, 1384-86 (9th Cir. 1989) (affirming extensions of § 365(d)(4) period; "an order extending the time for a debtor to assume or reject a lease . . . is entered in the routine administration of the court").

The term "cause" as used in § 365(d)(4) is not defined.  In determining whether cause exists for an extension of the assumption or rejection period, courts rely on several factors, including: (1) whether the case is exceptionally complex and involves a large number of leases; (2) whether the debtor has had time to intelligently appraise its financial situation and the potential value of its assets in terms of the formulation of a plan; (3) whether the lease is the primary asset of the debtor; (4) whether there is a need for judicial determination of whether a lease exists; (5) whether the lessor continues to receive the rent required in the lease; and (6) any other factors bearing on whether the debtor has had a reasonable amount of time in which to decide whether to assume or reject the lease.  *BC Brickyard Assocs., Ltd. v. Ernst Home Ctr., Inc. (In re Ernst Home Ctr., Inc.)*, 221 B.R. 243, 253 (9th Cir. B.A.P. 1998) (B. Russell, J. concurring) (discussing the factors for cause considered by courts); *see also In re Burger Boys, Inc.*, 94 F.3d 755, 761 (2d Cir. 1996); *In re Victoria Station, Inc.*, 88 B.R. 231, 236 (9th Cir. BAP 1988), *aff'd*, 875 F.2d 1380 (9th Cir. 1989); *In re Wedtech Corporation*, 72 B.R. 464, 471-473 (Bankr. S.D.N.Y. 1987).  "This list is not exclusive, and a great deal of discretion is left to the court to weigh *all* relevant factors related to the requested extension."  *In re Ernst Home Ctr.*, 221 B.R. at 253 (emphasis in original).  These factors are satisfied here.

The Court's June 12 eligibility opinion made clear, this case is complex.  The City continues to grapple with complex and time-consuming issues, including the formulation of a plan of adjustment and the identification of the universe of potential claimants who are entitled to bankruptcy mailings, and other matters.  And The City also continues to negotiate with its key

1  creditors through the mediation process conducted by Judge Elizabeth Perris.  As disclosed at the

2  June 12 status conference, the mediation process recently produced settlements with Marina

3  Towers and the Official Committee of Retirees.

4  In addition, there are complex issues relating to whether the Financing Leases are true

5  leases or disguised secured loan transactions.  If the Financing Leases are categorized as secured

6  loans, further issues relating to the proper mechanism for valuation of the underlying collateral

7  would be ripe for litigation.  Litigation of these disputes, in addition to the numerous other issues

8  surrounding the Financing Leases, would entail great expense both in terms of time and dollars.

9  In light of the ongoing mediation process, however, it is possible that such litigation will be

10 unnecessary.

11 Without an extension, the City will be compelled prematurely to assume substantial, long-

12 term liabilities under the Financing Leases or to reject the Financing Leases, to the detriment of

13 its creditors and other parties in interest.  Some of the Financing Leases are of properties that are

14 essential to the City's operations, and others are of properties important to the City's operations.

15 It would cause significant prejudice to the City if it was forced to make a determination regarding

16 assumption or rejection at this time.

## **COMPLETE RESERVATION OF RIGHTS**

18 This motion requests no relief other than the extension of time to assume or reject the

19 Financing Leases.  The City, Wells Fargo and all other parties in interest, including those named

20 in the chart on pages 2-3, reserve all rights and defenses other than those directly affected by a

21 90-day extension of the time within which the City must assume or reject the Financing Leases.

22 The rights reserved by the parties include, but are not limited to, the following: (1) all rights and

23 arguments as to whether the Financing Leases are "leases" within the contemplation of § 365; and

24 (2) all rights and arguments with respect to the unlawful detainer suit against the City in the

25 California Superior Court for the County of San Joaquin, case number 39-2012-00277622-CU-

26 UD-STK.  The parties do not waive any rights by virtue of any failure to insist upon payment

27 under the Financing Leases during the period prior to the assumption or rejection of the Financing

28 Leases.

CITY'S MOTION FOR AN ORDER
PURSUANT TO  11 U.S.C. § 365(d)(4)

**NO OBJECTION FROM WELLS FARGO**

The City has been informed by counsel for Wells Fargo that Wells Fargo, in its capacity as Indenture Trustee, has no objection to a 90-day extension of the time within which the City must assume or reject its Financing Leases.

**CONCLUSION**

For the foregoing reasons, the City requests that the Court issue an order (1) extending the time within which the City must assume or reject the Financing Leases from July 30, 2013, to October 28, 2013, and (2) granting such other and further relief as the Court deems to be just and proper.

Dated: July 3, 2013

MARC A. LEVINSON
NORMAN C. HILE
PATRICK B. BOCASH
Orrick, Herrington & Sutcliffe LLP


By:   */s/ Marc A. Levinson*
MARC A. LEVINSON
Attorneys for Debtor
City of Stockton

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT A

**3**

MARC A. LEVINSON (STATE BAR NO. 57613)
malevinson@orrick.com
NORMAN C. HILE (STATE BAR NO. 57299)
nhile@orrick.com
PATRICK B. BOCASH (STATE BAR NO. 262763)
pbocash@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
400 Capitol Mall, Suite 3000
Sacramento, California 95814-4497
Telephone:    +1-916-447-9200
Facsimile:    +1-916-329-4900

Attorneys for Debtor
City of Stockton

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| In re:<br><br>CITY OF STOCKTON, CALIFORNIA,<br><br>Debtor. | Case No. 2012-32118<br><br>D.C. No. OHS-9<br><br>Chapter 9<br><br>**ORDER PURSUANT TO 11 U.S.C. § 365(D)(4) EXTENDING THE TIME WITHIN WHICH THE CITY MUST ASSUME OR REJECT UNEXPIRED LEASES OF NON-RESIDENTIAL REAL PROPERTY**<br><br>Date:    July 18, 2013<br>Time:    10:00 a.m.<br>Dept:    Courtroom 35<br>Judge:   Hon. Christopher M. Klein |

Based on the City Of Stockton's Motion For Order Pursuant To 11 U.S.C. § 365(d)(4) Extending Time Within Which The City Must Assume Or Reject Its Unexpired Leases Of Non-Residential Real Property (the "Motion"), and good cause appearing therefor:

IT IS HEREBY ORDERED that the period within which the City must assume or reject the following six leases of non-residential real property is extended by 90 days through and including October 28, 2013:

1. Lease Agreement, dated as of June 1, 2003, by and between the Stockton Public Financing Authority (the "Authority"), as sublessor, and the City, as sublessee, relating to Stockton Public Financing Authority Certificates of Participation (Redevelopment Housing Projects), Series 2003A and Taxable Series 2003B;

2. Lease Agreement, dated as of March 1, 2004, by and between the Redevelopment Agency of the City of Stockton (the "Agency"), as lessor, and the City, as lessee, relating to Redevelopment Agency of the City of Stockton Revenue Bonds, Series 2004 (Stockton Events Center–Arena Project);

3. Lease Agreement, dated as of June 1, 2004, by and between the Authority, as lessor, and the City, as lessee, relating to Stockton Public Financing Authority Lease Revenue Bonds, Series 2004 (Parking and Capital Projects);

4. Lease Agreement, dated as of March 1, 2006, by and between the Authority, as lessor, and the City, as lessee, relating to Stockton Public Financing Authority 2006 Lease Revenue Refunding Bonds, Series A;

5. Lease Agreement, dated as of November 1, 2007, by and between the Authority, as lessor, and the City, as lessee, relating to Stockton Public Financing Authority Variable Rate Demand Lease Revenue Bonds, 2007 Series A (Building Acquisition Financing Project) and Taxable Variable Rate Demand Lease Revenue Bonds, 2007 Series B (Building Acquisition

1 | Financing Project); and
2 |     6.    Lease Agreement, dated as of September 1, 2009, by and between the
3 | Authority, as lessor, and the City, as lessee, relating to Stockton Public
4 | Financing Authority Lease Revenue Bonds, 2009 Series A (Capital
5 | Improvement Projects); and
6 | IT IS FURTHER ORDERED that the parties reserve all rights as described in the Motion.