Ron M. Oliner (SBN: 152373)
Geoffrey A. Heaton (SBN: 206990)
**DUANE MORRIS LLP**
One Market Plaza
Spear Street Tower, Suite 2200
San Francisco, CA 94105-1127
Telephone: (415) 957-3000
Facsimile: (415) 957-3001
Email: roliner@duanemorris.com

Attorneys for PRESTON PIPELINES, INC.

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF CALIFORNIA
### SACRAMENTO DIVISION

| | |
|---|---|
| In re<br><br>CITY OF STOCKTON, CALIFORNIA,<br><br>Debtor. | Case No. 12-32118-C-9<br><br>Chapter 9<br><br>Docket Control No. DM-1<br><br>Date: August 20, 2013<br>Time: 9:30 a.m.<br>Place: 501 I Street, Courtroom 35<br>       Sacramento, CA 95814<br>Judge: The Honorable Christopher M. Klein |

### DECLARATION OF RON BIANCHINI IN SUPPORT OF MOTION FOR RELIEF FROM THE AUTOMATIC STAY BY PRESTON PIPELINES, INC.

I, Ron Bianchini, declare as follows:

1. I am Chief Operating Officer of Preston Pipelines, Inc. ("PPI"). I know of the following of my own personal knowledge and could and would testify competently thereto if called upon to do so. As to any matters stated on information and belief, I believe my information to be true and correct and will so testify.

2. I am informed and believe that in or about November of 2005, Stockton City Council ("Council") approved the City of Stockton's ("City") Delta Water Supply Water Project ("Water Project").

DM3\2601410.1 R2024/00001

DUANE MORRIS LLP
SAN FRANCISCO

1

**DECLARATION IN SUPPORT OF MOTION FOR RELIEF FROM THE AUTOMATIC STAY
BY PRESTON PIPELINES, INC. – CASE NO. 12-32118-C-9**

3. The Water Project included, among other things, the construction of the Delta Water Supply Project Intake and Pump Station Facility ("Pump Station") to divert water from the San Joaquin River through miles of underground pipeline to a new water treatment plant providing approximately 33 million gallons per day of treated, potable water.

4. I am informed and believe that the City financed the Water Project by issuing a series of Water Revenue Bonds.

5. I am informed and believe that among the Water Revenue Bonds issued was a series of bonds designated the $55,000,000 Stockton Public Financing Authority Variable Rate Demand Water Revenue Bonds, Series 2010A (Delta Water Supply Project) (the "2010 Bonds").

6. I am informed and believe that the 2010 Bonds were issued specifically to fund the Pump Station and certain other designated components of the Water Project.

7. In the spring of 2009, the City solicited prime contractors for construction of the Pump Station.

8. PPI was one of the prime contractors the City solicited for construction of the Pump Station.

9. A selection committee comprised of City staff and others vetted the responses submitted, and narrowed the pool of contractors to PPI and a few other entities, who in turn submitted sealed bids for the Pump Station project.

10. In Council Resolution No. 09-0293, passed August 25, 2009, the City accepted PPI's bid, in the amount of $16,156,000, and awarded PPI the contract for construction of the Pump Station.

11. I am informed and believe that Council Resolution No. 09-0293 directs payment to PPI from funds in the City's Delta Water Supply Project Account ("Water Project Account").

DM3\2601410.1 R2024/00001

2

**DECLARATION IN SUPPORT OF MOTION FOR RELIEF FROM THE AUTOMATIC STAY BY PRESTON PIPELINES, INC. – CASE NO. 12-32118-C-9**

DUANE MORRIS LLP
SAN FRANCISCO

12. On August 25, 2009, the City and PPI entered into a Construction Contract ("Contract") for construction of the Pump Station. A true and correct copy of the Contract is attached hereto as **Exhibit A**.

13. The Contract provides for payment to PPI in the amount of $16,156,000, before adjustments for change orders.

14. Among other terms, the Contract required the City to issue change orders when PPI performed extra work, encountered conditions that differed from those shown in the contract documents or that reasonably could have been anticipated, or when PPI incurred costs which otherwise were the responsibility of the City.

15. During PPI's performance the amount of the Contract was adjusted by written change orders totaling approximately $423,916.59.

16. In addition to the work and costs specified in the change orders, PPI performed extra work, and incurred related costs, for which it is entitled to change orders under the Contract.

17. This extra work was necessitated by deficiencies in the City's plans, designs, information, and specifications for the Pump Station, as well as by differing site conditions and changes in the project schedule for the Pump Station.

18. Accounting for the extra work and costs for which the City should have issued change orders but did not, PPI is entitled to an estimated $1,178,008.80, inclusive of amounts owed to PPI for its own work, as well as for labor, equipment, materials, and services furnished through PPI by subcontractors and suppliers, together with an additional $1,255,392 for delay, inefficiencies, escalation, and similar deficiencies.

19. In addition to the above damages, the City also failed to make progress payments under the Contract that are undisputed, totaling not less than $320,000, and failed to allow retention totaling not less than $1,657,000 to be released from escrow.

DM3\2601410.1 R2024/00001

3

DUANE MORRIS LLP
SAN FRANCISCO

**DECLARATION IN SUPPORT OF MOTION FOR RELIEF FROM THE AUTOMATIC STAY
BY PRESTON PIPELINES, INC. – CASE NO. 12-32118-C-9**

20. In total, PPI has suffered damages in the amount of approximately $4,679,454.

21. PPI's claims against the City, as well as the City's construction manager, Carollo Engineers, Inc., are detailed in the draft Complaint for Breach of Contract, Declaratory Relief, Interference with Contract, Indemnity and Contribution ("Draft Complaint") prepared by PPI's litigation counsel, Leonidou & Rosin, P.C., attached hereto as **Exhibit B**.

22. I am informed and believe that the Water Project Account contains restricted use funds that must be used to fund the Water Project, including all outstanding obligations, debts, and liabilities related to construction of the Pump Station.

23. I am informed and believe that the damages PPI has sustained in connection with the Contract and PPI's construction of the Pump Station, as prayed for in the Draft Complaint, must be paid from the Water Project Account.

24. I am informed and believe that the Water Project Account cannot be used to fund the City's general operating expenses.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 16th day of July, 2013, at Milpitas, California.

_____
RON BIANCHINI