6

Jerome R. Satran, Esq. (SBN 188286)
Joseph T. Speaker, Esq. (SBN 277921)
KOELLER, NEBEKER, CARLSON & HALUCK, LLP
1478 Stone Point Drive, Suite 400
Roseville, CA 95661
Telephone: (916) 724-5700
Facsimile: (916) 788-2850

Attorney for Movants
DEAN ANDAL

# UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA

### SACRAMENTO DIVISION

| | |
|---|---|
| In re:<br><br>CITY OF STOCKTON,<br>CALIFORNIA,<br><br>Debtor, | Case No. 12-32118-C-9<br>DC No.: JTS-01<br><br>**Judge: Hon. Christopher M. Klein**<br><br><br>**DEAN ANDAL'S MOTION FOR RELIEF FROM AUTOMATIC STAY UNDER 11 U.S.C. SECTION 362(d)(1) AND 28 U.S.C. 1334(c)**<br><br>**Date: August 20, 2013**<br>**Time: 9:30 a.m.**<br>**Courtroom: 35** |

## MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

The purpose of this Motion is to seek relief from the automatic stay in order to allow DEAN ANDAL, an individual, (hereinafter "Movant") to bring a writ of mandate in the Superior Court for the County of San Joaquin against the CITY OF STOCKTON, CALIFORNIA (hereinafter "Debtor") as real party in interest, pursuant to California Elections Code section 9295. The writ of mandate will challenge the impartiality of proposed language on the upcoming November 5, 2013 ballot. The Debtor, through its elected City Council, approved proposed language for a measure to be placed on the November 5, 2013 ballot. Though the actions of the

1

1    City Council occurred on July 9, 2013, making them post-petition acts not covered by the

2    bankruptcy stay, out of an abundance of caution Movant makes the instant Motion for Relief from

3    the Automatic Stay and asks this Court to abstain from hearing this purely state law election

4    issue.

5    I.    **NON-BANKRUPTCY ACTION**

6    Movant moves for relief from the automatic stay as to Debtor and Debtor's bankruptcy

7    estate in order to proceed in the Superior Court for the County of San Joaquin with a petition for

8    writ of mandate challenging proposed ballot language on the November 5, 2013 ballot

9    (hereinafter Non-Bankruptcy Action). Pursuant to California Elections Code section 9295, which

10   provides that a state court may issue a writ of mandate to prevent the publication of false or

11   misleading information in the ballot pamphlet for any election, Movant seeks to challenge the

12   proposed language of a measure titled "Law Enforcement, Crime Prevention, and other essential

13   City Services Measure" (hereinafter "Measure") in the upcoming November 5, 2013 election.[1]

14   Movant believes the proposed Measure language is misleading to the average voter and seeks a

15   writ of mandate ordering the language altered. A copy of the resolution adopting the proposed

16   Measure language is attached as Exhibit "A" to the Declaration of Joseph T. Speaker in support

17   hereof.

18   Pursuant to California Elections Code section 9295(b)(3) the City Council for the City of

19   Stockton must be named as the real party in interest. As a result of this technicality, Movant must

20   bring suit against the Debtor, which is why the instant relief is sought. Movant does not seek any

21   asset of the Debtor nor seek to modify any decree of this Court or otherwise directly interfere

22   with the Chapter 9 bankrupt proceeding. The relief sought by Debtor in the Non-Bankruptcy

23   Action is related solely to a writ of mandate directing the modification of the proposed ballot

24   Measure language.

25   This Motion is made on the grounds that this Court should abstain from deciding those

---

26   [1] The Measure is a "general tax" which, pursuant to Cal. Const., art. XIII C, § 1, subd. (a) requires that the tax be used for "general governmental purposes" and is not earmarked for any specific purpose. (*Id.*) In contrast, a "special tax" is any tax earmarked for specific purposes (i.e. funding

27   law enforcement or crime prevention), even if the proceeds are placed into a general fund. (Cal. Const., art. XIII C, § 1, subd. (d).) A "special tax" requires a 2/3 vote, while a "general tax" requires a simple majority. (*Id.*) The Measure at issue is a "general tax" being disguised as a "special

28   tax". Voters are being led to believe that the general tax must be used for law enforcement and crime prevention, however by virtue of being a "general tax" the tax may be used for any lawful governmental purpose once approved.

MOTION FOR RELIEF FROM AUTOMATIC STAY

1    claims under 28 U.S.C. 1334(c) and abstention constitutes good cause under 11 U.S.C. §

2    362(d)(1) to lift the automatic stay.

3    **II.    CASE HISTORY**

4          Debtor filed a voluntary petition under Chapter 9 of U.S.C. on or about June 28, 2012, in

5    the United States Bankruptcy Court for the Eastern District of California, Sacramento Division,

6    captioned "In City of Stockton, California". The bankruptcy case number is 12-32118-C-9.

7    **III.    GROUNDS FOR RELIEF FROM STAY**

8          Pursuant to 11 U.S.C. section 362(d)(1) and 28 U.S.C. 1334(c), good cause exists to grant

9    Movant's Motion for relief from automatic stay to proceed with the Non-Bankruptcy Action to

10   final judgment in the non-bankruptcy forum for a multitude of reason.  First, the Non-Bankruptcy

11   Action involves a purely state law elections code matter arising out California Elections Code

12   section 9295. California Elections Code section 9295 states in pertinent part:

13

14       a) The elections official shall make a copy of the material …
     available for public examination in the elections official's office for

15   a period of 10 calendar days immediately following the filing
     deadline for submission of those materials.

16                  …

17       (b)(1) During the 10-calendar-day public examination period
     provided by this section, any voter of the jurisdiction in which the

18   election is being held, or the elections official, himself or herself,
     may seek a writ of mandate or an injunction requiring any or all of

19   the materials to be amended or deleted. The writ of mandate or
     injunction request shall be filed no later than the end of the 10-

20   calendar-day public examination period.

21

22       (2) A peremptory writ of mandate or an injunction shall be issued
     only upon clear and convincing proof that the material in question

23   is false, misleading, or inconsistent with the requirements of this
     chapter, and that issuance of the writ or injunction will not

24   substantially interfere with the printing or distribution of official
     election materials as provided by law.

25

26       (3) The elections official shall be named as respondent, and the
     person or official who authored the material in question shall be

27   named as real parties in interest. In the case of the elections official
     bringing the mandamus or injunctive action, the board of

28   supervisors of the county shall be named as the respondent and the

person or official who authored the material in question shall be named as the real party in interest.

Movant is informed and believes that the 10-day public examination period is set to take place on August 13, 2013 and end on August 23, 2013. For this reason, time is of the essence with obtaining relief from the automatic stay in order to timely file the Non-Bankruptcy Action.

Based on the unique nature of the Non-Bankruptcy Action abstention is proper here. 28 U.S.C. § 1334 provides in pertinent part:

> (c)(1) Except with respect to a case under chapter 15 of title 11, nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.
>
> (2) Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.

A Federal Court has "power to abstain in the interest of justice, or in the interest of comity with State courts or respect for State law" under 28 U.S.C. § 1334(c)(1). (*Williams v. Shell Oil* 169 B.R. 692-93 (S.D. Cal 1994).) Among the factors a court should consider in deciding whether to abstain are: (1) the effect or lack thereof on the efficient administration of the estate if a Court recommends abstention, (2) the extent to which state law issues predominate over bankruptcy issues, (3) the difficulty or unsettled nature of the applicable law, (4) the presence of a related proceeding commenced in state court or other nonbankruptcy court, (5) the jurisdictional basis, if any, other than 28 U.S.C. 1334, (6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case, (7) the substance rather than the form of an asserted 'core' proceeding, (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court, (9) the burden of the bankruptcy court's docket, (10) the likelihood that the commencement of the proceeding in

4

1   bankruptcy court involves forum shopping by one of the parties, (11) the existence of a right to a

2   jury trial, and (12) the presence in the proceedings of non-debtor parties. *In re Tuscan Estates*,

3   912 F.2d 1162, 1167 (9th Cir.1990), citing *In re Republic Reader's Serv., Inc.*, 81 B.R. 20 422,

4   429 (S.D. Tex.1987).

5         In the instant matter, the Non-Bankruptcy Action contains all of the hallmarks of an issue

6   ripe for abstention by the bankruptcy court. Specifically, the purpose of the Non-Bankruptcy

7   Action is to challenge proposed ballot language for the November 5, 2013 state election, which

8   Movant believes is misleading, confusing, and otherwise inaccurate. Any order by a state court

9   would be limited to altering the proposed language and have no direct impact on the Debtor in the

10  bankruptcy court or whether the Measure is submitted to voters. The Non-Bankruptcy Action

11  contains a purely state law issue centered on state election materials, thus state law "predominates

12  over bankruptcy issues" and is "remote" from any proceedings in this bankruptcy Court.

13        Additionally, California Elections code section 9295(c)(3) cited above specifically

14  mandates that the elections official be named in any writ of mandate as a real party in interest.

15  The current elections official for the City of Stockton is the Registrar of Voters Austin Erdman,

16  who is a San Joaquin County official. Mr. Erdman is not a party to Debtor's bankruptcy before

17  this Court but is a required party to the Non-Bankruptcy Action, pursuant to statute. Thus, the

18  Non-Bankruptcy Action needs to proceed in state court in order to ensure all necessary parties are

19  brought into the action.

20        Finally, the determination of the issues in the Non-Bankruptcy Actions do not require the

21  expertise of the bankruptcy court, meaning that the interests of judicial economy would best be

22  served by allowing the Non-Bankruptcy Action to proceed in state court. (See Speaker Decl. ¶ 6.)

23  Accordingly, good cause exists to grant Movant's Motion for relief from the stay to proceed with

24  the Non-bankruptcy Actions to final judgment in the non-bankruptcy forum.

25  **IV.**    **EVIDENCE IN SUPPORT OF MOTION**

26        Movant submits the Declaration of Joseph T. Speaker, which filed concurrently herewith,

27  provides evidence in support of this Motion pursuant to Local Bankruptcy Rule.

28  ///

MOTION FOR RELIEF FROM AUTOMATIC STAY

1    V.    **CONCLUSION**

2    WHEREFORE, Movant prays that this Court issue an Order:

3    1.  Granting relief from the automatic stay to allow Movant to proceed with the timely

4    filing of the Non-Bankruptcy Action; and

5    2.  Declaring abstention from ruling on the Non-Bankruptcy Action in order to allow

6    Movant to proceed in state court to final judgment.

7    DATED:  August 2, 2013          KOELLER, NEBEKER, CARLSON & HALUCK, LLP

8

9

10   Jerome R. Satran, Esq.
     Joseph T. Speaker, Esq.
     Attorneys for Movant
11   DEAN ANDAL

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MOTION FOR RELIEF FROM AUTOMATIC STAY