**6**

Jerome R. Satran, Esq. (SBN 188286)
Joseph T. Speaker, Esq. (SBN 277921)
KOELLER, NEBEKER, CARLSON & HALUCK, LLP
1478 Stone Point Drive, Suite 400
Roseville, CA 95661
Telephone: (916) 724-5700
Facsimile: (916) 788-2850

Attorney for Movants
DEAN ANDAL

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| In re:<br><br>CITY OF STOCKTON,<br>CALIFORNIA,<br><br>        Debtor, | Case No. 12-32118-C-9<br>DC No.: JTS-01<br><br>Judge: Hon. Christopher M. Klein<br><br>**DECLARATION OF JOSEPH T. SPEAKER IN SUPPORT OF MOTION FOR RELIEF FROM AUTOMATIC STAY UNDER 11 U.S.C. SECTION 362(d)(1) AND 28 U.S.C. 1334(c)**<br><br>Date: August 20, 2013<br>Time: 9:30<br>Courtroom: 35 |

I, Joseph T. Speaker, declare as follows:

    1.    I am an attorney at law duly licensed to practice before all state and federal courts in California, and I am an associate in the law firm of Koeller, Nebeker, Carlson & Haluck, LLP, attorneys of record for movant DEAN ANDAL (hereinafter "Movant') in the above-entitled action.

    2.    I am informed and believe Movant wishes to challenge proposed ballot language in a measure that will be submitted to the voters in the City of Stockton in the November 5, 2013 election. Movant will bring a writ of mandate under California Elections code section 9295 requesting that the proposed language of the ballot be modified to prevent misleading language.

1

DECLARATION OF JOSEPH T. SPEAKER IN SUPPORT OF MOTION FOR RELIEF FROM STAY

Due to the bankruptcy of the City of Stockton, Movant must first seek relief from the automatic stay in order to bring the writ of mandate in state court.

3. Movant desires to challenge the specific language of the "Law Enforcement, Crime Prevention, and Other Essential City Services Measure" (hereinafter "Measure") which has been approved by the City Council for the City of Stockton to be placed on the November 5, 2013 ballot. (A true and correct copy of the Measure is attached hereto as Exhibit "A".)

4. Movant's writ of mandate proceeding will challenge only the proposed language of the Measure and has no direct impact on the City of Stockton (hereinafter "Debtor") nor any of Debtor's estate.

5. The City of Stockton, through its elected City Council must serve as a "real party in interest" pursuant to California Elections code 9295.

6. Finally, the determination of the issues in the writ of mandate proceeding do not require the expertise of the bankruptcy court, meaning that the interests of judicial economy would best be served by allowing the writ of mandate to proceed in state court.

7. I declare under penalty of perjury, under the laws of the State of California that the foregoing is true and correct of my own personal knowledge, and if called upon to testify, I could and would competently testify thereto.

Executed this 2nd day of August, 2013, at Roseville, California.

_Joseph T. Speaker, Esq._

EXHIBIT A

Resolution No. 2013-07-09-1601

# STOCKTON CITY COUNCIL

A RESOLUTION OF THE CITY COUNCIL OF THE CITY OF STOCKTON, CALIFORNIA, ORDERING THE SUBMISSION TO THE QUALIFIED ELECTORS OF THE CITY OF STOCKTON A CERTAIN MEASURE RELATING TO A PROPOSED ORDINANCE IMPOSING A 3/4 CENT TRANSACTION AND USE TAX FOR GENERAL PURPOSES, GIVING NOTICE, AND REQUESTING CONSOLIDATION OF A SPECIAL ELECTION TO BE HELD TUESDAY, NOVEMBER 5, 2013

**WHEREAS,** the City Council desires to hold a special municipal election on November 5, 2013 (the "Election"); and

**WHEREAS,** the City Council has submitted to the voters at the Election an ordinance imposing a general transactions and use tax (the "Ordinance"); and

**WHEREAS,** the Ordinance imposes a general tax, the revenues from which are to be placed in the general fund of the City and to be used for any lawful purpose of the City (the "Tax"); and

**WHEREAS,** the City Council desires to submit an advisory question to the voters regarding the use of proceeds of the Tax; and

**WHEREAS,** the City Council desires to submit its advisory question to the voters at the Election; now, therefore,

**BE IT RESOLVED, BY THE CITY COUNCIL OF THE CITY OF STOCKTON, CALIFORNIA, AS FOLLOWS:**

SECTION 1. Pursuant to Elections Code section 10210, there shall be and hereby is called a special election in the City of Stockton on Tuesday, the 5th day of November, 2013. The City Council hereby finds that a fiscal emergency exists in the City that necessitates placing the general tax proposal stated in Section 2 of this resolution on a special election ballot. The City's next general municipal election will not occur until November 2014 but the City has an urgent need for additional funding to provide adequate levels of law enforcement and other public services to protect public safety and to help resolve the City's bankruptcy. Accordingly, this resolution is adopted by a unanimous vote of the Councilmembers present to declare that emergency as required by Article XIII C, section (b) of the California Constitution.

SECTION 2. The City Council hereby orders the following question to be submitted to the voters at the special municipal election called for Tuesday, November 5, 2013:

| Law Enforcement, Crime Prevention, and Other Essential City Services Measure | |
|---|---|
| To pay for law enforcement and crime prevention services such as those described in Stockton's Marshall Plan on Crime, to help end the bankruptcy and restore other City services; and provided it shall sunset in ten years or when economic recovery occurs, a Citizen's Oversight Committee reports on the use of proceeds, and independent audits are done annually; shall Ordinance ___ be adopted to impose a 3/4-cent transaction and use (sales) tax? | YES |
| | NO |

This question requires the approval of a majority of those casting votes and the Ordinance referenced therein is Ordinance No. _____ of the City, attached hereto as Exhibit 1.

SECTION 3. The City Council hereby orders the following question to be submitted to the voters at the advisory municipal election called for Tuesday, November 5, 2013:

| Advisory Vote Only<br><br>If Measure ___ is approved by the voters, shall (i) 65% of its proceeds be used only to pay for law enforcement and crime prevention services in the City such as those described in the City's Marshall Plan on Crime and (ii) 35% of its proceeds be used only to pay for the City's efforts to end the bankruptcy and for services to residents, businesses, and property owners? | YES |
|---|---|
| | NO |

This question requires the approval of a majority of those casting votes. It is an advisory measure only. The City Clerk is hereby authorized to complete the blanks in the ballot label set forth above with the letter or number assigned to the measure proposed by Section 2 of this resolution.

SECTION 4. The City Attorney of the City of Stockton is hereby authorized and directed to prepare by July 26, 2013, an impartial analysis of the measure and the City Clerk is authorized, instructed, and directed to give further or additional notice of the election in time, form, and manner as required by law.

SECTION 5. The City Council hereby declares its intent to consolidate the Advisory Election with the Special District Election to be held on November 5, 2013, and requests that the San Joaquin County Board of Supervisors add this Ordinance to said ballot as set forth herein.

SECTION 6. The deadline for the filing of arguments for or against the measure shall be August 2, 2013, for direct arguments, and August 12, 2013, for rebuttal arguments.

SECTION 7. The City Council authorizes Councilmember Elbert Holman to oversee the drafting of a direct argument in favor of the Ordinance, and to oversee the drafting of a rebuttal to the direct argument against the Ordinance, and give preference and priority to such arguments pursuant to Elections Code section 9287(a); and delegates to Elbert Holman the selection of others to join him in signing such arguments.

SECTION 8. In all particulars not recited in this Resolution, the Election shall be held and conducted as provided by applicable law.

SECTION 9. Notice of the time and place of holding the Election is hereby given and the City Clerk is authorized, instructed, and directed to sign and publish notice as required by law.

SECTION 10. The City Manager is hereby authorized and directed to appropriate the necessary funds to pay for the City of Stockton's cost of placing the Measure on the election ballot and to execute any necessary agreements, including the agreement substantially in the form of Exhibit 2.

SECTION 11. The City Clerk is hereby authorized and directed to take all steps necessary to place the Measure on the ballot and to cause the Measure to be printed. A copy of the Measure shall be made available to any voter upon request.

SECTION 12. The City Clerk is directed to file a certified copy of this Resolution with the Board of Supervisors of San Joaquin County and the Registrar of Voters of San Joaquin County.

PASSED AND ADOPTED by the City Council of the City of Stockton, on July 9, 2013, by the following vote:

AYES: Councilmember Burgos, Councilmember Holman, Councilmember Miller Councilmember Tubbs, Councilmember Zapien, Vice Mayor Canepa, Mayor Silva

NOES: 0

ABSENT: 0

ANTHONY SILVA, Mayor of
the City of Stockton

ATTEST:

BONNIE PAIGE, Clerk of
the City of Stockton