MARC A. LEVINSON (STATE BAR NO. 57613)
malevinson@orrick.com
NORMAN C. HILE (STATE BAR NO. 57299)
nhile@orrick.com
PATRICK B. BOCASH (STATE BAR NO. 262763)
pbocash@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
400 Capitol Mall, Suite 3000
Sacramento, California  95814-4497
Telephone:    +1-916-447-9200
Facsimile:    +1-916-329-4900

Attorneys for Debtor
City of Stockton

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| In re:<br><br>CITY OF STOCKTON, CALIFORNIA,<br><br>Debtor. | Case No.  2012-32118<br><br>D.C. No.  JTS-02<br><br>Chapter 9<br><br>**CITY OF STOCKTON'S OPPOSITION TO DEAN ANDAL'S MOTION FOR ORDER SHORTENING TIME TO HEAR MOTION FOR RELIEF FROM AUTOMATIC STAY**<br><br>[No Hearing Scheduled]<br><br>Judge: Hon. Christopher M. Klein |

The City of Stockton, California ("City"), opposes the Motion For Order Shortening Time To Hear Motion For Relief From Automatic Stay ("Motion" filed by Dean Andal, "Andal").  The Motion and supporting pleadings were received by the City shortly after noon on Friday, August 2; the Motion seeks an order setting a hearing for Tuesday morning, August 6, on Andal's motion for relief from the automatic stay ("Stay Motion").  The City opposes the Motion for two primary reasons:  First, the purported emergency was self-inflicted, in that Andal unnecessarily delayed filing the Stay Motion.  Second, the City cannot respond to the Stay Motion because it has not

1  been provided with the proposed writ petition (or other, similar pleading) that Andal would file in
2  Superior Court were the stay vacated – despite the City having requested several times that it be
3  provided with the pleading.  Nor could the Court grant relief from the stay because it doesn't
4  know what it would be permitting Andal to file.

5  <u>The Self-Created Emergency</u>.  The alleged exigency described in the Motion is entirely of
6  Andal's own creation.  While he complains that he will have inadequate time to bring his writ if
7  the Motion is not granted, the ballot language he intends to challenge was approved by the City
8  Council on July 9, 2013.  Declaration Of Bret Hunter In Support Of City Of Stockton's
9  Opposition To Dean Andal's Motion For Order Shortening Time To Hear Motion For Relief
10 From Automatic Stay ("Hunter Decl."), ¶¶ 2-3.  The ballot language has been continuously
11 available to the public since that date, and has remained unchanged.  Hunter Decl., ¶¶ 3-4.  Andal
12 therefore has had over three weeks to seek relief from the automatic stay, and has only himself to
13 blame for not doing so in a timely manner.  An emergency created by a party's own delay does
14 not satisfy the "good cause" requirement of Local Rule 9014-1(f)(3) and is therefore not a proper
15 basis for an order shortening time.  Moreover, Andal admits (at page 2, lines 4-7 of the Motion)
16 that he has until August 22, 2013 to bring his proposed writ of mandate (the end of the 10-day
17 period opening on August 13, 2013), which means that an August 20 hearing would still allow
18 him to timely bring said writ if relief from the automatic stay is granted.

19 <u>What Will the Writ Seek?</u>  The ballot measure that Andal seeks to challenge is of critical
20 importance to the City and to its creditors.  Yet Andal has failed to provide the Court, the City
21 and other interested parties with a copy of the pleading he seeks to file to initiate the writ
22 proceeding in state court.  It's not that the City hasn't asked for a copy of the pleading. The email
23 memoranda attached collectively as Exhibit A to the Declaration Of Joseph T. Speaker In Support
24 Of Motion For Order Shortening Time To Hear Motion For Relief From Automatic Stay
25 ("Speaker Decl.") tell the story, as does the attached Declaration of Betty J. Ramirez In Support
26 Of Stockton's Opposition To Dean Andal's Motion For Order Shortening Time To Hear Motion
27 For Relief From Automatic Stay ("Ramirez Decl.").
28 / / /

- 2 -    CITY'S OPPOSITION TO DEAN ANDAL'S
MOTION FOR ORDER SHORTENING TIME

- On Tuesday, July 20, at 11:44 a.m., Speaker emailed Marc Levinson, counsel for the City, giving the City until close of business the following day to stipulate to relief from the automatic stay. Levinson responded by email about three hours later, saying

> Thanks for the heads up. Please forward a copy of the petition/application/complaint that your client(s) seeks to file in the Superior Court.

- About 24 hours later, Speaker left Levinson a voicemail message, asking Levinson to call him to discuss, and saying:

> Part of the problem with providing the moving papers now is there's slightly, or there could be a slight change to them depending on the published ballot language, which will come out in about a week or so. But I could give you something that's – you know – is gonna be almost 99 percent what's going to be filed. But I can't say 100 percent in the event that something is slightly altered on the published ballot"

Ramirez Decl., Ex. A.

- Speaker quickly followed up with a short email, and Levinson responded within an hour, saying:

> Sorry I missed your call. Thanks for the v/m and for the email. My email of yesterday was sent because the City cannot decide whether to stipulate to relief from the stay without knowing what the writ of mandate lawsuit looks like. I understand from your v/m that the pleading is largely complete, but may be amended once final ballot language is presented. Even a near-complete draft would help the City both understand the issues and get a sense of whether it can stipulate to relief from the stay. I acknowledge and understand that the pleading may change pending new developments. My suggestion is that you mark each page as 7/31/13 DRAFT, and in your cover email expressly note that the draft may change in the future. If the draft is indeed 99% complete, as noted in your v/m, it ought to provide the City with what it needs in order to decide whether to agree with your stay request.

- The next communication from Speaker was the following morning, namely the Friday morning email that provided notice that Andal would be seeking both relief from the stay and an order shortening time for a hearing on Tuesday – thus providing the City with one and a half business days' notice to respond. This was the first communication that mentioned shortening time.

- 3 -

CITY'S OPPOSITION TO DEAN ANDAL'S
MOTION FOR ORDER SHORTENING TIME

As noted above, the City has never received a copy of the proposed moving papers. Without knowing the exact nature of the challenge being brought against the City's ballot measure, the identity of the other defendants, if any, and precisely what relief will be sought, it is impossible for the City to accurately assess whether the automatic stay applies, let alone whether it will stipulate to relief from it.[1]

Conclusion. The City may ultimately choose to oppose the Stay Motion, but it cannot make that determination on one and a half business days of shortened time without the information it has requested since it was first contacted last week. Andal's purported need for urgency is his own doing, and his counsel has repeatedly failed to provide material information upon which the City, other parties, and this Court can weigh his request for relief. The City therefore respectfully submits that Andal should not be rewarded for his bad conduct, and requests that the Court deny the Motion, or, in the alternative, set the hearing on the Stay Motion on a date that provides it and parties in interest with adequate time to determine whether relief from the automatic stay is appropriate and to respond to the Stay Motion.

Dated: August 5, 2013

MARC A. LEVINSON
NORMAN C. HILE
PATRICK B. BOCASH
Orrick, Herrington & Sutcliffe LLP

By: /s/ Marc A. Levinson
MARC A. LEVINSON
Attorneys for Debtor
City of Stockton

---

[1] The Stay Motion also contains a request that the Court abstain under 28 U.S.C. § 1334(c), but until the City sees the proposed writ papers, it cannot respond to that argument, either.