| | |
|---|---|
| 1 | **4** |
| 2 | SCHIFF HARDIN LLP<br>KAROL DENNISTON (Bar No. 141667) |
| 3 | JEFFREY EATON (Bar No. 272717)<br>One Market, Spear Street Tower |
| 4 | Thirty-Second Floor<br>San Francisco, CA 94105 |
| 5 | Tel:  (415) 901-8700<br>Fax:  (415) 901-8701 |
| 6 | Attorneys for Ad Hoc Taxpayers Working Group |

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| In re | Case No.  12-32118 |
| CITY OF STOCKTON, CALIFORNIA, | DC No.: JDE-03 |
| Debtor. | Chapter Number:  9 |
| | **JOINDER OF AD HOC TAXPAYERS WORKING GROUP TO DEAN ANDAL'S MOTION FOR RELIEF FROM AUTOMATIC STAY UNDER 11 U.S.C. SECTION 362(d)(1) AND 28 U.S.C. 1334(c)** |
| | Date: Aug. 20, 2013<br>Time: 9:30 a.m.<br>United States Courthouse<br>Courtroom 35<br>501 I Street<br>Sacramento, CA 95814 |

The Ad Hoc Taxpayers Working Group (the "Working Group"), by and through their undersigned attorneys, hereby submits this joinder ("Joinder") to Dean Andal's Motion for Relief from Stay Under 11 U.S.C. 362(d)(1) and 28 U.S.C. 1334(c) [Dkt. No. 1035] ("Motion for Relief from Stay") and respectfully submits as follows:

## Background

1. The Working Group was formed after an initial meeting of seven taxpayers, held on June 5, 2013. The Working Group has retained Schiff Hardin LLP ("Schiff") to provide counsel in this case, and Schiff filed a Verified Statement pursuant to Federal Rule of Bankruptcy 2019.

2. The Working Group has identified three initial objectives: (1) to analyze and review on behalf of taxpayers the proposed tax increase that the City Manager has advised constitutes part of the Debtor's anticipated plan of adjustment; (2) to work with the Debtor and creditors to ensure the Debtor's proposed plan provides the taxpaying residents a sufficient and reasonably acceptable level of health, safety and welfare services as the City Manager acknowledges is necessary; and (3) to work with the Debtor and all of the constituencies to ensure the plan of adjustment is feasible in terms of providing an appropriate level of services to taxpayers and fiscally sustainable for the reasonably foreseeable future.

3. The Debtor, through its duly elected City Council, held a Special City Council Meeting on July 9, 2013. At the Special City Council Meeting, the City Council approved proposed ballot language for a *general* tax increase that is to be on the November 5, 2013 ballot.

4. On August 2, 2013, Dean Andal ("Mr. Andal") filed a Motion for Relief from Stay, in order to bring a writ of mandate in the Superior Court for the County of San Joaquin against the Debtor, pursuant to California Elections Code § 9295. Mr. Andal seeks to challenge the impartiality of the proposed ballot language approved by the Debtor's City Council through this writ of mandate.

### The Working Group's Joinder to Mr. Andal's Motion for Relief From Stay

5. The Working Group joins the arguments made in Mr. Andal's Motion for Relief from Stay.

6. The Working Group believes that the best way for its initial objectives to be accomplished is for the City to establish new levels of transparency with its taxpayers who are being asked to shoulder an additional tax burden to fund the City's as of yet unfiled plan of adjustment.

7. As of the date of this Joinder, the Working Group does not have sufficient information from the Debtor to officially take a position on the proposed tax increase on the ballot November 5, 2013.

8. The Working Group does not see its support of Mr. Andal's Motion for Relief from Stay as taking a position for or against the proposed tax increase. Rather, it is consistent with the Working Group's constant calls for the Debtor to provide accurate and complete information in connection with this bankruptcy proceeding and in connection with the ballot language.

9. As is clear from reading only the title of the Debtor's proposed ballot language , which states in pertinent part: "Law Enforcement, Crime Prevention, and other essential City Services Measure" for its proposed *general* tax increase, the Debtor is providing neither complete nor accurate information in its proposed ballot language.

10. The Working Group requests this Court grant Mr. Andal's Motion so that a state court can review the language and determine whether it is appropriate since the Debtor has failed to advise voters that it is not permitted to allocate funds raised in connection with a general tax for any specific purpose. To do so would violate the California Government Code. This alone makes the Debtor's ballot language incomplete and inaccurate.

11. Because of issues with the legality of the Debtor's proposed ballot language, it benefits all parties for state court judicial review of the proposed ballot language to occur now.

12. Therefore, the Working Group fully supports Mr. Andal's effort to subject the Debtor's proposed ballot language to state court review to ensure that the ballot measure is accurate, complete, and not misleading.

WHEREFORE, the Working Group respectfully requests that any relief granted by this Court be in conformity with Mr. Andal's Motion for Relief From Stay and the form of the Proposed Order attached thereto, and grant such other and further relief as this Court deems appropriate.

Dated: August 5, 2013                    Schiff Hardin LLP


By:_____
   Karol Denniston
   Jeffrey Eaton
   One Market, Spear Street Tower
   Thirty-Second Floor
   San Francisco, CA 94105
   Tel: (415) 901-8700
   Fax: (415) 901-8701
   Attorneys for Ad Hoc Taxpayers Working Group

44311-0000
SF\320749414.2