MARC A. LEVINSON (STATE BAR NO. 57613)
malevinson@orrick.com
NORMAN C. HILE (STATE BAR NO. 57299)
nhile@orrick.com
PATRICK B. BOCASH (STATE BAR NO. 262763)
pbocash@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
400 Capitol Mall, Suite 3000
Sacramento, California  95814-4497
Telephone:    +1-916-447-9200
Facsimile:     +1-916-329-4900

Attorneys for Debtor
City of Stockton

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| In re:<br><br>CITY OF STOCKTON, CALIFORNIA,<br><br>Debtor. | Case No.  2012-32118<br><br>D.C. No.  JTS-03<br><br>Chapter 9<br><br>**CITY OF STOCKTON'S OPPOSITION TO DEAN ANDAL'S MOTION FOR RECONSIDERATION OF MOTION FOR ORDER SHORTENING TIME TO HEAR MOTION FOR RELIEF FROM AUTOMATIC STAY**<br><br>[No Hearing Scheduled]<br><br>Judge: Hon. Christopher M. Klein |

The City of Stockton, California ("City") opposes the Motion For Reconsideration Of Motion For Order Shortening Time To Hear Motion For Relief From Automatic Stay ("Reconsideration Motion" filed by Dean Andal, "Andal").

The Reconsideration Motion and accompanying Declaration of Joseph T. Speaker falsely assert that the City unilaterally expedited the 10-day examination period during which Andal may seek a writ of mandate challenging the City's ballot measure.  Declaration of Joseph T. Speaker

In Support Of Motion For Reconsideration, etc. ("Speaker Decl."),[1] ¶ 4; Reconsideration Motion, p. 2:19-21. Despite Speaker's statement about what his client allegedly told him, the fact is that the City Clerk has not, in any way, expedited any applicable public examination period. Declaration Of Bonnie Paige In Support Of City Of Stockton's Opposition To Dean Andal's Motion For Reconsideration, etc. ("Paige Decl."), ¶ 2. The City Clerk's obligations with respect to the handling of a ballot measure, including various deadlines, are governed by the Elections Code. *Id*. The City Clerk has followed, and will continue to follow, the deadlines mandated by the State Legislature. *Id*.

Furthermore, it appears that it is Andal, not the City, who is attempting to expedite the ballot measure review process. The City Clerk was informed by an employee of the San Joaquin County Registrar of Voters ("Registrar") that Andal has forwarded to the Registrar a copy of an argument in favor of the ballot measure. Paige Decl., ¶ 3. The City Clerk had forwarded the argument in favor of the ballot measure to Andal in order to enable him to prepare a rebuttal argument, but did not forward it to the Registrar. *Id*. As far as the City Clerk can tell, the receipt of this argument by the Registrar (from Andal) is the only action that Andal can claim as evidence that the public examination process has been accelerated. *Id*. Despite Andal's attempt at self-help, the City Clerk is the only person authorized to forward arguments for or against the ballot measure to the Registrar, and the deadline for filing such arguments is August 16, 2013. *Id*., ¶ 4. Until August 16th, none of the arguments for or against the measure are considered "official", as other arguments could still be received by the City Clerk prior to that date. *Id*. In that event, the City Clerk would have to select, based on criteria enumerated in the Elections Code, which arguments to forward to the Registrar for inclusion in the official ballot. *Id*. As a result, the City Clerk has not yet forwarded any arguments to the Registrar, and will not do so until August 16th. *Id*.

/ / /

/ / /

---

[1] The Speaker declaration is also improper insofar as Speaker testifies to "facts" that are not within his own personal knowledge, but rather within the alleged personal knowledge of his client, Andal. *See* Speaker Decl., ¶ 5. Such statements should have been submitted as part of a declaration made by Andal himself, and should be stricken.

1    Thus, as was the case with Andal's initial Motion For Order Shortening Time, the putative exigency is entirely of Andal's own making. The claim by Speaker and Andal that the City has unilaterally acted to expedite the public examination process is baseless and purposefully misleading.

    Moreover, while he apparently knows enough about the ballot measure to violate the Elections Code and submit an argument regarding the measure to the Registrar, Andal still has not provided the City or the Court with a copy of the petition he is seeking leave to file with the Superior Court. Without knowing the exact nature of the action Andal seeks to bring (including the identity of the defendants and the relief sought), the City cannot adequately respond to his motion for relief from the automatic stay.

    In sum, Andal still has not established a proper basis for an order shortening time, and the Reconsideration Motion should be denied.

Dated: August 14, 2013

                              MARC A. LEVINSON
                              NORMAN C. HILE
                              PATRICK B. BOCASH
                              Orrick, Herrington & Sutcliffe LLP

                              By:    */s/ Marc A. Levinson*
                                  MARC A. LEVINSON
                                  Attorneys for Debtor
                                  City of Stockton