William W. Kannel (*admitted pro hac vice*)
Michael Gardener (*admitted pro hac vice*)
Adrienne K. Walker (*admitted pro hac vice*)
**MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO P.C**.
One Financial Center
Boston, MA 02111
Tel:     617-542-6000
Fax:     617-542-2241
wkannel@mintz.com
mgardener@mintz.com
akwalker@mintz.com

Jeffry A. Davis (SBN 103299)
Abigail O'Brient (SBN 265704)
**MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO P.C**.
44 Montgomery Street, 36th Floor
San Francisco, CA 94104
Tel:     415-432-6000
Fax:     415-432-6001
jdavis@mintz.com
avobrient@mintz.com

Attorneys for
Wells Fargo Bank, National Association, as Indenture Trustee

# UNITED STATES BANKRUPTCY COURT

# EASTERN DISTRICT OF CALIFORNIA

# SACRAMENTO DIVISION

| | |
|---|---|
| In re: | Case No. 12-32118 |
| CITY OF STOCKTON, CALIFORNIA, | DC No. ML-3 |
| Debtor. | Chapter 9 |
| | **SECOND STIPULATION BETWEEN THE CITY OF STOCKTON AND WELLS FARGO BANK, NATIONAL ASSOCIATION, AS INDENTURE TRUSTEE FOR RELIEF FROM THE AUTOMATIC STAY WITH RESPECT TO FUNDS HELD BY RECEIVER** |

Wells Fargo Bank, National Association, as Indenture Trustee (the "Trustee") with respect to the Stockton Public Financing Authority Lease Revenue Bonds, Series 2004 (Parking and

-1-

12624909v.3

Capital Projects), in the original principal amount of $32,785,000 (the "Bonds")[1] and the City of Stockton, the debtor in the above-captioned case (the "City"; together with the Trustee, the "Parties"), hereby enter into this *Second Stipulation Between the City of Stockton and Wells Fargo Bank, National Association, as Indenture Trustee for Relief from the Automatic Stay with Respect to Funds Held by Receiver* (the "Second Stipulation") and stipulate as follows:

## RECITALS

1. The Bonds were issued in accordance with that certain Indenture of Trust (the "Indenture") dated as of June 1, 2004, between the Stockton Public Financing Authority and the Trustee.

2. As of June 28, 2012 (the "Petition Date"), the aggregate amount due on the Bonds was $32,942,312.49, composed of $31,640,000 in principal and $1,302,312.49 in interest. Payments on the Bonds are due on March 1 and September 1 of each year through September 1, 2034.

3. The City failed to make the lease payment on the Bonds due on February 27, 2012 and the Trustee commenced an unlawful detainer suit against the City in the California Superior Court for the County of San Joaquin (the "Superior Court"), case number 39-2012-00277662-CU-UD-STK, to obtain possession of the Edmund S. Coy Parking Garage, the Market Street Parking Garage and the Arena Parking Garage in Stockton, California (the "Garages"). On April 19, 2012, the Superior Court entered a Judgment of Possession after Unlawful Detainer which found that the City was guilty of unlawful detainer and awarded the Trustee possession of the Garages. That same day, the Superior Court entered an Order Appointing Receiver (the "Receivership Order"), which appointed Kevin Whelan as post-judgment receiver of the Garages (the "Receiver"). Pursuant to the Receivership Order, the Receiver is authorized to operate the Garages and collect the revenues from such operations.

---

[1] Wells Fargo enters into this Second Stipulation in its capacity as Indenture Trustee of the Bonds. Wells Fargo also serves as Indenture Trustee for a number of other bonds for which the City is obligated, which are not subject to the terms of this Second Stipulation.

4. Section 2(c) of the Receivership Order provides that "All monies coming into the possession of the Receiver pursuant hereto and not reserved or expended for any of the purposes herein authorized shall be distributed by the Receiver to the Trustee for application pursuant to its Indenture of Trust without further order of the [Superior] Court." The monies held by the Receiver are referred to herein as the "Receivership Funds."

5. Section 9 of the Receivership Order provides that "Upon completion and filing of all monthly reports and ten (10) days after mailing said statements to the parties . . . the Receiver shall be paid from funds held by the Receivership Estate, if any, the amount of such statement [of fees and expenses]."

NOW, THEREFORE, for good and valuable consideration, receipt of which is hereby acknowledged, the Parties hereby agree as follows:

**AGREEMENT**

1. <u>Relief from the Automatic Stay</u>. Upon the entry of an order approving this Second Stipulation (the "Order"), the Trustee and Receiver shall be granted relief from the automatic stay provided for in sections 362(a) and 922(a) of title 11 of the United States Code (the "Bankruptcy Code") to distribute the Receivership Funds pursuant to the Receivership Order.

2. <u>Effectiveness</u>. Notwithstanding anything contained in Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), this Second Stipulation shall be effective upon the entry of the Order on the docket of the above-captioned case and the fourteen-day stay contemplated by Bankruptcy Rule 4001(a)(3) shall not apply. If any provision of the Order is later modified, vacated or stayed by subsequent order of this or any other Court for any reason, such modification, vacation or stay shall not affect the validity of any action taken pursuant to the Order prior to the later of (a) the effective date of such modification, vacation or stay, or (b) the entry of the order pursuant to which such modification, vacation or stay was established.

3. <u>Reservation of Rights</u>. Except as expressly set forth herein, each of the Parties reserves all of its respective rights under the Bankruptcy Code, the Bankruptcy Rules any applicable law, the Indenture, the Bonds and all related documents, including, without limitation,

the rights of the Parties to seek any relief (or to oppose any such relief) to exercise any of their rights and remedies under the Bankruptcy Code at any time.  Without limiting the foregoing, nothing herein shall preclude the Trustee or the Receiver from seeking any other relief that either of them may deem appropriate, including, without limitation, additional relief from the automatic stay.

IN WITNESS WHEREOF, the Parties have caused this Second Stipulation to be duly executed on the date set forth below.

Dated:  August 14, 2013                    */s/ Jeffry A. Davis*
William W. Kannel
Jeffry A. Davis
**MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO P.C**.
Attorneys for Wells Fargo Bank, National Association, as Indenture Trustee

Dated:  August 14, 2013                    */s/ Patrick B. Bocash*
Marc A. Levinson
Patrick B. Bocash
**ORRICK HERRINGTON & SUTCLIFFE LLP**
Attorneys for City of Stockton, Debtor