**6**

MARC A. LEVINSON (STATE BAR NO. 57613)
malevinson@orrick.com
NORMAN C. HILE (STATE BAR NO. 57299)
nhile@orrick.com
PATRICK B. BOCASH (STATE BAR NO. 262763)
pbocash@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
400 Capitol Mall, Suite 3000
Sacramento, California  95814-4497
Telephone:    +1-916-447-9200
Facsimile:    +1-916-329-4900

Attorneys for Debtor
City of Stockton

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| In re:<br><br>CITY OF STOCKTON, CALIFORNIA,<br><br>          Debtor. | Case No.  2012-32118<br><br>Chapter 9<br><br>**CITY OF STOCKTON'S APPLICATION FOR ORDER UNDER FEDERAL RULE OF BANKRUPTCY PROCEDURE 2004 AUTHORIZING EXAMINATION OF 7TH INNING STRETCH, LLC**<br><br>[No Hearing Required]<br><br>Judge:    Hon. Christopher M. Klein |

This Application For Order Under Federal Rule Of Bankruptcy Procedure 2004 Authorizing Examination Of 7th Inning Stretch, LLC (the "Application") by the City of Stockton, California ("City") is based on the following:

## BACKGROUND

1. In 2004, the City financed and constructed an events center that included a 5,200 seat Class A baseball park (the "Stadium"), in addition to a 10,000 seat arena, parking, and other amenities. In 2005, the City entered into a long-term licensing agreement (the "Agreement") for

the use of the Stadium with 7th Inning Stretch, LLC ("SIS"), which owns a minor league baseball team, the Stockton Ports (the "Ports"). The Agreement has an initial term of 25 years, with the option to extend for two additional 7 year periods.

2. Generally, the Agreement concerns issues such as control of the calendar for the Stadium, control and operation of concessions, and related Stadium revenue streams (such as advertising). The terms of the Agreement, which are generally favorable to SIS by league standards, are such that the City must subsidize a portion of the operating costs of the Stadium.

3. On June 28, 2012, the City filed its petition for chapter 9 relief. On April 1, 2013, the Court granted the City's petition, and entered its order for relief.

4. As part of its ongoing development of a plan of adjustment, the City must decide how to treat its Agreement with SIS, including whether to assume or reject the Agreement. In order to determine the best course of action, the City requires basic financial information regarding the performance of the Ports and their use of the Stadium under the Agreement.

5. The City has requested SIS to provide information about SIS's finances, including on August 1, 2013, when the City sent an informal written request to Pat Filippone, authorized agent for service of process for SIS. The City is now seeking such information and data via Rule 2004 because SIS has not yet produced all of the requested information and data.

**RELIEF REQUESTED**

6. The City seeks an order, substantially in the form of Exhibit A, authorizing the City to compel the production of the following documents and materials by SIS, by and through Pat Filippone and/or the person most knowledgeable and/or the custodian of such documents:

   i. All Detailed Internal Operating Revenue/Expense Statements for the Ports and for the use of the Stadium for the past 5 years (2008-2012).

   ii. All Audited Financial Statements for the Ports and for the use of the Stadium for the past 5 years (2008-2012).

   iii. All League Standard Financial Reports for the Ports for the past 5 years (2008-2012).

   iv. All Detailed Current Year Budgets and Projections for the Ports and for the use of the Stadium.

CITY'S APPLICATION FOR ORDER OF EXAMINATION UNDER RULE 2004

    v.    All historical event information for Ports and other non-Ports events held by SIS at the Stadium, including the total number of home games played, the total and average paid attendance, the total and average turnstile attendance, and average ticket prices.

## ARGUMENT

7. Rule 2004 allows for the examination of any entity with respect "to the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate . . . ." Fed. R. Bankr. Proc. 2004(b).

8. Pursuant to the Agreement, the City has licensed use of the Stadium to SIS. Information regarding the financial performance of the Ports and the Stadium under the Agreement is therefore directly relevant to the administration of the City's bankruptcy. Specifically, such information is necessary to aid the City's determination of how to treat the Agreement and any other obligations pertaining to the Stadium in its plan of adjustment. The requested documents therefore fall squarely within the scope of subject matter about which the City can examine SIS under Rule 2004.

WHEREFORE, the City prays that the Court grant the Application in its entirety.

Dated: August 30, 2013

        MARC A. LEVINSON
        NORMAN C. HILE
        PATRICK B. BOCASH
        Orrick, Herrington & Sutcliffe LLP

By:    */s/ Marc A. Levinson*
        MARC A. LEVINSON
        Attorneys for Debtor
        City of Stockton

# Exhibit A

1 | Marc A. Levinson (State Bar No. 57613)        *[Name; State Bar ID No., if applicable]*
   | Orrick, Herrington & Sutcliffe LLP            *[Address]*
2 | 400 Capitol Mall, Ste. 3000, Sacramento, CA  95814-4497
   | (916) 447-9200                                *[Telephone]*
3 | Attorney for Applicant/Applicant *In Propria Persona*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

In re                                )
City of Stockton, California,        )    Case No.  2012-32118
                                     )
                                     )
                                     )
                    Debtor(s).       )

**ORDER GRANTING APPLICATION FOR ORDER OF EXAMINATION UNDER FEDERAL RULE OF BANKRUPTCY PROCEDURE 2004(a)**

Application for examination under Federal Rule of Bankruptcy Procedure (FRBP) 2004(a) having been made by *[insert name of applicant]* the City of Stockton, California  ,

**IT IS ORDERED:**

1. That *[insert name of applicant]* the City of Stockton, California is authorized to examine *[insert name of examinee]* Pat Filippone pursuant to FRBP 2004(a) on the subjects specified in FRBP 2004(b);

2. That pursuant to FRBP 2004(c), attendance for examination and production of documentary evidence may be compelled in the manner provided in FRBP 9016 for the attendance of witnesses at a hearing or trial; and

3. That the examination shall not be scheduled earlier than ___30___ days after service under FRBP 9016 [*must be 30 days after service if production of documentary evidence is requested*].

EDC 6-970B (Rev. 4/21/08) (Page 1 of 2)

**IT IS FURTHER ORDERED** that nothing herein compels the production of privileged or other legally protected matter or precludes the filing of a motion to quash or a motion for a protective order.

Dated:                                              By the Court

                                                    _____
                                                    United States Bankruptcy Judge

EDC 6-970B (Rev. 4/21/08) (Page 2 of 2)