MARC A. LEVINSON (STATE BAR NO. 57613)
malevinson@orrick.com
NORMAN C. HILE (STATE BAR NO. 57299)
nhile@orrick.com
PATRICK B. BOCASH (STATE BAR NO. 262763)
pbocash@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
400 Capitol Mall, Suite 3000
Sacramento, California 95814-4497
Telephone:   +1-916-447-9200
Facsimile:   +1-916-329-4900

Attorneys for Debtor
City of Stockton

# UNITED STATES BANKRUPTCY COURT

# EASTERN DISTRICT OF CALIFORNIA

# SACRAMENTO DIVISION

| In re: | Case No. 2012-32118 |
|---|---|
| CITY OF STOCKTON, CALIFORNIA, | Chapter 9 |
| Debtor. | **CITY'S NOTICE OF SERVICE OF SUBPOENA FOR RULE 2004 EXAMINATION ON 7TH INNING STRETCH, LLC** |
| | [No Hearing Required] |
| | Judge:   Hon. Christopher M. Klein |

PLEASE TAKE NOTICE that pursuant to the Court's Order Granting Application For Order Of Examination Under Federal Rule Of Bankruptcy Procedure 2004(a) [Dkt. No. 1106], and pursuant to Federal Rules of Bankruptcy Procedure 2004(c) and 9016 and Federal Rule of Civil Procedure 45, the City of Stockton, California, will serve the subpoena attached hereto as Exhibit 1 on Pat Filippone, authorized agent for service of process for 7th Inning Stretch, LLC ("SIS").  The subpoena requires Mr. Filippone to produce certain SIS documents for inspection and copying.  Please refer to the attached subpoena for the time, date, and location of the commanded production, as well as the documents sought by the subpoena.

Dated:  September 13, 2013

MARC A. LEVINSON
NORMAN C. HILE
PATRICK B. BOCASH
Orrick, Herrington & Sutcliffe LLP

By: _____*/s/ Marc A. Levinson*_____
MARC A. LEVINSON
Attorneys for Debtor
City of Stockton

# Exhibit 1

UNITED STATES BANKRUPTCY COURT - EASTERN DISTRICT OF CALIFORNIA

In re *[Debtor Name(s)]*:
**City of Stockton, California**

**SUBPOENA FOR RULE 2004 EXAMINATION**

Case No. * **2012-32118**    Chapter **9**

**TO:** **Pat Filippone**
Name
Address **c/o 7th Inning Stretch LLC**
**404 W. Fremont St.**
**Stockton, CA 95203**

☐ YOU ARE COMMANDED to appear and testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure, at the place, date, and time specified below. A copy of the court order authorizing the examination is attached.

| PLACE OF TESTIMONY | DATE AND TIME |
|---|---|
| | |

★ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
See Attachment 1 to this Subpoena.

| PLACE | DATE AND TIME |
|---|---|
| Orrick, Herrington & Sutcliffe LLP<br>400 Capitol Mall, Suite 3000<br>Sacramento, California 95814-4497 | October 14, 2013, 10:00 a.m. |

| ISSUING OFFICER SIGNATURE AND TITLE | DATE |
|---|---|
| /s/ Pat [signature]<br>Attorney for Debtor, City of Stockton | September 13, 2013 |

ISSUING OFFICER'S NAME, ADDRESS, AND PHONE NUMBER

Patrick B. Bocash, Orrick, Herrington & Sutcliffe LLP, 400 Capitol Mall, Ste. 3000, Sacramento, CA 95814 (916) 447-9200

* If the bankruptcy case is pending in a district other than the district in which the subpoena is issued, state the district under the case number.

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| **SERVED** | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____                    _____
                DATE                                    SIGNATURE OF SERVER

                                                       _____
                                                       ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2007, made applicable in cases under the Bankruptcy Code by Rule 9016, Federal Rules of Bankruptcy Procedure:

(c) Protecting a Person Subject to a Subpoena.
  (1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.
  (2) Command to Produce Materials or Permit Inspection.
    (A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    (B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      (i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.
      (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.
  (3) Quashing or Modifying a Subpoena.
    (A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:
      (i) fails to allow a reasonable time to comply;
      (ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
      (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      (iv) subjects a person to undue burden.
    (B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
      (i) disclosing a trade secret or other confidential research, development, or commercial information;
      (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
      (iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial
    (C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      (ii) ensures that the subpoenaed person will be reasonably compensated.

(d) Duties in Responding to a Subpoena.
  (1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:
    (A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    (B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    (C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
    (D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
  (2) Claiming Privilege or Protection.
    (A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      (i) expressly make the claim; and
      (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    (B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(e) Contempt.
The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

**ATTACHMENT 1**

**DEFINITIONS**

As used in these requests:

"The Agreement" means the 2005 long-term licensing agreement between the City of Stockton and 7th Inning Stretch, LLC for the use of the 5,200 seat Class A baseball stadium that the City of Stockton constructed in 2004 and that hosts Ports games and other events.

"The Ports" means the minor league baseball team known as the Stockton Ports.

"The Stadium" means the 5,200 seat Class A baseball park that the City of Stockton constructed in 2004 and that hosts Ports games and other events.

"You" and "Your" mean 7th Inning Stretch, LLC and, where appropriate in the context, 7th Inning Stretch, LLC's past and present employees, agents, counsel, representatives, consultants, financial advisors, investigators, and all persons acting or purporting to act on 7th Inning Stretch, LLC's behalf.

**INSTRUCTIONS**

These requests require that You produce all documents specified herein which are in Your actual or constructive possession, custody, or control.

"All" shall be understood to include and encompass "any." As used herein, the singular shall also be taken to include the plural, and vice versa. Whenever the conjunctive is used, it shall also be taken to include the disjunctive, and vice versa, to bring within the scope of these requests all documents or things which might otherwise be construed to be outside their scope. Additionally, the present tense shall also include the past tense.

The terms "referring to," "relating to," "regarding," and "concerning" as used herein are to be broadly construed and shall mean, without limitation, comprising, constituting, reflecting, regarding, containing quantitative data relating to, pertaining to, commenting upon, indicating, showing, describing, evidencing, discussing, mentioning, embodying, or computing.

You are requested to produce not only those documents in Your possession, custody or control, but also those documents reasonably available to You.  These requests extend to any documents in the possession, custody, or control of Your present or former agents, contractors, accountants, financial advisors, consultants, experts, investigators, or attorneys, or persons or entities acting at the direction or on behalf of, or as a witness for, You.

If You object to part or all of any request, specify the part together with the reasons for the objection.  Produce all documents called for by that part of the request to which You do not object.

If You assert a claim of privilege with respect to part or all of any such document on the grounds of attorney-client privilege, the attorney work product doctrine, or any other basis, describe the document with sufficient particularity to make it susceptible to identification by separately stating the following with respect to any such document:

a) the type of document;

b) the name and position of the writer, sender, or initiator of each copy of the document;

c) the name and position of the recipient, addressee, or party to whom any copy of the document was sent;

    d)    the date of each copy of the document, if any, or an estimate of its date;

    e)    a statement of the basis for the claim of privilege (including, where work product immunity is asserted, identification of the proceeding for which the document was prepared); and

    f)    a general description of the subject matter of the document sufficient for the Court to rule on the applicability and appropriateness of the claimed privilege.

Notwithstanding the assertion of any objection, any purportedly privileged document containing non-privileged material must be disclosed, with the purportedly privileged portion excised. Identify all excised material from a document with sufficient particularity to make it susceptible to identification.

These requests are continuing in nature. If, after making Your initial production, You obtain or become aware of any additional document(s) responsive to these requests and not previously produced, You are requested to produce such additional documents.

**REQUEST FOR PRODUCTION NO. 1:**

All Detailed Internal Operating Revenue/Expense Statements for the Ports for the past 5 years (2008-2012).

**REQUEST FOR PRODUCTION NO. 2:**

All Detailed Internal Operating Revenue/Expense Statements regarding Your use of the Stadium under the Agreement for the past 5 years (2008-2012).

**REQUEST FOR PRODUCTION NO. 3:**

All Audited Financial Statements for the Ports for the past 5 years (2008-2012).

**REQUEST FOR PRODUCTION NO. 4:**

All Audited Financial Statements regarding Your use of the Stadium under the Agreement for the past 5 years (2008-2012).

**REQUEST FOR PRODUCTION NO. 5:**

All League Standard Financial Reports for the Ports for the past 5 years (2008-2012).

**REQUEST FOR PRODUCTION NO. 6:**

All Detailed Current Year Budgets and Projections for the Ports.

**REQUEST FOR PRODUCTION NO. 7:**

All Detailed Current Year Budgets and Projections regarding Your use of the Stadium under the Agreement.

**REQUEST FOR PRODUCTION NO. 8:**

All historical event information for Your events held at the Stadium, including the total number of home games played, the total and average paid attendance, the total and average turnstile attendance, and average ticket prices.