

PDES

FILED

SEP 1 8 2013

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

**FOR PUBLICATION**

**UNITED STATES BANKRUPTCY COURT**

**EASTERN DISTRICT OF CALIFORNIA**

In re:                              )      Case No. 12-32118-C-9
                                    )
CITY OF STOCKTON, CALIFORNIA,  )      DC No. JTS-1
                                    )
              Debtor.          )
                                    )
_____)

**OPINION**

Before: Christopher M. Klein
United States Bankruptcy Judge

Marc A. Levinson (argued), Patrick B. Bocash, Orrick, Herrington
& Sutcliffe LLP, Sacramento, California, for Debtor.

Joseph T. Speaker (argued), Koeller, Nebeker, Carlson & Haluck,
LLP, Roseville, California, for Dean Andal.

KLEIN, Bankruptcy Judge:

Here is another facet of the balance between state
sovereignty and federal bankruptcy power in a chapter 9 case
regarding adjustment of debts of a municipality.  This time it is
citizen litigation challenging a ballot description of a tax
proposed to the electorate by the City of Stockton.

The movant intends to petition a state court for an order
requiring the City to modify its ballot statement describing a

1  tax increase on the ballot in an upcoming election.  The ballot-
2  statement issue potentially presages another dispute whether
3  state law requires that voter approval be by a simple majority or
4  by a super-majority.

5      The question here is whether it is necessary for the
6  bankruptcy court to grant relief from the automatic stay of 11
7  U.S.C. § 362(a) or from the additional automatic stay of 11
8  U.S.C. § 922(a) before the ballot-statement litigation commences.
9  Although the analysis may be straightforward to bankruptcy
10 specialists, the paucity of judicial decisions invites confusion.
11 Parsing those sections in light of the Bankruptcy Code's
12 definition of "claim" for which the common denominator is a right
13 to payment of money leads to the conclusion that relief is not
14 required so long as there is no effort to obtain any kind of
15 monetary award against the City or its officers or personal
16 relief against the officers that would interfere with their
17 duties.  Hence, the proposed plaintiff's precautionary motion for
18 stay relief is denied as unnecessary.

19
20                            Facts

21      The movant and proposed plaintiff, Dean Andal, has tendered
22 to this court a proposed pleading styled "Petition For Peremptory
23 Writ Of Mandate And Alternative Writ Of Mandate" challenging
24 allegedly misleading statements in the City's ballot description
25 of proposed "3/4-cent transaction and use(sales) tax" being
26 placed before the Stockton voters at a special election on
27 November 5, 2013.

        The defendants are Stockton's City Clerk and its Registrar

                                2

of Voters, with the Mayor and Does 1 through 100 named as real parties in interest

The bone of contention is the difference under California law between a "general tax," which can be approved by majority vote, and a "special tax," which requires a two-thirds majority. The immediate issue relates to the accuracy of the City's ballot statement. It is contended that a reference to using the tax to "pay for law enforcement and crime prevention services" is inconsistent with what the City wants categorized as a general tax, hence materially misleading.

This type of pre-election litigation is a cottage industry that has become a regular part of the California electoral process. See, e.g., Howard Jarvis Taxpayers Ass'n v. City of Roseville, 106 Cal. App. 4th 1178 (Cal. Ct. App. 2003).

The City, after reviewing the proposed pleading, does not contend that the bankruptcy automatic stay of § 362(a) applies.

But the City perceives complications as to the additional automatic stay of § 922(a) previously addressed in another decision in this case. In re City of Stockton, 484 B.R. 372, 374-79 (Bankr. E.D. Cal. 2012) ("Stockton III"). Despite conceding that the proposed pleading seems innocuous, it worries that the presence of "Doe" defendants and the demand for "such other and further relief as the court may deem just and equitable" opens the door to mischief that might stray into the zone of offending the § 922(a) additional stay.

The movant has responded to the City's fears by promising that he will not permit the litigation to be transmogrified into personal actions against City officers or inhabitants, that there

3

1 will be no monetary claim of any nature, and he waives all rights
2 to attorney fees and costs.

3                              Discussion

4       The line between litigation against a chapter 9 municipal
5 debtor that does and does not offend the bankruptcy automatic
6 stays of § 362(a) and § 922(a) is vague.

7       Although these stays generally do not block litigation
8 merely challenging the accuracy of statements in a ballot measure
9 proposing a municipal tax, such litigation could stray into
10 prohibited territory when it implicates a claim.

11
12                                 I

13      First, it is important to be precise about the meaning of
14 the term "claim" in the context of "claim against the debtor"
15 because knowing what is, and is not, a "claim" is essential to
16 construing the automatic stays, especially the chapter 9
17 additional automatic stay.  11 U.S.C. § 922(a)(1).  Specialized
18 language of bankruptcy invites confusion because "claim" has
19 different meanings that depend on context.  What is second nature
20 to bankruptcy specialists may be counterintuitive to others.

21      The word "claim" means different things to different
22 lawyers.  For example, all lawyers learn that "claim" is a
23 concept of basic jurisprudence under the rules of res judicata
24 articulated in the Restatement(Second) of Judgments, where
25 "claim" includes all rights of a plaintiff to relief against a
26 defendant arising out of a transactional nucleus of operative

27

                                 4

facts.  RESTATEMENT(SECOND) OF JUDGMENTS § 24.[1]  And "claim" may have other meanings in such specialized areas of the law as insurance.

The Bankruptcy Code defines "claim" as a term of art to refer to a right to payment or a right that can be reduced to a right to payment.  11 U.S.C. § 101(5).[2]  Although a broad concept that encompasses contingent, unmatured, and disputed rights, the

---

[1]The Restatement's concept is:

§ 24.  Dimensions of "Claim" for Purposes of Merger or
       Bar – General Rule Concerning "Splitting"

(1) When a valid and final judgment rendered in an action extinguishes the plaintiff's claim pursuant to the rules of merger or bar (see §§ 18,19), the claim extinguished includes all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose.

(2) What factual grouping constitutes a "transaction", and what groupings constitute a "series", are to be determined pragmatically, giving weight to such considerations as whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage.

RESTATEMENT(SECOND) OF JUDGMENTS § 24.

[2]The definition is:

§ 101(5).  The term "claim" means –

(A) right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or
(B) right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

11 U.S.C. § 101(5).

5

common denominator of a Bankruptcy Code "claim" is an ultimate right to payment. In order to round up and corral stray and uncertain claims, the court is authorized to "estimate" the value of a "claim" for purposes of bankruptcy administration.[3]

In short, the meaning of the word "claim" in a bankruptcy case requires focus on the precise context because "claim" crops up in multiple contexts. When the question is the effect of a prior judgment, claim is used in the sense of the <u>Restatement</u>. Or, when an insurance contract is at issue, the meaning of claim may turn on the terms of the contract at issue or of general insurance law. But when, as here, the language of the Bankruptcy Code is in question, "claim" boils down to a right to payment as defined at § 101(5).

It is the Bankruptcy Code's § 101(5) definition of "claim" that matters for purposes of construing the § 362(a) and § 922(a) automatic stays.

II

The § 362(a) automatic stay does not apply to prevent the

---

[3]The estimation authority is:

§ 502 Allowance of claims or interests

. . .
        (c) There shall be estimated for purpose of allowance under this section –
        (1) any contingent or unliquidated claim, the fixing or liquidation of which, as the case may be, would unduly delay the administration of the case; or
        (2) any right to payment arising from a right to an equitable remedy for breach of performance.

11 U.S.C. § 502(c).

commencement of a judicial action challenging the accuracy of a
ballot statement regarding a local tax measure placed before the
voters during a chapter 9 case.

In construing the § 362(a) automatic stay, it first is
necessary to restate that section, substituting the term
"property of the debtor" for "property of the estate" pursuant to
§ 902(1).  11 U.S.C. § 901(1).  The substitution of terms is
necessary because in a chapter 9 case the inapplicability of
§ 541 means that there is no "estate" and, hence, no "property of
the estate."  Compare 11 U.S.C. § 541, with § 901(a).

The restated chapter 9 version of § 362(a) is set forth in
the margin.[4]

---

[4]In chapter 9 cases, § 362(a), as revised pursuant to
§ 902(1), is:

§ 362(a).  Automatic stay (chapter 9 version)

(a) Except as provided in subsection (b) of this
section, a petition filed under section 301 operates as a
stay, applicable to all entities, of –
(1) the commencement or continuation, including the
issuance or employment of process, of a judicial,
administrative, or other action or proceeding against the
debtor that was or could have been commenced before the
commencement of the case under this title, or to recover a
claim against the debtor that arose before the commencement
of the case under this title;
(2) the enforcement, against the debtor or against
property of the debtor, of a judgment obtained before the
commencement of the case under this title;
(3) any act to obtain possession of property of the
debtor or of property from the debtor or to exercise control
over property of the debtor;
(4) any act to create, perfect, or enforce any lien
against property of the debtor;
(5) any act to create, perfect, or enforce against
property of the debtor any lien to the extent that such lien
secures a claim that arose before the commencement of the
case under this title;
(6) any act to collect, assess, or recover a claim

Six of the eight subsections of § 362(a) are plainly inapplicable to litigation aimed at an allegedly inaccurate ballot statement regarding a tax proposed during the chapter 9 case.  The five of those subsections that are keyed to the phrase "before the commencement of the case" do not pertain to a dispute grounded in events that arose after the commencement of the case. 11 U.S.C. §§ 362(a)(1), (2), (5), (6), and (7).  The sixth applies only to a taxpayer debtor that is a corporation.  11 U.S.C. § 362(a)(8).  The Bankruptcy Code definition of "corporation" does not include a municipality.  11 U.S.C. § 101(9).

The only two subsections of § 362(a) that encompass post-petition matters that are not necessarily grounded in pre-filing events are §§ 362(a)(3) and (a)(4).

The basic subject matter of the litigation is not aimed at obtaining possession of property of the debtor, obtaining property from the debtor, or to exercise control over property of the debtor.  11 U.S.C. § 362(a)(3).

The City's money is property of the debtor within the

against the debtor that arose before the commencement of the case under this title;
(7) the setoff of any debt owing to the debtor that arose before the commencement of the case under this title against any claim against the debtor; and
(8) the commencement or continuation of a proceeding before the United States Tax Court concerning a tax liability of a debtor that is a corporation for a taxable period the bankruptcy court may determine or concerning the tax liability of a debtor who is an individual for a taxable period ending before the date of the order for relief under this title.

11 U.S.C. § 362(a), revised pursuant to 11 U.S.C. § 902(1).

meaning of § 362(a)(3).  While the theoretical possibility of a monetary award in the form of fees, costs, or otherwise leaves a potential for offending § 362(a)(3), the movant promises that there will be no such attempt to obtain a monetary award of any nature and has expressly waived all rights to attorney fees and costs.  If that assurance turns out to be inadequate, this court has tools at hand to deal with a transgression.

Nor is there a significant risk that the ballot statement litigation would lead to an act to create, perfect, or enforce any lien against property of the debtor.  11 U.S.C. § 362(a)(4). Among other things, it is not clear that a judicial lien against property of the City would, as a matter of law, be available.

In short, the § 362(a) automatic stay does not bar the filing and prosecution of the ballot statement litigation so long as it does not lead to a monetary award against the City.

## III

The additional automatic stay of § 922(a) stays, inter alia, the commencement or continued prosecution of an action or proceeding against an officer or inhabitant of the debtor "that seeks to enforce a claim against the debtor."  11 U.S.C. § 922(a)(1);[5] Stockton III, 484 B.R. at 377-79.

---

[5]The text of the additional automatic stay is:

§ 922(a).  Automatic stay of enforcement of claims against the debtor

(a) A petition filed under this chapter operates as a stay, in addition to the stay provided by section 362 of this title, applicable to all entities, of -
(1) the commencement or continuation, including the

9

The action names as parties Stockton's Mayor, City Clerk, and Registrar of Voters.  Each of these individuals is within the class protected by § 922(a)(1) as an officer or inhabitant of the City.

The question becomes whether the ballot statement litigation does purports to seek, as provided by § 922(a)(1), to "enforce a claim against the debtor."  11 U.S.C. § 922(a)(1).

Here, the different meanings of claim become important.  To be sure, the cause of action under California law regarding ballot statements states a "claim" within the generic procedural concept of a claim.  Rather, the "claim" to which § 922(a)(1) adverts is the term as defined at § 101(5) as to which, as noted, the common denominator is a right to payment or a right that can be reduced to a right to payment.  11 U.S.C. § 101(5).

As with the analysis of § 362(a)(3), the basic subject matter of the ballot statement litigation does not implicate a right to payment and, at that level, would not constitute a "claim against the debtor" within the meaning of § 101(5).  But it is possible that the litigation might lead to some form of monetary award in the form of fees, costs, or otherwise, that might offend § 922(a)(1).  But the movant promises that there will be no such attempt to obtain a monetary award of any nature

---

issuance or employment of process, of a judicial, administrative, or other action or proceeding against an officer or inhabitant of the debtor that seeks to enforce a claim against the debtor; and
(2) the enforcement of a lien on or arising out of taxes or assessments owed to the debtor.

11 U.S.C. § 922(a).

10

1  and has expressly waived all rights to attorney fees and costs.
2  As with § 362(a)(3), if that assurance turns out to be
3  inadequate, this court has corrective tools at hand.

4     In sum, based on the condition agreed by the movant
5  forswearing all monetary relief, § 922(a)(1) does not operate to
6  stay the ballot statement litigation.

7

8                              IV

9     A further consideration also affects the analysis of the
10  ballot statement litigation.  As part of the balance between
11  state sovereignty and the exclusive bankruptcy power of the
12  federal sovereign, Bankruptcy Code § 903 reserves state power to
13  control municipalities by legislation or otherwise in the
14  exercise of political or governmental powers of the chapter 9
15  municipal debtor.  11 U.S.C. § 903.[6]

16     Providing for, and regulating, elections and methods for
17  approval of local taxes represents state control of the exercise
18  of political or governmental powers of a municipality within the

19

20     [6]That section provides:

21     § 903. Reservation of State power to control municipalities

22        This chapter does not limit or impair the power of a
       State to control, by legislation or otherwise, a
23     municipality of or in such State in the exercise of the
       political or governmental powers of such municipality,
24     including expenditures for such exercise, but –
          (1) a State law prescribing a method of composition of
25     indebtedness of such municipality may not bind any creditor
       that does not consent to such composition; and
26        (2) a judgment entered under such a law may not bind a
27     creditor that does not consent to such composition.

   11 U.S.C. § 903.

                              11

1  meaning of § 903.

2      Correlatively, Congress has barred this court from

3  interfering with any of the political or governmental powers of

4  the City.  11 U.S.C. § 904(1);[7] Ass'n of Retired Employees of the

5  City of Stockton v. City of Stockton (In re City of Stockton),

6  478 B.R. 8, 16-20 (Bankr. E.D. Cal. 2012) (construing § 904).

7      Proposing a local tax for voter approval is an exercise of

8  the political or governmental powers of the City within the

9  meaning of § 904(1).

10      Moreover, recognition of the possibility of a need for

11  electoral or regulatory approval of provisions in a chapter 9

12  plan of adjustment is embodied in the plan confirmation

13  requirements.  Regulatory or electoral approval necessary under

14  applicable nonbankruptcy law to carry out a plan provision must

15  either have been obtained before confirmation or the provision

16  must be conditioned on such approval.  11 U.S.C. § 943(b)(6).[8]

17

18      [7]The statute provides:

19      § 904.  Limitation on jurisdiction and powers of court

20          Notwithstanding any power of the court, unless the
           debtor consents or the plan so provides, the court may not,
21         by any stay, order, or decree, in the case or otherwise,
           interfere with –
22             (1) any of the political or governmental powers of the
           debtor;
23             (2) any of the property or revenues of the debtor; or
               (3) the debtor's use or enjoyment of an income-
24         producing property.

25  11 U.S.C. § 904.

26      [8]The statute provides in relevant part:

27      § 943 Confirmation
       . . .

12

1    In light of the § 903 reservation of state power, the § 904

2  limitation on the power of this court, and of the § 943(b)(6)

3  requirement of necessary electoral approval as an essential

4  element of plan confirmation, it would be strange if the

5  automatic stay of § 362(a) or the additional automatic stay of

6  § 922(a) were to be construed in a manner that would thwart the

7  ordinary course of state electoral process.

8

9                                    * * *

10    The movant's ballot statement litigation is not subject to

11  the automatic stay of § 362(a) or to the additional automatic

12  stay of § 922(a), the movant having forsworn any effort to obtain

13  any form of monetary award against the City.

14    An appropriate order shall be entered.

15

16  Dated:    September 17, 2013.

17

18                          _____
                                  United States Bankruptcy Judge
19

20

21

22

23

24    (b) The court shall confirm the plan if —

25            . . .
            (6) any regulatory or electoral approval necessary
26  under applicable nonbankruptcy law in order to carry out any
    provision of the plan has been obtained, or such provision
27  is expressly conditioned on such approval;

11 U.S.C. § 943(b)(6).

                                    13

INSTRUCTIONS TO CLERK OF COURT
SERVICE LIST

**The Clerk of Court is instructed to send the attached document, via the BNC, to the following parties:**

Marc A. Levinson
400 Capitol Mall #3000
Sacramento CA 95814-4407

Office of the U.S. Trustee
Robert T Matsui United States Courthouse
501 I Street, Room 7-500
Sacramento CA 95814

Jerrold E. Abeles
555 W 5th St 48th Fl
Los Angeles CA 90013

Steven H. Felderstein
400 Capitol Mall #1450
Sacramento CA 95814-4434

Christina M. Craige
555 W 5th St #4000
Los Angeles CA 90013

Alan C. Geolot
1501 K St NW
Washington DC 20005

Guy S. Neal
1501 K St NW
Washington DC 20005

Michael M. Lauter
4 Embarcadero Ctr 17th Fl
San Francisco CA 94111-4109

Robert S. McWhorter
621 Capitol Mall, 25th Floor
Sacramento CA 95814

Allan H. Ickowitz
777 S. Figueroa Street, 34th Floor
Los Angeles CA 90017

14

Roberto J. Kampfner
633 West Fifth Street Suite 1900
Los Angeles CA 90071

James O. Johnston
555 S Flower St 50th Fl
Los Angeles CA 90071

Scott H. Olson
560 Mission Street, Suite 3100
San Francisco CA 94105

William A. Van Roo
13863 Quaterhorse Dr.
Grass Valley CA 95949

Richard A. Lapping
101 California Street, Ste. 3900
San Francisco CA 94111

Lawrence A. Larose
200 Park Ave
New York NY 10166-4193

Sarah L. Trum
1111 Louisiana 25th Fl
Houston TX 77002

Donna T. Parkinson
400 Capitol Mall Suite 2560
Sacramento CA 95814
David E. Mastagni
1912 I St
Sacramento CA 95811

Robert B. Kaplan
2 Embarcadero Center 5th Fl
San Francisco CA 94111-3824

Nicholas DeLancie
Two Embarcadero Center, 5th Floor
San Francisco CA 94111

John A. Vos
1430 Lincoln Ave
San Rafael CA 94901

15

1  Jeffry A. Davis
   44 Montgomery St 36th Fl
2  San Francisco CA 94104

3
   Abigail V. O'Brient
4  3580 Carmel Mountain Rd #300
   San Diego CA 92130
5
6  William W. Kannel
   1 Financial Center
7  Boston MA 02111

8
   George S. Emblidge
9  220 Montgomery St #2100
   San Francisco CA 94104
10
   John P. Briscoe
11 Law Offices of Mayall Hurley, PC
   2453 Grand Canal Blvd., 2nd Floor
12 Stockton, CA 95207

13 Karol K. Denniston
   1 Market 32nd Fl
14 Spear Street Tower
   San Francisco CA 94105
15
16 Jeffrey D. Eaton
   233 S Wacker Dr #6600
17 Chicago IL 60606

18
   Joseph T. Speaker
19 1478 Stone Point Dr #400
   Roseville CA 95661
20
21
22
23
24
25
26
27

16