Case 12-32118    Filed 09/19/13    Doc 1115



**FILED**

SEP 1 9 2013

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

Frederick B. Butterworth
320 Laurelwood Lane
Ripon, California
95366

September 16, 2013

12-32118

Honorable Christopher Klein
United States Bankruptcy Court
Eastern District of California, Sacramento Division
501 "I" Street, Suite 3-200
Sacramento, CA 95814

SUBJECT: Concern about Action Taken by the Official Committee of Retirees
Case: City of Stockton, Debtor

Honorable Judge Klein:

I am a member of the Official Committee of Retirees. I believe that a recent Committee action approving a Retiree Health claims calculation methodology clearly and unreasonably discriminates on the basis of Marital Status, specifically, against Single retirees. I do not know where to turn.

The Official Committee of Retirees has 13 members. I am the only Single member. Of the 12 married members, five members have spouses who are also Stockton City retirees. As the Committee's only Single member, I represent approximately 350 Single retirees, significantly one-third of all city retirees with Retiree Health claims.

The Retirees Committee recently voted 8-1 ("no" vote mine) to approve a Retiree Health claims calculation methodology that fully values the lifetime family member coverage benefit for Married retirees but zeroes it out for Single retirees, even though the original benefit plan allowed for coverage of one family member or at any future time a new spouse. That lost benefit has claims value that the Committee does not recognize. The Committee's action to fully value the health benefit for Married retirees while zeroing it out for Single retirees is internally inconsistent and clearly discriminatory based on marital status.

The internal inconsistency and discrimination is even more evident in the situation of a city retiree who is married to another city retiree such as is the case with five Committee members including the Chairperson. The Committee approved a Retiree Health claims calculation methodology that allows a city retiree married to another city retiree to receive full claim value for their family member coverage, thus giving the married couple claims valuation for FOUR people when there are only the two of them. While the married city retiree couple enjoys their combined claim being valued equivalent to four persons (two of whom don't exist), they oddly tell a Single retiree like me that my real-life flesh-and-blood family member has no post-age 23 claim value at all.

In short, a retiree health claim valuation methodology for the family member benefit should apply, actuarially, to every city retiree or none.

September 16, 2013
Letter to Honorable Judge Christopher Klein from Frederick B. Butterworth
Page 2

A health claims calculation methodology that is conceptually inconsistent and discriminatory has an impact beyond Single retirees. It could potentially threaten the legitimacy and success of proposed settlements in general. Other creditors could find weakness in, and challenge, a claims calculation methodology that gives, in such a dire time of bankruptcy, double claim value to five members of the Retirees Committee including the Chairperson, while they deny claim value to a direct family member of a Single retiree.

I tried to resolve my concerns internally. I requested that Committee Counsel review the language of the retiree health benefit for a conclusion regarding the family member coverage issue I raised. The Committee Chairperson exercised his unilateral authority to decline my request, his reason "…to be consistent with the vote and position of the Committee." However, the Chairperson rushed the Committee vote less than 48 hours after claims calculation detail became available for Committee members to review. A review period of less than 48 hours followed by a Marital Status-skewed vote is not a respectable foundation for declaring the subject closed.

At least two Committee members urged me to accept the Committee vote and move on. However, there is no moral high ground for an advantaged party to urge a disadvantaged party to move on. I'm the only Committee member taking responsibility for representing around 350 Single retirees.

A thoughtful British writer once said "Opinions are made to be changed – or how else is truth to be found?"

To avoid Marital Status discrimination, I would recommend simply that retiree health claim valuation include one family member as either (1) the family member on the retiree's plan on 6/30/12 carried out actuarially for a full life span (i.e., beyond age 23), or (2) in the absence of a family member being on the plan as of 6/30/12, the addition of the actuarial value of a prospective future spouse based on probability assumptions that an actuary can readily create.

Sincerely,

*Rick Butterworth*

Frederick (Rick) B. Butterworth
Member, Official Committee of Retirees
rbutterworth52@hotmail.com
209-613-2685 cell