15

1  MARC A. LEVINSON (STATE BAR NO. 57613)
   malevinson@orrick.com
2  NORMAN C. HILE (STATE BAR NO. 57299)
   nhile@orrick.com
3  PATRICK B. BOCASH (STATE BAR NO. 262763)
   pbocash@orrick.com
4  ORRICK, HERRINGTON & SUTCLIFFE LLP
   400 Capitol Mall, Suite 3000
5  Sacramento, California  95814-4497
   Telephone:     +1-916-447-9200
6  Facsimile:     +1-916-329-4900

7  Attorneys for Debtor
   City of Stockton
8

9              UNITED STATES BANKRUPTCY COURT

10             EASTERN DISTRICT OF CALIFORNIA

11                  SACRAMENTO DIVISION

12

13 In re:                              Case No.  2012-32118

14 CITY OF STOCKTON, CALIFORNIA,       D.C. No.  OHS-11

15           Debtor.                   Chapter 9

16                                     **MOTION FOR AN ORDER**
                                       **APPROVING DISCLOSURE**
17                                     **STATEMENT WITH RESPECT TO**
                                       **THE PLAN FOR THE ADJUSTMENT**
18                                     **OF DEBTS OF CITY OF STOCKTON,**
                                       **CALIFORNIA, DATED OCTOBER 10,**
19                                     **2013, AND SETTING CONFIRMATION**
                                       **PROCEDURES; MEMORANDUM IN**
20                                     **SUPPORT THEREOF**

21                                     Date:        November 18, 2013
                                       Time:        1:00 p.m.
22                                     Dept:        Courtroom 35
                                       Judge:       Hon. Christopher M. Klein
23

24

25

26

27

28

1    **NOTE:  The Bankruptcy Court Has Not Yet Approved The Disclosure Statement**

2    **Pursuant To Section 1125(b) Of The Bankruptcy Code For Use In The Solicitation Of Votes**

3    **In Favor Of Or In Opposition To The Plan Of Adjustment Of Debts Described Herein.  The**

4    **Filing And Distribution Of This Motion For Order Approving Disclosure Statement, Etc.**

5    **Therefore Is Not Intended As, And Should Not Be Construed To Be, A Solicitation Of**

6    **Acceptance Or Rejection Of That Plan Or Of Any Other Plan Of Adjustment.**

MOTION FOR AN ORDER APPROVING DISCLOSURE
STATEMENT WITH RESPECT TO THE PLAN FOR
THE ADJ. OF DEBTS OF CITY OF STOCKTON

# TABLE OF CONTENTS

| | | Page |
|---|---|---|

I.      INTRODUCTION ........................................................................................... 2

II.     FACTUAL BACKGROUND ........................................................................ 2

    A.      The Plan and Disclosure Statement............................................... 2

    B.      Voting Procedures, Balloting Deadline, Confirmation Hearing, And Other Important Dates, Deadlines, And Procedures ................................................. 3

        1.      Proposed Solicitation and Confirmation Procedures ................................. 3

        2.      Proposed Vote Tabulation Procedures ...................................... 4

        3.      Proposed Confirmation Schedule and Procedures ...................... 5

III.    ARGUMENT ................................................................................................ 6

    A.      The Court Should Approve The Disclosure Statement Because It Contains Adequate Information For Voters In Impaired Classes To Make An Informed Judgment On The Plan ................................................................. 6

    B.      The Proposed Form Of Ballot ........................................................... 7

    C.      The Court Should Approve The Proposed Procedures For Soliciting And Tabulating Votes As Being In Accordance With Applicable Provisions Of The Bankruptcy Code And The Bankruptcy Rules.................................... 7

    D.      The Court Should Schedule The Confirmation Hearing And Fix Related Time Periods For Filing Objections And Voting To Accept Or Reject The Plan So That Confirmation Can Proceed Efficiently ............................. 9

IV.     CONCLUSION ............................................................................................ 10

# TABLE OF AUTHORITIES

**Page(s)**

## FEDERAL CASES

*In re Ferretti*,
128 B.R. 16 (Bankr. D. N.H. 1991) ............................................................. 6

*In re Scioto Valley Mortg. Co.*,
88 B.R. 168 (Bankr. S.D. Ohio 1988) .......................................................... 6

*In re Stanley Hotel, Inc.*,
13 B.R. 926 (Bankr. D. Colo. 1981) ............................................................ 6

*Tex. Extrusion Corp. v. Lockheed Corp.* (*In re Tex. Extrusion Corp.*),
844 F.2d 1142 (5th Cir. 1988) ...................................................................... 6

## FEDERAL STATUTES

11 U.S.C.

§ 101 *et seq.* ...................................................................................................... 2

§ 1125 ............................................................................................................. 2, 3

§ 1125(a)(1) ....................................................................................................... 6

§ 1125(b) ........................................................................................................ 2, 6

§ 1129(b) ............................................................................................................ 3

28 U.S.C.

§ 157(b)(2)(L) .................................................................................................... 1

§§ 157(b) and 1334 ........................................................................................... 1

§§ 1408 and 1409 ............................................................................................. 1

## RULES

Fed. R. Bankr. P.

2002(b) ............................................................................................................... 7

2002(b) and 3020(b)(2) ..................................................................................... 9

2002(g) ........................................................................................................... 7, 8

# TABLE OF AUTHORITIES
## (cont'd)

Page(s)

3003(c)(2) ................................................................................................................ 4, 8

3003(c)(2) ................................................................................................................... 8

3017 ........................................................................................................................... 8

3017(c) ....................................................................................................................... 9

3017(d) .................................................................................................................... 7, 8

3018(a) ....................................................................................................................... 8

3020(b) ....................................................................................................................... 9

The City of Stockton, California (the "City"), the debtor in the above-captioned case, moves (by this "Motion") for entry of an order approving the adequacy of the Disclosure Statement With Respect To Plan For The Adjustment Of Debts Of City Of Stockton, California, dated October 10, 2013 (the "Disclosure Statement" with respect to the "Plan") and setting certain related deadlines. The City's bases for relief are more fully described in the accompanying memorandum of points and authorities (the "Memorandum").

## RELIEF REQUESTED

The Motion seeks an order approving the Disclosure Statement and setting a timeline for (i) voting on the Plan, (ii) the filing of a confirmation brief in support of the Plan, and (iii) the filing of any objections to the Plan. It also requests that the Court set a confirmation hearing. The City submits that the Disclosure Statement contains adequate information of a kind, and in sufficient detail, that would enable a typical holder of claims in a class impaired under the Plan to make an informed judgment with respect to the Plan.

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(b) and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(L). Venue in the Eastern District of California is appropriate pursuant to 28 U.S.C. §§ 1408 and 1409.

This Motion is based on the Memorandum, the record in this case, and the evidence, arguments, and representations that may be presented at or prior to the hearing on the Motion.

WHEREFORE, the City respectfully requests that the Court enter an order: (i) approving the Disclosure Statement as containing adequate information; (ii) setting deadlines relating to the confirmation process; (iii) setting a hearing on confirmation of the Plan; and (iv) granting such other and further relief as the Court deems to be just and proper.

Dated: October 10, 2013                    Orrick, Herrington & Sutcliffe LLP


                                           By: _____ */s/ Marc A. Levinson* _____
                                               MARC A. LEVINSON
                                               Attorneys for Debtor
                                               City of Stockton

1

**MEMORANDUM OF POINTS AND AUTHORITIES**

2   **I.      INTRODUCTION**

3           The City filed the Plan and Disclosure Statement on October 10, 2013.  Pursuant to

4   Bankruptcy Code § 1125,[1] this Court's approval of the Disclosure Statement is necessary before

5   the City can solicit votes in favor of the Plan and otherwise proceed toward confirmation of the

6   Plan.  Because it believes that the Disclosure Statement contains adequate information of a kind,

7   and in sufficient detail, that would enable a typical holder of claims in a class impaired under the

8   Plan to make an informed judgment with respect to the Plan, the City requests that the Court

9   approve the Disclosure statement pursuant to § 1125(b).  Should the Court approve the Disclosure

10  Statement, the City also requests that the Court approve the voting and confirmation procedures

11  described herein.

12  **II.     FACTUAL BACKGROUND**

13          **A.      The Plan and Disclosure Statement.**

14          The Plan involves the restructuring of the approximately $300 million of publicly held

15  securities, certain of which evidence and represent undivided fractional interests in General Fund

16  leases of many of the City's capital assets.  Some of these leased assets are important and/or

17  essential to municipal operations (such as the Main Police Facility, Fire Stations 1, 5, and 14, the

18  Maya Angelou Southeast Branch Library, the Stewart/Eberhardt Building, the Stockton Arena,

19  and certain parking structures).  The Plan also addresses and resolves (1) the City's obligations to

20  current and former employees; (2) claims arising from tort and breach of contract lawsuits against

21  the City; and (3) various other claims.  The Plan does not seek to alter the City's pension

22  obligations to its employees, its retirees, or to CalPERS, the trustee of the applicable pension

23  trusts.

24          The Bankruptcy Code requires that a plan proponent prepare and file a "disclosure

25  statement" that provides information of a kind, and in sufficient detail, that would enable a typical

26  holder of claims in a class impaired under that plan to make an informed judgment with respect to

27

28  _____
[1] All code section citations in the Motion and Memorandum are to the United States Bankruptcy Code, 11 U.S.C. §101 *et seq.*, unless otherwise noted.

MOTION FOR AN ORDER APPROVING DISCLOSURE
STATEMENT WITH RESPECT TO THE PLAN FOR
THE ADJ. OF DEBTS OF CITY OF STOCKTON

1   the plan.  *See* 11 U.S.C. § 1125.  As detailed more fully below, the City submits that the

2   Disclosure Statement provides such information.

3          Should the Court approve the Disclosure Statement, the City will provide copies of the

4   Disclosure Statement and ballots to all known holders of impaired claims in the Impaired

5   Classes.[2]  In the event of a rejection of the Plan by any of the Impaired Classes, the City will

6   request that the Court confirm the Plan in accordance with the cramdown provisions of

7   Bankruptcy Code § 1129(b), which provisions permit confirmation notwithstanding such

8   rejection if the bankruptcy court finds, among other things, that the plan at issue "does not

9   discriminate unfairly" and is "fair and equitable" with respect to each rejecting class.

10         For the conservation of judicial and party resources, the City requests that the Court not

11  only rule on the adequacy of the Disclosure Statement, but also approve voting procedures and

12  deadlines for the confirmation of the Plan.

13         **B.**     **Voting Procedures, Balloting Deadline, Confirmation Hearing, And Other**
           **Important Dates, Deadlines, And Procedures.**

14

15              **1.**     **Proposed Solicitation and Confirmation Procedures.**

16         Should the Court approve the Disclosure Statement, the City proposes the following

17  procedures to ensure that the solicitation of votes to accept or reject the Plan proceeds in an

18  orderly fashion:

19         ***Solicitation Packages.***  The City will serve the following documents on all parties entitled

20  to vote on the Plan (the documents, collectively, constitute the "Solicitation Package"):  (1) the

21  Disclosure Statement; (2) the Plan (which will be an exhibit to the Disclosure Statement); (3) a

22  form of ballot approved by the Court; (4) a notice of the Confirmation Hearing and related

23  deadlines and procedures (the "Confirmation Notice"); and (5) a Plan supplement that contains

24  new contractual and related agreements with the City's creditors.

25  / / /

26  / / /

27

28  ───────────────
    [2] Unless otherwise defined here, capitalized terms shall have the meaning defined in the Plan or the Disclosure
    Statement.

MOTION FOR AN ORDER APPROVING DISCLOSURE
STATEMENT WITH RESPECT TO THE PLAN FOR
THE ADJ. OF DEBTS OF CITY OF STOCKTON

***Service on Parties Not Entitled To Vote.***  The City also will serve a courtesy copy of the Solicitation Package on all parties or their counsel who have filed and served a request for special notice.

The City proposes to use the official form of ballot (Official Form No. 14) or a variant thereof for each Impaired Class.  Proposed forms of such ballots will be filed and served prior to the hearing on approval of the Disclosure Statement.

## 2. <u>Proposed Vote Tabulation Procedures.</u>

In order to calculate accurately and efficiently all votes cast to accept or reject the Plan, the City proposes that the following vote tabulation procedures be approved in connection with the Plan:

***Voting Deadline.***  As set forth below, the City requests that the Court establish a deadline for voting on the Plan ("Voting Deadline") that is 28 days after the Solicitation Package is served.

***Non-Filing Parties***. Pursuant to Federal Rule of Bankruptcy Procedure 3003(c)(2), any party who has not timely filed a proof of claim and whose claim is not subject to § 925 will not be eligible to vote to accept or reject the Plan.

***Amount of Claim Voted.***  Solely for tabulation purposes, the amount of an eligible claim voted to accept or reject the Plan will be, as applicable: (1) the fixed liquidated amount set forth in a proof of claim (the "Claim Amount")[3], which proof of claim (a) was filed on or before the applicable claims bar date, and (b) is not subject to a pending objection or request for estimation filed on or before the Voting Deadline; or (2) the amount estimated for voting purposes by order of the Bankruptcy Court.  The claim amount set forth in a ballot will not prejudice the rights of the City or any other party in interest from objecting to the amount of such claim for allowance and distribution purposes.

In the case of Retiree Health Benefit Claimants, the City, after consultation with the Retirees Committee, will soon file an updated creditors list setting forth the amount of each Retiree Health Benefit Claim.  No Retiree Health Benefit Claimant was or is required to file a

---

[3] The Claim Amount will include only those liquidated dollar amounts specified in a proof of Claim.  For example, if a proof of claim lists a claim for "$100 plus accrued interest and attorney's fees," then the Claim Amount will be $100.

MOTION FOR AN ORDER APPROVING DISCLOSURE STATEMENT WITH RESPECT TO THE PLAN FOR THE ADJ. OF DEBTS OF CITY OF STOCKTON

1    separate proof of claim, and the amount of each Retiree Health Benefit Claim for tabulation

2    purposes shall be the amount set forth in the updated creditors list.  If any Retiree Health Benefit

3    Claimant submits a proof of claim for his or her Retiree Health Benefit Claim in an amount

4    different from that set forth in the updated creditors list, the amount of such Retiree Health

5    Benefit Claim for tabulation purposes shall be the amount listed in the proof of claim if such

6    proof of claim is not subject to a pending objection.  If such proof of claim is subject to a

7    pending objection, the amount of such Retiree Health Benefit Claim for tabulation purposes shall

8    be the amount listed in the amended creditors list.

9         *Multiple Ballots.*  If, on or before the Voting Deadline, a creditor casts more than one

10   ballot voting the same claim, then the last ballot received prior to the Voting Deadline will

11   supersede any prior ballot(s).

12        *Acceptance/Rejection.*  If a creditor submits a ballot that (1) fails to indicate whether the

13   creditor accepts or rejects the Plan, or (2) purports both to accept and reject the Plan, then such

14   ballot will be counted as a vote to accept the Plan.

15        *Invalid Ballots.*  The following types of ballots will be disregarded for purposes of

16   tabulating votes to accept or reject the Plan: (1) ballots that are incomplete (other than with

17   respect to acceptance or rejection); (2) ballots that were not received by the ballot Tabulator on or

18   before the Voting Deadline; and (3) ballots purporting to vote one or more claims that are

19   unclassified or not otherwise entitled to vote under the Plan.

20        *Ballot Tabulator.*  Rust Consulting/Omni Bankruptcy will serve as the City's ballot

21   Tabulator to receive and tabulate the ballots for the Plan and prepare the ballot tabulation

22   analysis.

23            **3.**          **Proposed Confirmation Schedule and Procedures.**

24        The City believes that scheduling a hearing to confirm the Plan ("Confirmation Hearing")

25   in late January or early February will provide sufficient time to prepare the ballot tabulation, legal

26   briefing and evidentiary record required for the Court to consider the confirmation of the Plan.

27   Subject to the Court's availability, and assuming that the Disclosure Statement is approved on or

28   about November 18, 2013, the City proposes that: (i) the date that is no later than 14 days after

MOTION FOR AN ORDER APPROVING DISCLOSURE
STATEMENT WITH RESPECT TO THE PLAN FOR
THE ADJ. OF DEBTS OF CITY OF STOCKTON

1    the hearing at which the Disclosure Statement is approved be fixed as the deadline for the mailing

2    of the Solicitation Packages; (ii) the date that is 28 days after service of the Solicitation Packages

3    be fixed as the Voting Deadline as well as the last date to timely file and serve objections to the

4    confirmation of the Plan; and (iii) a date that is no fewer than 21 days after the Voting Deadline

5    and no fewer than seven days prior to the hearing on confirmation of the Plan be fixed as the last

6    day for the Debtor to file its memorandum in support of the Plan, including the ballot tabulation

7    analysis and any responses to objections to confirmation.

8          To the extent required based on the timing of the approval of the Disclosure Statement

9    and/or the Court's schedule, the Debtor requests that these dates be adjusted accordingly.

10   **III.**    **ARGUMENT**

11        **A.**    **The Court Should Approve The Disclosure Statement Because It Contains**
             **Adequate Information For Voters In Impaired Classes To Make An Informed**

12            **Judgment On The Plan.**

13          Before the City can solicit votes on the Plan, the Court must approve, after notice and a

14    hearing, a written disclosure statement "containing adequate information."  11 U.S.C. § 1125(b).

15    "Adequate information" is defined as "information of a kind, and in sufficient detail . . . that

16    would enable [a hypothetical investor] to make an informed judgment about the plan."  *Id.*

17    § 1125(a)(1).  The determination of whether the disclosure statement contains adequate

18    information is a subjective, case-by-case inquiry largely within the discretion of the bankruptcy

19    court.  *See, e.g.*, *Tex. Extrusion Corp. v. Lockheed Corp.* (*In re Tex. Extrusion Corp.*), 844 F.2d

20    1142, 1157 (5th Cir. 1988).  Generally, the information provided should include those factors

21    presently known to the plan proponent that bear upon the success or failure of the proposals

22    contained in the plan.  *See In re Stanley Hotel, Inc.*, 13 B.R. 926, 929 (Bankr. D. Colo. 1981); *In*

23    *re Ferretti*, 128 B.R. 16, 19 (Bankr. D. N.H. 1991) ("In short, a proper disclosure statement must

24    clearly and succinctly inform the average unsecured creditor what it is going to get, when it is

25    going to get it, and what contingencies there are to getting its distribution."); *In re Scioto Valley*

26    *Mortg. Co.*, 88 B.R. 168, 170-71 (Bankr. S.D. Ohio 1988) (list of factors).

27          In the context of this case, the Disclosure Statement contains adequate information for any

28    impaired party to make an informed judgment about the Plan, and should be approved.  The

1  Disclosure Statement describes the City, the administration of the Chapter 9 Case (including

2  those actions which form the basis of most claims against the City), and the City's current

3  liabilities and assets.  It also describes the Plan, describes the classification of Claims and their

4  treatment under the Plan, informs the holders of Claims of the treatment provided under the Plan,

5  describes the City's treatment of its executory contracts and unexpired leases, describes how the

6  City will implement the Plan (and attaches relevant City long-range financial projections in an

7  exhibit), and explains why the Plan is superior to any available alternative.  The Disclosure

8  Statement also includes notices, cautionary statements, and information concerning voting

9  procedures and other important procedures, dates, and deadlines.  It also provides contact

10  information for, and urges City retirees to consult with, representatives of the Retirees

11  Committee.

12        In short, the Disclosure Statement represents the City's good faith attempt to present all

13  presently known factors that bear upon the success or failure of the proposals contained in the

14  Plan.  That said, the City anticipates receiving comments from interested parties and

15  incorporating changes prompted by such comments prior to filing an amended disclosure

16  statement before the November 18 hearing.

17        **B.**      **The Proposed Form Of Ballot.**

18        Federal Rule of Bankruptcy Procedure 3017(d) provides that ballots for accepting or

19  rejecting the Plan should conform substantially to the official ballot form.  As noted above, the

20  Debtor proposes to use Official Form No. 14 as the ballot model for all creditors entitled to

21  vote and will be filing a proposed form of ballot in the future.  The City also will seek input

22  from other parties, including the Retirees Committee, regarding the proposed form of ballot

23  before submitting it for the Court's approval.

24        **C.**      **The Court Should Approve The Proposed Procedures For Soliciting And**

25                  **Tabulating Votes As Being In Accordance With Applicable Provisions Of The Bankruptcy Code And The Bankruptcy Rules.**

26        Federal Rule of Bankruptcy Procedure 2002(b) requires that notice of the

27  Confirmation Hearing be given to all creditors.  *See* Fed. R. Bankr. P. 2002(b).  Rule 2002(g)

28  generally provides that notices must be addressed as requested by certain parties in their last

1    request filed in a case and that a proof of claim that designates a mailing address constitutes a

2    filed request to mail notices to such address.  *See* Fed. R. Bankr. P. 2002(g).  Rule 3017, which

3    by its title applies to chapter 9 cases, sets forth in subdivision (d) the contents of the notice

4    (including companion documents) that must be given in connection with the solicitation of votes

5    to accept or reject a plan.  *See* Fed. R. Bankr. P. 3017(d).  Rule 3017(d) gives the Court

6    discretion to order that unimpaired creditors need not be served with a copy of the Plan and

7    Disclosure Statement.  *Id.*  Rule 3017(d) also requires that a form of ballot be mailed to creditors

8    to vote on a plan.

9        Federal Rule of Bankruptcy Procedure 3018(a) authorizes the Court, after notice and a

10   hearing, to set a record date for purposes of voting to accept or reject a Plan.  *See* Fed. R.

11   Bankr. P. 3018(a).  Rule 3003(c)(2) provides that any creditor whose claim or interest is not

12   scheduled, or is scheduled as disputed, contingent, or unliquidated, must file a proof of claim or

13   interest within such time as set by the Court, and that any creditor who fails to do so "shall not

14   be treated as a creditor with respect to such claim for the purposes of voting and distribution."

15   Fed. R. Bankr. P. 3003(c)(2).  In the Chapter 9 Case, the Court set such time for filing proofs of

16   claim by establishing three bar dates.

17       The proposed procedures set forth above for soliciting and tabulating votes to accept or

18   reject the Plan conform with applicable Bankruptcy Rules and the Bankruptcy Code.  The City

19   will cause the Confirmation Notice, which will set forth the time fixed for voting to accept or

20   reject the Plan and filing objections to the Plan, and the date, time and place of the

21   Confirmation Hearing, to be mailed to all creditors. The City will send Solicitation Packages,

22   which will include the Plan, Disclosure Statement, Confirmation Notice and a form ballot, to all

23   creditors entitled to vote on the Plan.  The Debtor will mail the Solicitation Package and

24   Confirmation Notice to the address set forth in the most recently filed proof of claim for each

25   creditor.  Accordingly, the Court should approve the proposed procedures for soliciting and

26   tabulating votes to accept or reject the Plan.

27   ///

28   ///

1

**D.** **The Court Should Schedule The Confirmation Hearing And Fix Related Time Periods For Filing Objections And Voting To Accept Or Reject The Plan So That Confirmation Can Proceed Efficiently.**

2

3    Federal Rule of Bankruptcy Procedure 3017(c) provides that "[o]n or before approval of

4    the disclosure statement, the court shall fix a time within which the holders of claims and interests

5    may accept or reject the plan and may fix a date for the hearing on confirmation."  Pursuant to

6    Rules 2002(b) and 3020(b)(2), at least 28 days notice must be given by mail to all creditors and

7    equity security holders of the time fixed for filing objections to, and the hearing to consider

8    confirmation of, a plan of reorganization.  Finally, Rule 3020(b) provides that, within a time

9    specified by the Court, objections to plan confirmation must be filed with the Court and served on

10   the City, any committee appointed under the Bankruptcy Code, and any other entity designated

11   by the Bankruptcy Court.

12   The City's proposed confirmation schedule conforms to these requirements.  The City will

13   mail the Solicitation Packages and Confirmation Notice no less than 30 days before the

14   Confirmation Hearing and at least 28 days before the deadline to file objections to the Plan, which

15   satisfies the requirements of Rules 2002(b) and 3020(b)(2).

16   Furthermore, the City's proposed confirmation procedures ensure that interested parties

17   will receive pleadings filed in support of, and in opposition to, confirmation, and that the

18   presentation at the Confirmation Hearing of any documentary evidence and testimony will have a

19   proper substantive and evidentiary foundation.

20   Accordingly, the Court should fix the proposed deadlines and approve the proposed

21   procedures for confirmation.

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

MOTION FOR AN ORDER APPROVING DISCLOSURE
STATEMENT WITH RESPECT TO THE PLAN FOR
THE ADJ. OF DEBTS OF CITY OF STOCKTON

1    IV.    **CONCLUSION**

2         Therefore, the City respectfully requests that the Court enter an order: (i) approving the

3    Disclosure Statement as containing adequate information; (ii) setting deadlines relating to the

4    confirmation process; and (iii) granting such other and further relief as the Court deems to be just

5    and proper.

6    Dated: October 10, 2013                    MARC A. LEVINSON
                                                 NORMAN C. HILE
7                                                PATRICK B. BOCASH
                                                 Orrick, Herrington & Sutcliffe LLP
8

9
                                                 By:  _____/s/ Marc A. Levinson_____
10                                                         MARC A. LEVINSON
                                                         Attorneys for Debtor
11                                                       City of Stockton

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

OHSUSA:754471724.2                          - 10 -