**13**

1   MARC A. LEVINSON (STATE BAR NO. 57613)
    malevinson@orrick.com
2   NORMAN C. HILE (STATE BAR NO. 57299)
    nhile@orrick.com
3   PATRICK B. BOCASH (STATE BAR NO. 262763)
    pbocash@orrick.com
4   ORRICK, HERRINGTON & SUTCLIFFE LLP
    400 Capitol Mall, Suite 3000
5   Sacramento, California  95814-4497
    Telephone:    +1-916-447-9200
6   Facsimile:     +1-916-329-4900

7   Attorneys for Debtor
    City of Stockton
8

9                    UNITED STATES BANKRUPTCY COURT

10                   EASTERN DISTRICT OF CALIFORNIA

11                        SACRAMENTO DIVISION

12

13  In re:                              Case No.  2012-32118

14  CITY OF STOCKTON, CALIFORNIA,       D.C. No.  OHS-12

15              Debtor.                 Chapter 9

16                                      **MOTION FOR ORDER APPROVING
                                        STIPULATION FOR ORDER**
17                                      **PURSUANT TO 11 U.S.C. § 365(d)(4)
                                        FURTHER EXTENDING TIME**
18                                      **WITHIN WHICH TO ASSUME OR
                                        REJECT UNEXPIRED LEASES OF**
19                                      **NONRESIDENTIAL REAL
                                        PROPERTY**
20
                                        Date:        October 28, 2013
21                                      Time:        10:00 a.m.
                                        Dept:        Courtroom 35
22                                      Judge:       Hon. Christopher M. Klein

23

24          Pursuant to § 365(d)(4) of title 11 of the United States Code (the "Bankruptcy Code")[1],

25  the City of Stockton, California (the "City"), the debtor in the above-captioned case, moves (by

26  this "Motion") for entry of an order approving the stipulation, attached hereto as Exhibit A, by

27  _____

28  [1] All references to code sections are to the United States Bankruptcy Code, 11 U.S.C. § 101 *et seq.*, unless otherwise
    specified.

and between the City and the parties in interest[2] to five of the City's lease/leaseback transactions

extending the time under § 365(d)(4)(B)(ii) within which the City must assume or reject certain

unexpired leases of nonresidential real property.

## JURISDICTION AND VENUE

The Court has jurisdiction over this motion and the relief requested pursuant to 28 U.S.C.

§§ 157 and 1334, and this matter is a core proceeding pursuant to 28 U.S.C. § 157.  Venue for the

motion is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

The opinion regarding the City's eligibility for chapter 9 relief demonstrates that the Court

is intimately familiar with the complex facts of the City's bankruptcy case.  *See In re City of*

*Stockton, Cal.*, 493 B.R. 772 (Bankr. E.D. Cal. 2013).  Accordingly, the City has omitted the

customary background description of the events leading to and following the City's petition for

relief and instead focuses this Motion on the background relevant to the City's unexpired leases

of nonresidential real property.

Prior to filing its petition for relief on June 28, 2012, the City had entered into the

following five transactions involving leases/leaseback financings to fund various public capital

improvements.[3]  In each transaction, the City entered into a lease for nonresidential real property

(each a "Lease") that requires the City to pay rent for the use and occupancy of the leased

/ / /

/ / /

/ / /

/ / /

---

[2] National Public Finance Guaranty Corporation ("NPFG"), Assured Guaranty Corporation and Assured Guaranty Municipal Corporation (collectively, "Assured"), Ambac Assurance Corporation ("Ambac"), and Wells Fargo Bank National Association ("Wells Fargo") as Indenture Trustee with respect to the Lease transactions identified in this Motion (together with the City, the "Stipulating Parties").

[3] The City is also a party to that certain Lease Agreement, dated as of September 1, 2009, by and between the Authority, as lessor, and the City, as lessee, relating to Stockton Public Financing Authority Lease Revenue Bonds, 2009 Series A (Capital Improvement Projects) (the "2009 Lease").  There is no bond insurance for the bonds relating to the 2009 Lease, but all such bonds are owned by Franklin California High Yield Municipal Fund and Franklin High Yield Tax-Free Income Fund (collectively "Franklin").  The 2009 Lease is not subject to the Motion or to the attached stipulation; however, Franklin may be a party to a separate motion and stipulation relating to the 2009 Lease.

property.[4]  The Leases, as well as the real party or parties in interest[5] and Indenture Trustee for each, are as follows:

| Lease | Real Party or Parties in Interest | Indenture Trustee |
|---|---|---|
| Lease Agreement, dated as of June 1, 2003, by and between the Stockton Public Financing Authority (the "Authority"), as sublessor, and the City, as sublessee, relating to Certificates of Participation (Redevelopment Housing Projects), Series 2003A and Taxable Series 2003B (the "2003 Lease") | Ambac Assurance Corporation | Wells Fargo Bank, National Association ("Wells Fargo") |
| Lease Agreement, dated as of March 1, 2004, by and between the Redevelopment Agency of the City of Stockton (the "Agency"), as lessor, and the City, as lessee, relating to Redevelopment Agency of the City of Stockton Revenue Bonds, Series 2004 (Stockton Events Center–Arena Project) (the "2004 Arena Lease") as amended | National Public Finance Guaranty Corporation ("NPFG") | Wells Fargo |
| Lease Agreement, dated as of June 1, 2004, by and between the Authority, as lessor, and the City, as lessee, relating to Stockton Public Financing Authority Lease Revenue Bonds, Series 2004 (Parking and Capital Projects) (the "2004 Parking Lease") | NPFG | Wells Fargo |
| Lease Agreement, dated as of March 1, 2006, by and between the Authority, as lessor, and the City, as lessee, relating to Stockton Public Financing Authority 2006 Lease Revenue Refunding Bonds, Series A (the "2006 Lease") | NPFG | Wells Fargo |
| Lease Agreement, dated as of November 1, 2007, by and between the Authority, as lessor, and the City, as lessee, relating to Stockton Public Financing Authority Variable Rate Demand Lease Revenue Bonds, 2007 Series A (Building Acquisition Financing Project) and Taxable Variable Rate Demand Lease Revenue Bonds, 2007 Series B (Building Acquisition Financing Project) (the "2007 Lease") | Assured Guaranty Corporation; Assured Guaranty Municipal Corporation | Wells Fargo |

---

[4] Although described as lease transactions, it could be argued that certain of these transactions should be classified as secured loan transactions.  Such transactions are included in this motion only in an abundance of caution in the event that such transactions are classified as true leases.  As set forth herein, the Stipulating Parties reserve all rights with respect to these issues.

[5] The real parties in interest to all Leases are the insurers of the respective bond and certificate of participation obligations.

MOTION FOR ORDER APPROVING STIPULATION
FOR ORDER PURSUANT TO 11 U.S.C. § 365(D)(4)

While each Lease[6] differs from the others in some respects, the various financings and their Leases share the same fundamental structure:  To accomplish each transaction, the City leased nonresidential real property to either the Authority or the Agency (each a "PFA"), and the PFA subleased the property back to the City.  The PFA then assigned its right to receive rental payments (along with certain other rights relevant to the enforcement of remedies) under the applicable Lease to a trustee.   Finally, the PFA issued bonds, or the trustee issued certificates of participation ("COPs"), and transferred the proceeds to the City for expenditure on capital improvements.

Payment of the principal of and interest on the bonds and COPs is made through the applicable trustee, pursuant to, inter alia, the terms of the related indenture or trust agreement, from the proceeds of rental payments received from the City pursuant to the terms of the applicable Lease and related assignment.[7]

Pursuant to § 365(d)(4)(A), which is incorporated into chapter 9 cases by § 901(a), the City was initially required to decide whether to assume or reject its unexpired leases of nonresidential property within 120 days of the entry of the order for relief.   The Court's entry of its order for relief on April 1, 2013 [Dkt. No. 843] triggered the 120-day period, giving the City until July 30, 2013, to assume or reject its unexpired leases of nonresidential real property. Section 365(d)(4)(B) allows bankruptcy courts to extend the initial 120-day period, in the first instance upon a motion for cause brought by the debtor to extend the deadline by 90 days, and in all subsequent instances upon the prior written consent of the respective lessors.

On July 5, 2013, the City moved, by its Revised And Amended Motion For Order Pursuant To 11 U.S.C. § 365(d)(4) Extending Time Within Which The City Must Assume Or Reject Unexpired Leases Of Nonresidential Real Property  [Dkt. No. 993] ("For Cause Extension Motion") for a 90-day extension under § 365(d)(4)(B)(i).  No party in interest opposed such

---

[6] Copies of the Leases were attached as exhibits to the Declaration Of Vanessa Burke In Support Of City Of Stockton's Motion For Order Pursuant To 11 U.S.C. § 365(d)(4) Extending Time Within Which The City Must Assume Or Reject Unexpired Leases Of Nonresidential Real Property [Dkt. Nos. 984-87].

[7] The descriptions of the transaction structure are included in this Motion for summary purposes only.  In the event of any inconsistency between such descriptions and the relevant underlying documents, the underlying documents shall control.

motion.  On July 24, 2013, the Court granted the For Cause Extension Motion, establishing a new deadline of October 28, 2013 for the City to assume or reject its leases of nonresidential real property.  *See* Order Pursuant To 11U.S.C. § 365(d)(4) Extending The Time Within Which The City Must Assume Or Reject Unexpired Leases Of Nonresidential Real Property [Dkt. No. 1033] ("For Cause Extension Order").  All subsequent extensions of this deadline can therefore be made only upon the prior written consent of the individual lessors. *See* § 365(d)(4)(B)(ii).

## RELIEF REQUESTED AND BASIS THEREFORE

By this Motion, the City seeks an order pursuant to § 365(d)(4)(B)(ii) approving the attached stipulation to extend the time within which the City must assume or reject the Leases by 120 days, from October 28, 2013, through and including February 25, 2014.

The City continues to grapple with complex and time-consuming issues in this Case.  Many of such issues relating to the Leases were addressed through the mediation process conducted by Judge Elizabeth Perris.  As evidenced by the plan and disclosure statement filed by the City on October 10, 2013, the mediation process resulted in agreements between the City and several creditors holding significant claims against the City.

But no plan has been confirmed – in fact, no disclosure statement has been approved – so in light of the ongoing uncertainty about the future course of this case, and in light of the complex potential issues relating to whether the Leases are true leases within the meaning of § 365, a further extension is necessary in order to let the negotiations and plan confirmation process play out.  Litigation of these disputes, in addition to the numerous other issues surrounding the Leases, would entail great expense both in terms of time and dollars.  In light of the ongoing mediation process, however, it is possible that such litigation will be unnecessary.

It would thus cause significant prejudice to the City and to the other Stipulating Parties if the City was forced to make a determination regarding assumption or rejection at this time.  The Stipulating Parties, and each of them, are therefore of the belief that a further extension of the time for the City to assume or reject the Leases is appropriate and in the best interest of all interested parties.

/ / /

**COMPLETE RESERVATION OF RIGHTS**

This Motion requests no relief other than the extension of time for the City to assume or reject the Leases.  The Stipulating Parties, and each of them, reserve all rights, defenses and arguments other than those solely with respect to the extension of the time within which the City must assume or reject the Leases.  The rights reserved by the Stipulating Parties include, but are not limited to, the following:  (1) all rights, defenses and arguments as to whether the Leases are "leases" within the meaning of § 365; and (2) all rights, defenses and arguments with respect to the unlawful detainer suits against the City in the California Superior Court for the County of San Joaquin, case numbers 39-2012-00277622-CU-UD-STK and 39-2012-280741-CU-UD-STK. Moreover, no party in interest waives any rights, defenses and arguments by virtue of any failure to seek payment under the Leases during the periods prior to the assumption or rejection of the Leases, and there shall be no implication drawn from or prejudice resulting from any party's failure to seek such payment.

**CONCLUSION**

For the foregoing reasons, the City requests that the Court enter an order approving the attached stipulation to extend the time for the City to assume or reject its unexpired leases of nonresidential real property by 120 days, through and including February 25, 2014, and granting such other and further relief as the Court deems proper.

Dated: October 14, 2013                           MARC A. LEVINSON
                                                  NORMAN C. HILE
                                                  PATRICK B. BOCASH
                                                  Orrick, Herrington & Sutcliffe LLP


                                                  By: _____/s/ Marc A. Levinson_____
                                                         MARC A. LEVINSON
                                                      Attorneys for Debtor
                                                       City of Stockton

# Exhibit A

**6**

1 | MARC A. LEVINSON (STATE BAR NO. 57613)
malevinson@orrick.com
2 | NORMAN C. HILE (STATE BAR NO. 57299)
nhile@orrick.com
3 | PATRICK B. BOCASH (STATE BAR NO. 262763)
pbocash@orrick.com
4 | ORRICK, HERRINGTON & SUTCLIFFE LLP
400 Capitol Mall, Suite 3000
5 | Sacramento, California  95814-4497
Telephone:    +1-916-447-9200
6 | Facsimile:     +1-916-329-4900

7 | Attorneys for Debtor
City of Stockton
8

9 | UNITED STATES BANKRUPTCY COURT

10 | EASTERN DISTRICT OF CALIFORNIA

11 | SACRAMENTO DIVISION

12

| 13 | In re: | Case No.  2012-32118 |
|---|---|---|
| 14 | CITY OF STOCKTON, CALIFORNIA, | D.C. No.  OHS-12 |
| 15 | Debtor. | Chapter 9 |
| 16 | | **STIPULATION FOR ORDER** |
| 17 | | **PURSUANT TO 11 U.S.C. § 365(d)(4)** **FURTHER EXTENDING TIME** |
| 18 | | **WITHIN WHICH TO ASSUME OR** **REJECT UNEXPIRED LEASES OF** |
| 19 | | **NONRESIDENTIAL REAL** **PROPERTY** |
| 20 | | Date:          October 28, 2013 |
| 21 | | Time:          10:00 a.m. |
| | | Dept:          Courtroom 35 |
| 22 | | Judge:         Hon. Christopher M. Klein |

23

24 | The City of Stockton, California (the "City"), the debtor in the above-captioned chapter 9

25 | bankruptcy case, National Public Finance Guaranty Corporation ("NPFG"), Assured Guaranty

26 | Corporation and Assured Guaranty Municipal Corporation (collectively, "Assured"), Ambac

27 | Assurance Corporation ("Ambac"), and Wells Fargo Bank National Association ("Wells Fargo")

28 |

1  as Indenture Trustee with respect to the Lease transactions identified in Recital A below (all

2  together, the "Stipulating Parties"), by and through their respective attorneys of record, seek an

3  order approving the following stipulation (this "Stipulation") extending the time under

4  Bankruptcy Code § 365(d)(4)(B)(ii) within which the City must assume or reject certain

5  unexpired leases of nonresidential real property.

6  **RECITALS**

7        A.      **The City's Lease/Leaseback Financings**

8        Prior to filing its petition for relief on June 28, 2012, the City had entered into the

9  following five transactions involving leases/leaseback financings to fund various public capital

10  improvements.[1]  In each transaction, the City entered into a lease for nonresidential real property

11  (each a "Lease") that requires the City to pay rent for the use and occupancy of the leased

12  property.  The Leases, as well as the real party or parties in interest and Indenture Trustee for

13  each, are as follows:

| Lease | Real Party or Parties in Interest | Indenture Trustee |
|---|---|---|
| Lease Agreement, dated as of June 1, 2003, by and between the Stockton Public Financing Authority (the "Authority"), as sublessor, and the City, as sublessee, relating to Certificates of Participation (Redevelopment Housing Projects), Series 2003A and Taxable Series 2003B (the "2003 Lease") | Ambac Assurance Corporation | Wells Fargo Bank, National Association ("Wells Fargo") |
| Lease Agreement, dated as of March 1, 2004, by and between the Redevelopment Agency of the City of Stockton (the "Agency"), as lessor, and the City, as lessee, relating to Redevelopment Agency of the City of Stockton Revenue Bonds, Series 2004 (Stockton Events Center–Arena Project) (the "2004 Arena Lease") as amended | National Public Finance Guaranty Corporation ("NPFG") | Wells Fargo |

---

[1] The City is also a party to that certain Lease Agreement, dated as of September 1, 2009, by and between the Authority, as lessor, and the City, as lessee, relating to Stockton Public Financing Authority Lease Revenue Bonds, 2009 Series A (Capital Improvement Projects) (the "2009 Lease").  There is no bond insurance for the bonds relating to the 2009 Lease, but all such bonds are owned by Franklin California High Yield Municipal Fund and Franklin High Yield Tax-Free Income Fund (collectively "Franklin").  The 2009 Lease is not subject to the Motion or to the attached stipulation; however, Franklin may be a party to a separate motion and stipulation relating to the 2009 Lease.

STIPULATION FOR ORDER PURSUANT TO 11 U.S.C.
§ 365(D)(4) FURTHER EXTENDING TIME WITHIN
WHICH TO ASSUME OR REJECT UNEXPIRED
LEASES OF NONRESIDENTIAL REAL PROPERTY

| Lease | Real Party or Parties in Interest | Indenture Trustee |
|---|---|---|
| Lease Agreement, dated as of June 1, 2004, by and between the Authority, as lessor, and the City, as lessee, relating to Stockton Public Financing Authority Lease Revenue Bonds, Series 2004 (Parking and Capital Projects) (the "2004 Parking Lease") | NPFG | Wells Fargo |
| Lease Agreement, dated as of March 1, 2006, by and between the Authority, as lessor, and the City, as lessee, relating to Stockton Public Financing Authority 2006 Lease Revenue Refunding Bonds, Series A (the "2006 Lease") | NPFG | Wells Fargo |
| Lease Agreement, dated as of November 1, 2007, by and between the Authority, as lessor, and the City, as lessee, relating to Stockton Public Financing Authority Variable Rate Demand Lease Revenue Bonds, 2007 Series A (Building Acquisition Financing Project) and Taxable Variable Rate Demand Lease Revenue Bonds, 2007 Series B (Building Acquisition Financing Project) (the "2007 Lease") | Assured Guaranty Corporation; Assured Guaranty Municipal Corporation | Wells Fargo |

While each Lease differs from the others in some respects, the various financings and their Leases share the same fundamental structure:  To accomplish each transaction, the City leased nonresidential real property to either the Authority or the Agency (each a "PFA"), and the PFA subleased the property back to the City.  The PFA then assigned its right to receive rental payments (along with certain other rights relevant to the enforcement of remedies) under the applicable Lease to a trustee.   Finally, the PFA issued bonds, or the trustee issued certificates of participation ("COPs"), and transferred the proceeds to the City for expenditure on capital improvements.

Payment of the principal of and interest on the bonds and COPs is made through the applicable trustee, pursuant to, inter alia, the terms of the related indenture or trust agreement,

/ / /

/ / /

/ / /

STIPULATION FOR ORDER PURSUANT TO 11 U.S.C.
§ 365(D)(4) FURTHER EXTENDING TIME WITHIN
WHICH TO ASSUME OR REJECT UNEXPIRED
LEASES OF NONRESIDENTIAL REAL PROPERTY

1  from the proceeds of rental payments received from the City pursuant to the terms of the

2  applicable Lease and related assignment.[2]

3         The real parties in interest to all Leases are the insurers of the respective bond and

4  certificate of participation obligations.

5         **B.       <u>Prior Extension Of The Deadline To Assume Or Reject Leases</u>**

6         Pursuant to Bankruptcy Code § 365(d)(4)(A), which is incorporated into chapter 9 cases

7  by Bankruptcy Code § 901(a), the City was initially required to decide whether to assume or

8  reject its unexpired leases of nonresidential property within 120 days of the entry of the order for

9  relief.   The Court's entry of its order for relief on April 1, 2013 [Dkt. No. 843] triggered the 120-

10 day period, giving the City until July 30, 2013, to assume or reject its unexpired leases of

11 nonresidential real property.  Bankruptcy Code § 365(d)(4)(B) allows the Court to extend the

12 period during which the City may assume or reject the Leases, in the first instance upon a motion

13 for cause brought by the City to extend the deadline by 90 days, and in all subsequent instances

14 upon the prior written consent of the respective lessors.

15        On July 5, 2013, the City moved, by its Revised And Amended Motion For Order

16 Pursuant To 11 U.S.C. § 365(d)(4) Extending Time Within Which The City Must Assume Or

17 Reject Unexpired Leases Of Nonresidential Real Property [Dkt. No. 993] ("For Cause Extension

18 Motion") for a 90-day extension under § 365(d)(4)(B)(i).  On July 24, 2013, the Court granted the

19 For Cause Extension Motion, establishing a new deadline of October 28, 2013 for the City to

20 assume or reject its leases of nonresidential real property.  *See* Order Pursuant To 11 U.S.C.

21 § 365(d)(4) Extending The Time Within Which The City Must Assume Or Reject Unexpired

22 Leases Of Nonresidential Real Property [Dkt. No. 1033] ("For Cause Extension Order").  All

23 subsequent extensions of this deadline can therefore be made only upon the prior written consent

24 of the individual lessors.  *See* § 365(d)(4)(B)(ii).

25

26 _____

   [2] The descriptions of the transaction structure are included in this Stipulation for summary purposes only.  In the
27 event of any inconsistency between such descriptions and the relevant underlying documents, the underlying
   documents shall control.

28                                          STIPULATION FOR ORDER PURSUANT TO 11 U.S.C.
                                             § 365(D)(4) FURTHER EXTENDING TIME WITHIN
                          - 4 -                 WHICH TO ASSUME OR REJECT UNEXPIRED
                                            LEASES OF NONRESIDENTIAL REAL PROPERTY

**C.**      __Reasons For The Stipulation__

The Stipulating Parties agree that in light of the status of this case, including the filing by the City of a plan and disclosure statement on October 10, 2013, there is no reason for the City to force any issues relating to the Leases.  The Stipulating Parties, and each of them, are therefore of the belief that a further extension of the time for the City to assume or reject the Leases is appropriate and in the best interest of all interested parties.

Accordingly, the Stipulating Parties hereby stipulate and agree as follows:

**STIPULATION**

A.      The Stipulating Parties agree that the time within which the City must assume or reject the Leases under Bankruptcy Code § 365(d)(4) should be extended by 120 days, from October 28, 2013 through and including February 25, 2014.

B.      The consent of the Stipulating Parties, not including the City, satisfies Bankruptcy Code § 365(d)(4)(B)(ii).

C.      In entering into this Stipulation, the Stipulating Parties, and each of them, reserve all rights, defenses and arguments other than those solely with respect to the extension of the time within which the City must assume or reject the Leases.  The rights reserved by the Stipulating Parties include, but are not limited to, the following:  (1) all rights, defenses and arguments as to whether the Leases are "leases" within the meaning of Bankruptcy Code § 365; and (2) all rights, defenses and arguments with respect to the unlawful detainer suits against the City in the California Superior Court for the County of San Joaquin, case numbers 39-2012-00277622-CU-UD-STK and 39-2012-280741-CU-UD-STK.  Moreover, no party in interest waives any rights, defenses and arguments by virtue of any failure to seek payment under the Leases during the periods prior to the assumption or rejection of the Leases, and there shall be no implication drawn from or prejudice resulting from any party's failure to seek such payment.

1   Dated: October 14, 2013          ORRICK, HERRINGTON & SUTCLIFFE LLP

2

3                                    */s/ Marc A. Levinson*
                                     _____
4                                    Marc A. Levinson
                                     Attorneys for the City of Stockton
5

6   Dated: October 14, 2013          WEIL, GOTSHAL & MANGES LLP

7

8                                    */s/ Debra A. Dandeneau*
                                     _____
9                                    Debra A. Dandeneau
                                     Attorneys for National Public Finance Guarantee
10                                   Corporation

11  Dated: October 14, 2013          SIDLEY AUSTIN LLP

12

13                                   */s/ Jeffrey E. Bjork*
                                     _____
14                                   Jeffrey E. Bjork
                                     Attorneys for Assured Guaranty Corp. and Assured
15                                   Guaranty Municipal Corp.

16

17  Dated: October 14, 2013          ARENT FOX LLP

18

19                                   */s/ David L. Dubrow*
                                     _____
                                     David L. Dubrow
20                                   Attorneys for Ambac Assurance Corp.

21  Dated: October 14, 2013          MINTZ, LEVIN, COHN, FERRIS, GLOVSKY
                                     AND POPEO, P.C.
22

23

24                                   */s/ William W. Kannel*
                                     _____
                                     William W. Kannel
25                                   Attorneys for Wells Fargo Bank, National
                                     Association, as Indenture Trustee

26

27

28

OHSUSA:754661199.2

STIPULATION FOR ORDER PURSUANT TO 11 U.S.C.
§ 365(D)(4) FURTHER EXTENDING TIME WITHIN
WHICH TO ASSUME OR REJECT UNEXPIRED
LEASES OF NONRESIDENTIAL REAL PROPERTY