Case 12-32118    Filed 11/13/13    Doc 1198

MARC A. LEVINSON (STATE BAR NO. 57613)
malevinson@orrick.com
NORMAN C. HILE (STATE BAR NO. 57299)
nhile@orrick.com
PATRICK B. BOCASH (STATE BAR NO. 262763)
pbocash@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
400 Capitol Mall, Suite 3000
Sacramento, California 95814-4497
Telephone:    +1-916-447-9200
Facsimile:    +1-916-329-4900

Attorneys for Debtor
City of Stockton, California

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| In re:<br><br>CITY OF STOCKTON, CALIFORNIA,<br><br>Debtor. | Case No. 2012-32118<br><br>D.C. No. OHS-11<br><br>Chapter 9<br><br>**CITY'S RESPONSE TO FRANKLIN'S OBJECTION TO DISCLOSURE STATEMENT**<br><br>Date:    November 18, 2013<br>Time:    1:00 p.m.<br>Dept:    Courtroom 35<br>Judge:   Hon. Christopher M. Klein |

## **INTRODUCTION**

The City's Ask, submitted in the AB 506 mediation process, proposed and detailed the treatment of Franklin's claims and contained the financial data upon which the Franklin portion of the Ask was premised. Thereafter, during the extensive and expensive discovery phase of the eligibility battle (in which Franklin was one of the objectors), the City provided Franklin with mountains of financial data. And Franklin was an active participant in the mediation process led by Judge Elizabeth Perris both before and after the entry of the order for relief. In the course of those confidential mediation meetings, conference calls and email exchanges, Franklin was provided with proposals and significant related financial data and analyses, and was told how it

would be treated in the City's plan of adjustment if no settlement were achieved. The City and Franklin have thus far been unable to reach agreement, and the City's plan and disclosure statement filed on October 10, 2013, provide for treatment of Franklin's claim consistent with that discussed in the mediation.

During the mediations conducted by Ralph Mabey and Judge Perris, the other objectors to eligibility also received financial data and analyses, and also were told how their claims would be treated in the plan absent a settlement. The mediation process was highly successful, and with the exception of the Stockton Ports, the City was able to reach agreement with every party with whom it mediated save for Franklin, which has objected to the disclosure statement, contending that more information is necessary. This after filing an adversary proceeding aimed at derailing the plan by seeking a declaration that a lease is, in fact, an equitable mortgage, and after announcing in an October 23, 2013, letter that it would contest confirmation of the proposed plan. The Objection reaffirms Franklin's opposition to the plan.

In short, Franklin has declared war on the plan. The Objection largely requests that the City add information and analyses to the disclosure statement that could have no logical purpose other than to provide Franklin with pretrial discovery and admissions from the City relevant only to its confirmation objection and adversary proceeding. Franklin will have its day in court, both in connection with the adversary proceeding and during the battle over confirmation. However, there is no reason to subject the City and its creditors to the cost and delay of amending the disclosure statement in order to add or supplement information and analyses that already are well known to Franklin and that already have enabled Franklin to decide how to vote on the plan.

**THE CITY IS FILING AN AMENDED PLAN AND DISCLOSURE STATEMENT**

In its motion for approval of the disclosure statement, the City encouraged creditors and parties in interest to promptly comment on the documents rather than waiting to file formal objections on or before the November 7 objection deadline. Several did so, including Franklin, Wells Fargo Bank and Union Bank. Many of the suggestions, along with other changes, have been incorporated into an amended plan and a related amended disclosure statement which the City will be filing (along with redlined versions showing the changes) either prior to the hearing

on approval of the disclosure statement or within the week thereafter ("Amended Plan" and "Amended Disclosure Statement").

## **BACKGROUND**

The City of Stockton, California ("City") files this response to the Objection Of Franklin High Yield Tax-Free Income Fund And Franklin California High Yield Municipal Fund To City Of Stockton's Motion For An Order Approving Disclosure Statement With Respect To The Plan For The Adjustment Of Debts Of City Of Stockton, California, Dated October 10, 2013, And Setting Confirmation Procedures [Dkt. No. 1137] (the "Objection" filed by Franklin High Yield Tax-Free Income Fund and Franklin California High Yield Municipal Fund (collectively, "Franklin")). The City served notice of the hearing to consider the adequacy of its disclosure statement [Docket No. 1134] filed on October 10, 2013 (the "Disclosure Statement"), in connection with the City's Plan for the Adjustment of Debts of City of Stockton [Docket No. 1133] filed on the same day ("Plan"). Only Franklin has objected to the adequacy of the information contained in the Disclosure Statement[1].

In the Objection, Franklin clearly indicates that it has all the information it needs to vote "No" on the Plan (Objection, page 2, lines 5 – 7), yet, despite having already made up its mind about the Plan, Franklin complains at length that the Disclosure Statement is inadequate in numerous respects. The City has attempted to address Franklin's objections by adding further information to the Disclosure Statement where appropriate. But it has not revised the Disclosure Statement to include information that is not needed by Franklin to make an informed judgment about the Plan but rather is sought to gather evidence to support Franklin's promised objection to confirmation. It is inappropriate for Franklin to suggest that the Disclosure Statement must be populated with such evidence, and the Objection should be overruled.

/ / /

/ / /

---

[1] Wells Fargo Bank, as the indenture trustee for bond issuances other than the one purchased by Franklin, also objected [Dkt. No. 1193]. However, based on subsequent discussions between Wells Fargo, the City, Ambac, Assured Guaranty and National Public Finance Guaranty, the City believes such objections have been resolved by changes that will be incorporated in the Amended Disclosure Statement.

**RESPONSES TO OBJECTIONS**

In the remainder of this response, the City responds to specific objections raised by Franklin in the Objection. The page references are to the pages of the Objection.

1. <u>Page 5</u>. Franklin complains that the Disclosure Statement fails to discuss the adversary proceeding (Adv. No. 13-02315) in which it seeks to re-characterize the "Golf Course/Park Lease Out" as a disguised secured loan transaction. That adversary was filed after the filing of the Disclosure Statement, so the City could not have possibly included a discussion of the same in it. The City has now included a discussion of the adversary in the Amended Disclosure Statement, although the City fails to see how that will provide information that Franklin needs in order to decide whether to change its "no" vote on the Plan.

2. <u>Page 7</u>. Franklin complains that the City has not specified the allowed amount of the claims of the bond insurers (and bond trustee) with whom the City, under the auspices of Judge Perris, has negotiated comprehensive and complex settlements after over a year of (i) hard-fought litigation, (ii) the exchange and analysis of data and proposals, and (iii) intense settlement discussions. Detailed term sheets are attached to the Plan, and final documentation will be included in the Plan Supplement to be filed prior to the ballot deadline[2]. The City is not aware of any requirement that compels it to state, in the context of a settlement of complex financial arrangements, the amounts of the underlying claims that are allowed, the amounts that are disallowed, the amounts that are secured, or the amounts that are unsecured. The Disclosure Statement clearly reveals the dollar amounts claimed by the real party in interest creditors (i.e., the bond insurers – Ambac, Assured Guaranty and National Public Finance Guaranty) and that such creditors have agreed to comprehensive and complex settlement arrangements, and no purpose would be served by complicating the settlements even farther by forcing the City to reach an agreement with those creditors on the extent to which the claims are allowed, disallowed, secured or unsecured. Such information could not possibly be of significance to Franklin in deciding to vote for or against the Plan. Franklin will, no doubt, attempt to show that the bond

---

[2] The term sheets are attached to the Plan. They will be attached to the Amended Disclosure Statement rather than to the Amended Plan.

insurers have unsecured claims that, viewed in isolation and ignoring the comprehensive nature of the settlements reached with the bond insurers, appear to be receiving more than the dividend that the Plan provides for Franklin and other general unsecured creditors. If Franklin can demonstrate a legitimate need for the information on the allowed amounts of the claims of the bond insurers to support its confirmation objection, it no doubt will seek discovery on these issues.

3. <u>Page 7, line 26 through page 8, line 11</u>. The Objection asserts that the Disclosure Statement fails to state the amount of obligations the City owes to CalPERS. As Franklin well knows from the AB 506 process, the eligibility dispute and discovery, and the Judge Perris mediation, the City is current in its obligations to fund its pension plans for its current and retired employees, and intends to remain current in its obligations to fund their retirement benefits. As discussed in the Disclosure Statement, the obligation of the City to fund retirement benefits has been greatly reduced by reducing headcount, reducing salaries and requiring employees to share in the funding of their retirement benefits. The Disclosure Statement also discusses the rationale for the City retaining CalPERS at some length. *See* Disclosure Statement at 13. The assumption that underlies the Objection is that CalPERS is nothing more than another unsecured creditor that is unfairly, in Franklin's view, receiving 100 cents on the dollar. However, CalPERS is not just another creditor; the City's relationship with it is far more complex, and is closely tied to the City's obligations to its employees, who will not receive their expected retirement benefits if the City fails to make retirement contributions on their behalf to be administered and eventually paid out by CalPERS. As was discussed in detail in the eligibility phase, the City must be able to recruit and retain employees, and thus must continue to offer pension benefits through CalPERS.

The information about CalPERS that Franklin seeks to include in the Disclosure Statement has nothing to do with Franklin's vote on the Plan. Rather, it likely is sought in connection with an argument at confirmation that CalPERS is just an ordinary unsecured creditor that is, on behalf of current and retired employees, unfairly receiving 100 cents on the dollar. If Franklin can demonstrate a legitimate need for further information regarding the City's obligation to fund the retirement benefits for its employees in order to attempt to support its confirmation objection, it should seek discovery on these issues.

4. <u>Page 8, lines 12–19</u>. Franklin seeks information about the comprehensive settlement the City reached with the Stockton Police Officer's Association ("SPOA") in connection with the two-year collective bargaining agreement negotiated by Ralph Mabey and Judge Perris. The assumption underlying the Objection likely is that the SPOA members are mere general unsecured creditors as to the portion of the settlement and collective bargaining agreement in which the City agreed that each officer would receive 44 hours of vacation time over four years, and would lose the time if not used. Franklin's motivation is closer to the surface than usual when it states: "Given that the City proposes to treat those claims far more favorably than the claim of other creditors, such information is highly material and must be provided." Clearly, Franklin seeks to conduct discovery on a "discriminates unfairly" argument it will raise in opposition to confirmation, and does not this need this information to evaluate its treatment under the Plan.

5. <u>Page 8, line 20 through page 9, line 6</u>. Although Franklin does not need more information about the settlement of the approximately $1.875 million Marina Towers LLC claim, the Amended Disclosure Statement now contains additional information about it.

6. <u>Pages 9 through 13</u>. Despite the detailed nature of the disclosure of exactly what payments the affected creditors will be receiving over a great number of years, Franklin contends that the Disclosure Statement fails to take a position on the value of the disclosed consideration. It contends that the "City must explain, in plain and simple terms, what percentage recovery on its claims Ambac [and later, NPFG] will receive." Objection page 10, lines 8-9. With respect to Assured and SPOA, Franklin argues that the "value" of the stated consideration must be disclosed. To be clear, Franklin already possesses detailed information on the consideration to be received, but wants the City to conduct an analysis of the value of that consideration and the percentage recovery that would result from the disclosed consideration. These are complex and subjective calculations that Franklin can perform for itself, based upon its preferred discount rates and numerous other factors. If Franklin can demonstrate a legitimate need for obtaining the calculations and opinions of the City regarding the percentage recovery of the bond insurers (or

CITY'S RESPONSE TO FRANKLIN'S
OBJECTION TO DISCLOSURE STATEMENT

1    SPOA members) in order to attempt to support its confirmation objection, it should seek

2    discovery on these issues during the confirmation phase.

3       7.  <u>Pages 13 through 15</u>.  Franklin complains that, despite the detailed financial

4    information and financial projections presented in and attached to the Disclosure Statement, the

5    City should redo the same to better suit Franklin's needs.  Specifically, the Objection asserts that

6    "(i)t is simply impossible to determine from the Projections the nature and extent of the City's

7    projected post-confirmation expenses."  Objection page 14, line 3.

8      The City has modified certain assumptions and provided additional detail in response to

9    past creditor input and requests, but this is the first time any objection to the forecast format itself

10   has been raised.  The forecasts are far more detailed and extend over a longer term than

11   projections for debtors in chapter 11 cases.  The City has used the forecast format since April

12   2012, and has conducted multiple briefings for debt claimants and their financial advisors, and

13   provided several supplemental updates in financial information and forecast projections pursuant

14   to claimant requests in the 18 months since.

15     Contrary to the Objection's assertion, the Projections are based on the Plan rather than on

16   the AB 506 Ask.  The reference to AB 506 on page 1 of the Disclosure Statement is to the origin

17   of the categories of savings in the Projections being AB 506.  Pages 7-24 of the Disclosure

18   Statement clearly explain the basis of the assumption for each category of revenue and

19   expenditure.  Nevertheless, there is in fact a small disparity between the Projections and Table 5,

20   an out-of-date version of which appears on page 21 of Exhibit B to the Disclosure Statement.  An

21   updated version of page 21 is included in an exhibit to the Amended Disclosure Statement.  The

22   revised Exhibit B will address other of Franklin's objections as well.

23     Since April 2012, the City has presented its budget forecast in three sections: (1) Baseline,

24   representing the status quo expenditures; (2) Fiscal Stabilization, representing expenditure

25   increases to the Baseline such as salary COLAs, higher internal service contributions, and the

26   Marshall Plan on Crime, which are needed additions to the status quo to make the City

27   sustainable over time; and (3) Restructuring, which includes all improvements in resources for the

28   City which have been proposed but not yet enacted, including chapter 9-related expenditure

savings from debt, retiree medical and other claimants, expenditure reductions resulting from projected program efficiencies, and revenue increases from projected land sale proceeds and the Measure A sales tax increase. Each item is listed on a separate line and the assumptions relating to each are described in the accompanying text. In short, the projections are more than adequate to enable Franklin to understand the Plan and its treatment under the Plan.

Notwithstanding the foregoing, however, the City has prepared and has attached as Exhibit B to the Amended Disclosure Statement an alternative presentation of the financial projections that forecasts expected revenues—in about 40 separate line items—and forecasts expenditures—in about 60 separate line items—over the next 30 years.

8. <u>Pages 15, line 11, through page 16, line 7</u>. Franklin complains that the Disclosure Statement fails to "account for the allowance of the Golf Course/Park Claims in the full uncapped amount, the allowance of any secured portion of those claims, or the allowance and payment of administrative rent." Franklin suggests no legal basis upon which the Court could ignore 11 U.S.C. § 502(b)(6), so a discussion of uncapped landlord damages would seem to serve no purpose whatsoever. As is set forth in the Amended Disclosure Statement, the City believes that there is no value whatsoever associated with the right to operate the Swenson golf course, the Van Buskirk golf course, and Oak Park for the balance of the lease term—namely the collateral that Franklin would obtain if successful in demonstrating that the subject leases are disguised secured financing transactions. As discussed in the Disclosure Statement, all three properties have historically operated on a negative cash flow basis—even before debt service—and have been consistently subsidized by the City's General Fund. Therefore, the City submits that the fair value of any rent is zero, that no administrative rent is owing, and, accordingly, no changes to the projections contained in the Disclosure Statement are required. The City understands that Franklin will disagree, but the resolution of that dispute will occur at confirmation or in the adversary proceeding, and is not a disclosure statement issue.

As discussed above, the Amended Disclosure Statement contains a description of the Franklin adversary proceeding and further contains an enhanced discussion regarding the City's views on the manner in which a handover of the Van Buskirk and Swenson Golf Courses and Oak

Park to Franklin would need to occur, given the multitude of contracts between the City and its vendors and customers relating to the three properties and the need for certainty in operations by Franklin should it decide to displace the City as the operator of the three properties (which is far more complicated than a commercial tenant simply remaining in possession after its landlord rejects its lease).

9. <u>Pages 16, line 8, through page 17, line 2</u>.  Franklin complains that the City has not yet circulated either a form of ballot or a form of Confirmation Notice.  Both will be circulated prior to the hearing on approval of the Disclosure Statement.  Franklin further complains that its promised objection to confirmation would be due to be filed around December 30, 2013, an admittedly inconvenient date.  Discussions regarding timing of the confirmation hearing are ongoing, and timing issues hopefully will be clearer after the Court makes its ruling on the adequacy of the Disclosure Statement (or Amended Disclosure Statement) on the 18th.

## **CONCLUSION**

For the reasons stated herein, the Court should overrule the Objection and approve the Amended Disclosure Statement, enabling the City and its creditors to move that much closer to confirming a plan of adjustment and exiting chapter 9.

Dated: November 13, 2013

MARC A. LEVINSON
NORMAN C. HILE
PATRICK B. BOCASH
Orrick, Herrington & Sutcliffe LLP

By: */s/ Marc A. Levinson*
MARC A. LEVINSON
Attorneys for Debtor
City of Stockton