9

MARC A. LEVINSON (STATE BAR NO. 57613)
malevinson@orrick.com
NORMAN C. HILE (STATE BAR NO. 57299)
nhile@orrick.com
PATRICK B. BOCASH (STATE BAR NO. 262763)
pbocash@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
400 Capitol Mall, Suite 3000
Sacramento, California  95814-4497
Telephone:      +1-916-447-9200
Facsimile:      +1-916-329-4900

Attorneys for Debtor
City of Stockton

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| In re: | Case No.  2012-32118 |
| CITY OF STOCKTON, CALIFORNIA, | D.C. No.  OHS-14 |
| Debtor. | Chapter 9 |
| | **ORDER APPROVING CONFIDENTIAL NON-DISCLOSURE AGREEMENT BETWEEN THE CITY OF STOCKTON, CALIFORNIA AND 7TH INNING STRETCH, LLC** |
| | Date:        November 5, 2013 |
| | Time:        9:30 a.m. |
| | Dept:        Courtroom 35 |
| | Judge:       Hon. Christopher M. Klein |

RECEIVED
November 14, 2013
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0005026813

1    Good cause appearing therefor, and in light of the findings announced by the Court at the

2    hearings on October 28, 2013 and November 5, 2013 and in the Court's Order On Motion To

3    Compel Production Of Documents [Dkt. No. 1180]:

4            IT IS HEREBY ORDERED that 7th Inning Stretch/Stockton Ports LLC ("SIS,

5    LLC") shall make available to the City of Stockton, California (the "City") at the offices of SIS,

6    LLC, on November 26, 2013, starting at 9:00 a.m., the documents specified in the Subpoena For

7    Rule 2004 Examination ("Subpoena") served by the City on Pat Filippone, the authorized agent

8    for service of process for SIS, LLC, on September 13, 2013; and

9            IT IS FURTHER ORDERED that the City's review of the documents made

10   available by SIS, LLC shall be governed by the Confidential Non-Disclosure Agreement between

11   the City and SIS, LLC, a copy of which is attached hereto as Exhibit 1.

12

13   Approved as to Form and Content:          PHIL RHODES LAW CORPORATION

14

15   Dated: November 14, 2013                  By _____/s/ Philip J. Rhodes_____
                                                         Philip J. Rhodes
16                                             Attorney for 7th Inning Stretch/Stockton Ports LLC

17    Dated: November 14, 2013

18

19

20                                             _____
                                               United States Bankruptcy Judge
21

22

23

24

25

26

27

28

# Exhibit 1

# Confidential Non-Disclosure Agreement

This CONFIDENTIAL NON-DISCLOSURE AGREEMENT (this "Agreement") is entered into this day of November 14, 2013, by and between 7th INNING STRETCH/STOCKTON PORTS LLC, a California Limited Liability Company ("SIS, LLC"), with offices at 404 West Fremont Street, Stockton California 95203 (hereinafter "SIS, LLC" or "Discloser"), and CITY OF STOCKTON, a California Charter City, with offices at 425 North El Dorado Street, Stockton California (hereinafter "City" or "Reviewer").

WHEREAS, SIS, LLC possesses certain records, data, and information relating to the finances and operations of the Stockton Ports baseball team that are confidential and proprietary to SIS, LLC that Reviewer has subpoenaed pursuant to its order permitting a Rule 2004 examination of SIS, LLC (hereinafter "Confidential Information"); and

WHEREAS, pursuant to the October 28, 2013 Order ("Order") by the United States Bankruptcy Court for the Eastern District of California, Chief Judge Christopher Klein presiding, Discloser is obligated to disclose to Reviewer the Confidential Information subject to the terms of this Agreement for the City's evaluation of said information for discussion and mediation purposes relating to the City's treatment in its currently pending chapter 9 bankruptcy case of the License Agreement currently in place between City and Discloser (the "Ports Licensing Agreement");

NOW THEREFORE, in consideration for the mutual undertakings of the City and the Discloser under this Agreement, the parties agree as follows:

1. Disclosure. SIS, LLC agrees to disclose and Reviewer agrees to review the Confidential Information. The Confidential Information to be disclosed shall include all records and information requested in the City's Application for Order of Examination under Rule 2004, including:

    i.   All Detailed Internal Operating Revenue/Expense Statements for the Ports and for the use of the Stadium for the past 5 years (2008-2012);

    ii.  All Audited Financial Statements for the Ports and for the use of the Stadium for the past 5 years (2008-2012);

    iii. All League Standard Financial Reports for the Ports and for the use of the Stadium for the past 5 years (2008-2012);

    iv.  All Detailed Current Year Budgets and Projections for the Ports and for the use of the Stadium; and

    v.   All historical event information for 2011-2013 for baseball events held at the Stadium, including the total number of home games played, the total and average paid attendance, the total and average turnstile attendance, and average ticket prices.

1

2.      <u>Confidentiality.</u>

    2.1      Limits on Use of Records. Reviewer agrees not to use the Confidential Information in any way except for the purpose set forth above. Reviewer acknowledges and agrees that the Confidential Information shall be made available to Reviewer for its review and evaluation at the offices of Discloser on November 26, 2013, starting at 9:00 a.m.   Reviewer explicitly agrees that no copies or images of any document, record, correspondence or other information disclosed shall be retained by Reviewer, or by any agent, consultant, counsel or other third party working with Reviewer to analyze said Confidential Information.   If additional review is required, Discloser shall make the Confidential Information available for such further review at a time to be agreed upon by the parties during the week of December 2, 2013.

    2.2      No Disclosure. Reviewer shall prevent the Confidential Information, or any part thereof, from being disclosed to any person other than those representatives of Reviewer listed in section 2.4 of this Agreement. Notwithstanding any other part of this Agreement, the persons listed in section 2.4 may present information obtained through their review of the Confidential Information to the City Council for the City in a closed meeting session only (as that term is utilized under California open meeting and public records laws), in connection with Reviewer's authorized use of the Confidential Information.   The disclosure of any Confidential Information to the City Council for the City during a closed session meeting shall have no impact on the confidential nature of such information under this Agreement, and Reviewer shall take steps to maintain the confidence of such information.

    2.3      Protection of Secrecy. Reviewer agrees to take all steps reasonably necessary to protect the secrecy of the Confidential Information, and to prevent the Confidential Information from falling into the public domain or into the possession of unauthorized persons.

    2.4      Persons Who May Review Confidential Information.  The Confidential Information to be disclosed shall be made available at the agreed upon time and place only for review by the following persons:  Carolyn Godwin, Laurie Montes, Dan Barrett, Andy Belknap, and Kurt Wilson. No other persons or representatives of the City shall review the disclosed Confidential Information.   Prior to any review of the Confidential Information, each person shall review and sign this agreement and Reviewer shall provide a fully executed agreement to Discloser.

3.      Limits on Confidential Information. Confidential Information shall not be deemed proprietary and the Reviewer shall have no obligation with respect to such information where the information:

      (a) was known to Reviewer prior to reviewing any of the Confidential Information from SIS, LLC;

      (b) has become publicly known through no breach of this Agreement or any other wrongful act of Reviewer;

      (c) was received by Reviewer without breach of this Agreement from a third party without restriction as to the use and disclosure of the information;

      (d) was independently developed by Reviewer without use of the Confidential Information; or

      (e) is released pursuant to the California Public Records Act (Gov. Code §6250 *et seq.*) or is ordered to be released by a court of competent jurisdiction.

4.      Ownership of Confidential Information.  Reviewer agrees that all Confidential Information shall remain the property of SIS, LLC, and that SIS, LLC may use such Confidential Information for any purpose without obligation to Reviewer. Nothing contained herein shall be construed as granting or implying any transfer of rights to Reviewer in the Confidential Information, or any patents or other intellectual property protecting or relating to the Confidential Information. Moreover, Reviewer acknowledges that the Confidential Information disclosed to the Reviewer on account of the Order shall not be admissible evidence; provided, however, that any such information obtained pursuant to subsequent discovery, or any other legal means, shall be admissible in the event of litigation between Reviewer and SIS, LLC.

5.      Injunctive Relief.  Reviewer acknowledges and agrees that this Agreement is necessary to protect the present and future business of Discloser, and that disclosure of all or any part of the Confidential Information in breach of this Agreement may cause irreparable injury to the Discloser for which there is no adequate remedy at law.  Therefore, Reviewer agrees that if Reviewer should breach any term or condition of this Agreement, Discloser shall have the right to seek equitable remedies directly against the Reviewer including, without limitation, specific performance and injunctive relief, in order to require Reviewer to specifically perform under the terms and conditions of this Agreement and/or to enjoin Reviewer from breaching any terms or conditions of this Agreement including, without limitation, the disclosure of Confidential Information.  These rights shall be interpreted so as to not limit SIS, LLC's right to recover damages otherwise allowable by law, including, without limitation, exemplary damages of

up to twice the amount of any award as provided in California Civil Code section 3462.3(c) for willful and malicious misappropriation. Notwithstanding Discloser's right to relief as against Reviewer for breach of this Agreement, no individual referenced in section 2.4 shall be held liable for any breach of this Agreement committed by a person other than that individual.

6.     Term and Termination. Any Confidential Information disclosed to Reviewer shall remain subject to the provisions of this agreement, and such provisions shall survive the City's bankruptcy proceeding unless SIS, LLC chooses to disclose such information.  This agreement is made without prejudice to the Reviewer's right to seek court permission to disclose the Confidential Information or the Discloser's right to seek additional protection for the Confidential Information.

7.     Survival of Rights and Obligations. This Agreement shall be binding upon, inure to the benefit of, and be enforceable by (a) SIS, LLC and the Stockton Ports, their successors, and assigns; and (b) Reviewer, its successors and assigns.

IN WITNESS WHEREOF, the parties have executed this agreement effective as of the date first written above.

DISCLOSER
7th Inning Stretch DBA Stockton Ports

Signed: _____
Print Name: _____
Title: _____
Date: _____


REVIEWER
City of Stockton, a California Charter City

Signed: _____
Print Name: _Kurt Wilson_
Title: _Interim City Manager_
Date: _11-14-13_


APPROVED AS TO FORM AND CONTENT

By _____
Deputy City Attorney

5

IN WITNESS WHEREOF, the parties have executed this agreement effective as of the date first written above.

DISCLOSER
7th Inning Stretch DBA Stockton Ports
Signed: _____
Print Name: ___ Pat Filippone _____
Title: ___ President _____
Date: ___ 11-14-13 _____


REVIEWER
City of Stockton, a California Charter City
Signed: _____
Print Name: _____
Title: _____
Date: _____

5