**9**

| | |
|---|---|
| James O. Johnston (SBN 167330) | Joshua D. Morse (SBN 211050) |
| Charlotte S. Wasserstein (SBN 279442) | JONES DAY |
| JONES DAY | 555 California Street, 26th Floor |
| 555 South Flower Street, 50th Floor | San Francisco, CA 94104 |
| Los Angeles, CA 90071 | Telephone:    (415) 626-3939 |
| Telephone:    (213) 489-3939 | Facsimile:     (415) 875-5700 |
| Facsimile:     (213) 243-2539 | Email: jmorse@jonesday.com |
| Email: jjohnston@jonesday.com | |
|        cswasserstein@jonesday.com | |

*Attorneys for Franklin High Yield Tax-Free Income Fund and Franklin California High Yield Municipal Fund*

# UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA

### SACRAMENTO DIVISION

| | |
|---|---|
| In re: | Case No. 12-32118 (CMK) |
| CITY OF STOCKTON, CALIFORNIA, | D.C. No. OHS-15 |
| Debtor. | Chapter 9 |
| | Adv. Proceeding No. 13-02315-C |
| WELLS FARGO BANK, NATIONAL ASSOCIATION, FRANKLIN HIGH YIELD TAX-FREE INCOME FUND, AND FRANKLIN CALIFORNIA HIGH YIELD MUNICIPAL FUND, | **MOTION OF FRANKLIN HIGH YIELD TAX-FREE INCOME FUND AND FRANKLIN CALIFORNIA HIGH YIELD MUNICIPAL FUND TO EXCLUDE TESTIMONY OF MICHAEL CERA** |
| Plaintiffs. | Date:    May 12, 2014 |
| v. | Time:    9:30 a.m. |
| CITY OF STOCKTON, CALIFORNIA, | Dept:    C, Courtroom 35 |
| Defendant. | Judge:   Hon. Christopher M. Klein |

Pursuant to the Scheduling Order[1] and Rule 26 of the Federal Rules of Civil Procedure, Franklin High Yield Tax-Free Income Fund and Franklin California High Yield Municipal Fund (collectively, "Franklin") hereby move to exclude the testimony of Michael Cera set forth in the *Direct Testimony Declaration Of Michael Cera Rebutting Expert Report Of Frederick E. Chin* [Docket No. 1395 / Adv. Pro. Docket No. 89] (the "Direct Testimony"). In support of this Motion, Franklin states as follows:

## INTRODUCTION

By this Motion, Franklin objects to the introduction of the Direct Testimony offered by the City in violation of the Scheduling Order and the Federal Rules of Civil Procedure. Franklin requests that the Court exclude the testimony of Mr. Cera, a fact witness never disclosed to Franklin as required under the Scheduling Order.

Mr. Cera purports to testify about the financial performance and operations of the Oak Park Ice Arena, which is a part of Franklin's collateral. As explained below, such testimony is inadmissible for three reasons. First, because the City did not identify Mr. Cera as a potential witness until four days ago, the Scheduling Order prohibits Mr. Cera from testifying. Mr. Cera does not qualify as a "rebuttal" witness as to whom identification was not required because he has not testified as to facts that contradict evidence offered by Franklin. Second, because Mr. Cera purports to offer testimony with respect to the exact subjects about which the City previously had identified another witness to testify, the City cannot introduce his testimony now under the guise that he is providing rebuttal testimony. To the contrary, Mr. Cera has testified to matters that are and always have been a part of the City's case in chief and would only be admissible if they are provided through competent testimony of a properly-identified fact witness. Finally, to the extent the City

---

[1] For purposes of these Objections, the term "Scheduling Order" means the *Order Governing The Disclosure And Use Of Discovery Information And Scheduling Dates Related To The Trial In The Adversary Proceeding And Any Evidentiary Hearing Regarding Confirmation Of Proposed Plan Of Adjustment* [Docket No. 1224 / Adv. Pro. Docket No. 16], as amended by the *Order Modifying Order Governing The Disclosure And Use Of Discovery Information And Scheduling Dates Related To The Trial In The Adversary Proceeding And Any Evidentiary Hearing Regarding Confirmation Of Proposed Plan Of Adjustment* [Docket No. 1242 / Adv. Pro. Docket No. 18]. Capitalized terms not otherwise defined herein shall have the meaning ascribed to such term in the Scheduling Order, or the *Complaint For Declaratory Relief* (the "Complaint") [Adv. Pro. Docket No. 1], as applicable.

1  argues that Mr. Cera's testimony is offered to support the opinion of the City's rebuttal expert
2  (Raymond Smith), the testimony must be characterized as part of Mr. Smith's rebuttal expert report.
3  Because it was not actually included in Mr. Smith's rebuttal report, the testimony represents an
4  untimely rebuttal that is barred by the Scheduling Order.
5       Through its belated, "hide the ball" introduction of Mr. Cera's testimony, the City is
6  attempting to circumvent the Scheduling Order and deprive Franklin of the opportunity to test Mr.
7  Cera's assertions through discovery and otherwise prepare properly for trial.  The late submission of
8  such testimony is neither substantially justified nor harmless, and the City cannot meet any burden
9  that would excuse its blatant violation of the Scheduling Order.  *Yeti by Molly Ltd. v. Deckers*
10 *Outdoor Corp.*, 259 F.3d 1101, 1106-07 (9th Cir. 2001).  The Scheduling Order expressly prohibits
11 Mr. Cera's testimony under these circumstances, and the Direct Testimony should be excluded in its
12 entirety.
13      As contemplated by the Scheduling Order, Franklin will submit objections to the Direct
14 Testimony on or before April 25, 2014.  The issues raised in this Motion are in addition to the other
15 issues raised in such objections.

## RELEVANT BACKGROUND

The Scheduling Order provides clear and unambiguous deadlines, including the following relevant to this Motion:

- Initial disclosures of fact and expert witnesses were to be made on or before January 31, 2014;[2]
- Final disclosures of fact and expert witnesses were to be made on or before March 26, 2014;[3]

---

[2] Modified Scheduling Order ¶ 2 ("On or before January 31, 2014, each Party shall exchange and provide to the other Parties preliminary lists of all witnesses (other than witnesses from whom expert reports will be submitted pursuant to Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure) that such Party then believes that it may call to provide testimony at the Trial or the Hearing, as described in ¶ 28 of the [Initial] Scheduling Order.  Also on or before January 31, 2014, each Party intending to present expert testimony shall exchange and provide to the other Parties the identity of any expert witness it may use to present evidence in its case-in-chief and shall provide a written summary of the topics that each such witness is expected to address, as described in ¶ 30 of the [Initial] Scheduling Order.").

1  • Expert reports were to be filed and served on or before March 26, 2014;[4]

  • Rebuttal expert reports were to be filed and served on or before April 4, 2014;[5] and

  • Expert depositions were to conclude on or before April 18, 2014.[6]

When the City disclosed its initial slate of witnesses on January 31, 2014, it did not identify Mr. Cera as one of its percipient witnesses or one of its expert witnesses. When the City finalized its slate of witnesses and issued its experts' reports on or about March 26, 2014, Mr. Cera was not identified as a percipient witness or an expert witness. Thereafter, Mr. Cera was not identified when the City issued its rebuttal expert reports on April 4, 2014.

In fact, Mr. Cera was not identified until he issued his Direct Testimony on April 21, 2014 – nearly a month after the final deadline for disclosure of witnesses – purporting to "rebut" Mr. Chin's expert report. The City subsequently reiterated its belief that Mr. Cera is a rebuttal witness in a letter dated April 24, 2014 (refusing Franklin's request for a deposition of Mr. Cera).[7] The City apparently is trying to shoehorn Mr. Cera into a category that it believes would allow it to produce his testimony without any prior identification or disclosure. As shown below, the Scheduling Order is not so easily evaded.

---

[3] *Id*. ¶ 5 ("Also on or before March 21, 2014, each Party intending to present evidence shall serve on each other Party a list of fact and expert witnesses (other than rebuttal and impeachment witnesses) whose testimony the Party may submit at the Trial or Hearing, as described in ¶ 36 of the [Initial] Scheduling Order."). The City and Franklin agreed to extend such deadline to March 26, 2014.

[4] *Id*. ¶ 5 ("On or before March 21, 2014, each Party intending to present expert testimony shall serve and file its expert reports as provided in ¶ 31 of the [Initial] Scheduling Order."). The City and Franklin agreed to extend such deadline to March 26, 2014.

[5] *Id*. ¶ 8 ("On or before April 4, 2014, each Party intending to present rebuttal expert testimony shall serve and file its rebuttal expert reports, as described in ¶ 32 of the [Initial] Scheduling Order.").

[6] *Id*. ¶ 9 ("Expert depositions shall commence on or after April 8, 2014, and must conclude by no later than April 18, 2014.").

[7] *See* correspondence from P. Bocash, dated April 24, 2014 ("Bocash Letter"), at 1, a copy of which is attached to the accompanying *Declaration Of Joshua D. Morse In Support Of Motion Of Franklin High Yield Tax-Free Income Fund and Franklin California High Yield Municipal Fund To Exclude Portions Of Testimony Of K. Dieker, V. Toppenberg, R. Smith and R. Leland, And Motions To Exclude Testimony Of M. Cera And T. Nelson* (the "Morse Decl."), as Exhibit H.

1    This is not an inconsequential matter, as Mr. Cera's proposed testimony materially prejudices
2  Franklin.  For one thing, it is not reasonable or fair for the City to lie in wait, hiding Mr. Cera's
3  rebuttal of Mr. Chin until well beyond the deadline established by the Court for rebuttal reports
4  and after the date on which Mr. Chin was deposed.  For another, Franklin has not had an opportunity to
5  obtain discovery with respect to Mr. Cera's testimony – an opportunity that would have been
6  available to it (prior to Mr. Chin's deposition) had the City adhered to the Scheduling Order.
7    The City's maneuver severely prejudices Franklin's ability to cross-examine Mr. Cera at
8  trial.  That is the City's intended result, as demonstrated by the fact that the City flatly refused
9  Franklin's request to take a deposition of Mr. Cera with respect to his new testimony and opinions.[8]
10  Mr. Cera's untimely, undisclosed, and prejudicial testimony should be stricken in its entirety for the
11  reasons set forth below.

## ARGUMENT

14    The Scheduling Order required identification of fact witnesses by no later than
15  March 26, 2014.  It required the filing of rebuttal expert reports by no later than April 4, 2014.  Mr.
16  Cera's Direct Testimony, which specifically purports to "rebut" the testimony of Franklin's expert,
17  was filed nearly a month after the deadline for identification of fact witnesses and seventeen days
18  after the deadline for disclosure of rebuttal reports.  In fact, the City had waited until the period for
19  fact and expert depositions (including the deposition of Mr. Chin, the expert whom Mr. Cera seeks
20  to "rebut") had concluded, thereby completely depriving Franklin of any opportunity to test Mr.
21  Cera's assertions through discovery and deposition and depriving Mr. Chin any opportunity to
22  respond in deposition to Mr. Cera's testimony (which the City seeks to use to "rebut" Mr. Chin's
23  expert opinion).
24    As shown below, the City's attempt to hide Mr. Cera until the eleventh hour cannot stand.

---

[8] `    See Bocash Letter at 1.

### 1. Mr. Cera's Testimony Is Not Rebuttal Testimony.

The stated purpose of Mr. Cera's testimony is to rebut the expert opinion of Mr. Chin.[9] The testimony, however, actually only relates to capital improvements allegedly needed at the Oak Park Ice Arena – one of the properties that is the subject of Mr. Chin's report. This testimony (assuming it can even be validated)[10] does not directly or indirectly rebut the opinions of Mr. Chin – it simply offers additional facts that the City believes are relevant to Mr. Chin's opinion.

To rebut the report of Mr. Chin with factual testimony, however, Mr. Cera would have to provide factual testimony that directly contradicts the stated conclusions of Mr. Chin. "Testimony offered only as additional support to an argument made in a case in chief, if not offered 'to contradict, impeach or defuse the impact of the evidence offered by an adverse party,' is improper on rebuttal. *Peals v. Terre Haute Police Dept.,* 535 F.3d 621, 630 (7th Cir. 2008) (citing *United States v. Grintjes*, 237 F.3d 876, 879 (7th Cir, 2001)). Mr. Cera's testimony does not meet this standard. It simply provides underlying facts related to alleged costs to repair or maintain physical properties at the Ice Arena. Offered as such, it is not rebuttal evidence, it is simply delinquent testimony that must be excluded.

### 2. Mr. Cera's Testimony Expands And Exceeds The Scope Of Testimony Offered By A Witness Properly Identified By The City.

The parties were obligated to disclose all fact witnesses by no later than March 26, 2014. The City did not disclose Mr. Cera as a witness. However, the City did timely identify Susan Wren as a fact witness with respect to "issues relating to the Golf Course/Park Properties, including but not limited to the financial performance of Oak Park and the Swenson and Van Buskirk golf courses."[11]

---

[9] Direct Testimony ¶ 1 ("I make this declaration in support of confirmation . . . and in rebuttal to the Expert Report of Frederick E. Chin.").

[10] *See* Fed. R. Evid. 802.

[11] *See* correspondence from P. Bocash, dated March 26, 2014, at 4, a copy of which is attached to the Morse Decl. as Exhibit N.

FRANKLIN'S MOTION TO EXCLUDE
TESTIMONY OF MICHAEL CERA

1   This is precisely the subject of Mr. Cera's new, belated testimony.  Indeed, Ms. Wren specifically
2   refers to and incorporates Mr. Cera's testimony in her own direct testimony declaration.[12]

3       The City cannot introduce a witness to provide testimony that it previously stated another
4   witness would provide – cloaked in the guise that the new witness (Mr. Cera) is providing rebuttal
5   testimony.  This is particularly true given that the facts identified by Mr. Cera in his Direct
6   Testimony do not actually rebut any testimony by a Franklin witness (Mr. Chen or otherwise) and
7   would only be admissible if introduced through a properly-disclosed fact witness as to whom
8   Franklin had been given the opportunity to depose.

9       The City is attempting to circumvent the Scheduling Order.  This should not be permitted and
10  Mr. Cera's testimony should be excluded.  To do otherwise would prejudice Franklin, as it has been
11  deprived of the opportunity to depose Mr. Cera with respect to his new testimony and any opinions
12  or conclusions he is inferring from it.

13      **3.    Mr. Cera's Testimony Improperly Supplements The City's Rebuttal Expert.**

14      To the extent the City argues that Mr. Cera's testimony evidence is rebuttal evidence and is
15  offered, as such, to support an opinion contrary to the opinions expressed by Mr. Chin, the testimony
16  must be characterized as part of the rebuttal expert testimony required to have been disclosed in
17  accordance with the Scheduling Order.[13]

18      Specifically, the City has offered Mr. Cera's testimony to prop up the opinion of its rebuttal
19  expert, Mr. Smith.  Indeed, Mr. Smith testified that he spoke with Mr. Cera <u>after</u> Mr. Smith
20  submitted his rebuttal report,[14] and Mr. Smith incorporates Mr. Cera's alleged hearsay statements

---

[12] *Direct Testimony Declaration Of Susan Wren In Support of Confirmation Of First Amended Plan For The Adjustment Of Debts Of City Of Stockton, California (November 15, 2013)* [Docket Nos. 1382 and 1386 / Adv. Pro. Docket Nos. 77-78] ¶ 4.

[13] Modified Scheduling Order ¶ 8 ("On or before April 4, 2014, each Party intending to present rebuttal expert testimony shall serve and file its rebuttal expert reports, as described in ¶ 32 of the [Initial] Scheduling Order.").

[14] *Direct Testimony Declaration Of Ray Smith In Support Of Confirmation Of First Amended Plan For The Adjustment Of Debts Of City Of Stockton, California (November 15, 2013)* [Docket No. 1365 / Adv. Pro. Docket No. 60] ("<u>Smith Direct Testimony</u>") ¶ 7; Transcript (Rough) of Deposition of Raymond Smith 20:12-14 ("Q  Before you did your report, you did not interview Mike Cera; is that right?  A  That's – that's right.").

1   from that conversation as well as Mr. Cera's Direct Testimony into his own direct testimony
2   declaration.[15]

3       This is wholly improper.  For one thing, the late submission of Mr. Cera's testimony,
4   purporting to rebut the expert opinion of Mr. Chin, required prior disclosure to allow for discovery
5   and deposition.  Mr. Smith's wholesale adoption of and reliance on Mr. Cera's testimony as a part of
6   his own expert opinion renders Mr. Cera's testimony a part of Mr. Smith's report.  Just as with Mr.
7   Smith himself, the City was required to identify Mr. Cera's testimony and make him available for
8   deposition long ago.

9       For another thing, beyond the severely-prejudicial procedural violation of the Scheduling
10  Order, Mr. Cera cannot offer evidence intended to support or provide an opinion about the value of
11  the properties appraised by Mr. Chin unless he is qualified to do so.  In order for a witness to be
12  qualified as an expert, consideration must be given to "[w]hether the expert has appropriate
13  qualifications—*i.e.*, some special knowledge, skill, experience, training or education on that subject
14  matter."  *United States v. Hankey*, 203 F.3d 1160, 1168 (9th Cir. 2000); s*ee also Mercurio v. Nissan*
15  *Motor Corp.*, 81 F. Supp. 2d 859, 862 (N.D. Ohio 2000) ("A witness may give expert testimony only
16  if he is 'qualified as an expert by knowledge, skill, experience, training, or education' in the relevant
17  subject area") (quoting Federal Rule of Evidence 702); *United States v. Vallejo*, 237 F.3d 1008, 1019
18  (9th Cir. 2001).

19      If the City contends that Mr. Cera's qualifications allow him to substantiate the facts he lists
20  in his testimony and that those facts rebut the content of Mr. Chin's report, then the City is, by
21  definition, offering Mr. Cera as an expert and his testimony as expert rebuttal testimony.  That
22  testimony is untimely.

### CONCLUSION

25  Mr. Cera's testimony does not qualify as rebuttal or impeachment testimony, as it neither
26  impeaches Mr. Chin's credibility nor rebuts any factual statements of Mr. Chin.  Rather, Mr. Cera

---

[15] Smith Direct Testimony ¶ 8.

offers statements about straightforward factual matters as to which a properly-identified City witness also has testified (and been deposed).  The Scheduling Order forbids the introduction of this testimony, either as rebuttal evidence or as a supplement to the opinion of the City's rebuttal expert.

      Accordingly, no matter how the City wishes to characterize Mr. Cera's testimony, the Direct Testimony it is improper, violates the Scheduling Order, and should be excluded.

Dated: April 25, 2014                                  JONES DAY

By:   */s/ Joshua D. Morse*
James O. Johnston
Joshua D. Morse
Charlotte S. Wasserstein

*Attorneys for Franklin High Yield Tax-Free Income Fund and Franklin California High Yield Municipal Fund*