7

| | |
|---|---|
| James O. Johnston (SBN 167330)<br>Charlotte S. Wasserstein (SBN 279442)<br>JONES DAY<br>555 South Flower Street, 50th Floor<br>Los Angeles, CA 90071<br>Telephone:   (213) 489-3939<br>Facsimile:    (213) 243-2539<br>Email: jjohnston@jonesday.com<br>          cswasserstein@jonesday.com | Joshua D. Morse (SBN 211050)<br>JONES DAY<br>555 California Street, 26th Floor<br>San Francisco, CA 94104<br>Telephone:   (415) 626-3939<br>Facsimile:    (415) 875-5700<br>Email: jmorse@jonesday.com |

*Attorneys for Franklin High Yield Tax-Free Income Fund and Franklin California High Yield Municipal Fund*

# UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA

## SACRAMENTO DIVISION

| | |
|---|---|
| In re:<br><br>CITY OF STOCKTON, CALIFORNIA,<br><br>Debtor. | Case No. 12-32118 (CMK)<br><br>D.C. No. OHS-15<br><br>Chapter 9<br><br>Adv. Proceeding No. 13-02315-C |
| WELLS FARGO BANK, NATIONAL ASSOCIATION, FRANKLIN HIGH YIELD TAX-FREE INCOME FUND, AND FRANKLIN CALIFORNIA HIGH YIELD MUNICIPAL FUND,<br><br>Plaintiffs.<br><br>v.<br><br>CITY OF STOCKTON, CALIFORNIA,<br><br>Defendant. | **MOTION OF FRANKLIN HIGH YIELD TAX-FREE INCOME FUND AND FRANKLIN CALIFORNIA HIGH YIELD MUNICIPAL FUND TO EXCLUDE PORTION OF TESTIMONY OF ROBERT LELAND**<br><br>Date:  May 12, 2014<br>Time:  9:30 a.m.<br>Dept:  C, Courtroom 35<br>Judge:  Hon. Christopher M. Klein |

1   Pursuant to the Scheduling Order[1] and Rule 26 of the Federal Rules of Civil Procedure,
Franklin High Yield Tax-Free Income Fund and Franklin California High Yield Municipal Fund
(collectively, "Franklin") hereby move to exclude the portion of the testimony of Robert Leland set
forth in the *Direct Testimony Declaration Of Robert Leland In Support Of City's Confirmation of
First Amended Plan For The Adjustment Of Debts Of City Of Stockton, California (November 15,
2013)* [Docket No. 163] (the "Direct Testimony") that impermissibly attempts to rebut the expert
opinion of Franklin's expert, Mr. Charles M. Moore.  In support of this Motion, Franklin states as
follows:

### INTRODUCTION

By this Motion, Franklin objects to the introduction of the Direct Testimony offered by the City in violation of the Scheduling Order and the Federal Rules of Civil Procedure.  Specifically, Franklin requests that the Court exclude Mr. Leland's twenty pages of untimely expert rebuttal testimony included impermissibly in the Direct Testimony.

Such rebuttal testimony is inadmissible under the Scheduling Order because the City has attempted to provide Mr. Leland's rebuttal opinion <u>after</u> the schedule set for the submission of rebuttal reports and the conclusion of depositions of expert witnesses, thereby prejudicing Franklin by preventing it from preparing its rebuttal to the new testimony or obtaining discovery on Mr. Leland's new opinions prior to trial.  The late submission of this testimony is neither substantially justified nor harmless, and the City cannot meet any burden that would excuse its blatant violation of the Scheduling Order.  *Yeti by Molly Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106-07 (9th Cir. 2001).

---

[1] For purposes of these Objections, the term "Scheduling Order" means the *Order Governing The Disclosure And Use Of Discovery Information And Scheduling Dates Related To The Trial In The Adversary Proceeding And Any Evidentiary Hearing Regarding Confirmation Of Proposed Plan Of Adjustment* [Docket No. 1224 / Adv. Pro. Docket No. 16], as amended by the *Order Modifying Order Governing The Disclosure And Use Of Discovery Information And Scheduling Dates Related To The Trial In The Adversary Proceeding And Any Evidentiary Hearing Regarding Confirmation Of Proposed Plan Of Adjustment* [Docket No. 1242 / Adv. Pro. Docket No. 18].  Capitalized terms not otherwise defined herein shall have the meaning ascribed to such term in the Scheduling Order, or the *Complaint For Declaratory Relief* (the "Complaint") [Adv. Pro. Docket No. 1], as applicable.

As contemplated by the Scheduling Order, Franklin will submit objections to the Direct Testimony on or before April 25, 2014. The issues raised in this Motion are in addition to the other issues raised in such objections.

**RELEVANT BACKGROUND**

The Scheduling Order provides clear and unambiguous deadlines, including the following relevant to this Motion:

- Initial disclosures of fact and expert witnesses were to be made on or before January 31, 2014;[2]
- Final disclosures of fact and expert witnesses were to be made on or before March 26, 2014;[3]
- Expert reports were to be filed and served on or before March 26, 2014;[4]
- Rebuttal expert reports were to be filed and served on or before April 4, 2014;[5] and
- Expert depositions were to conclude on or before April 18, 2014.[6]

---

[2] Modified Scheduling Order ¶ 2 ("On or before January 31, 2014, each Party shall exchange and provide to the other Parties preliminary lists of all witnesses (other than witnesses from whom expert reports will be submitted pursuant to Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure) that such Party then believes that it may call to provide testimony at the Trial or the Hearing, as described in ¶ 28 of the [Initial] Scheduling Order. Also on or before January 31, 2014, each Party intending to present expert testimony shall exchange and provide to the other Parties the identity of any expert witness it may use to present evidence in its case-in-chief and shall provide a written summary of the topics that each such witness is expected to address, as described in ¶ 30 of the [Initial] Scheduling Order.").

[3] *Id*. ¶ 5 ("Also on or before March 21, 2014, each Party intending to present evidence shall serve on each other Party a list of fact and expert witnesses (other than rebuttal and impeachment witnesses) whose testimony the Party may submit at the Trial or Hearing, as described in ¶ 36 of the [Initial] Scheduling Order."). The City and Franklin agreed to extend such deadline to March 26, 2014.

[4] *Id*. ¶ 5 ("On or before March 21, 2014, each Party intending to present expert testimony shall serve and file its expert reports as provided in ¶ 31 of the [Initial] Scheduling Order."). The City and Franklin agreed to extend such deadline to March 26, 2014.

[5] *Id*. ¶ 8 ("On or before April 4, 2014, each Party intending to present rebuttal expert testimony shall serve and file its rebuttal expert reports, as described in ¶ 32 of the [Initial] Scheduling Order.").

[6] *Id*. ¶ 9 ("Expert depositions shall commence on or after April 8, 2014, and must conclude by no later than April 18, 2014.").

1    When the City disclosed its initial slate of witnesses on January 31, 2014, it identified Mr.
2    Leland as both a percipient witness and one of its "expert" witnesses, indicating that the City
3    "expected [Mr. Leland] to address the City's financial projections and long-range financial plan."[7]
4    However, because Mr. Leland was "not being retained especially to provide expert testimony," the
5    City took the position that Mr. Leland "will provide expert testimony under Federal Rule of Civil
6    Procedure 26(a)(2)(C) and will not prepare [a] written report[]."  On February 20, 2014, the City
7    served Franklin with the *City Of Stockton, California's Disclosure Of Non-Retained Expert*
8    *Testimony Pursuant To Federal Rule Of Civil Procedure 26(a)(2)(C)*,[8] which stated as follows:

> Based on this past experience and on his experience in his current assignment in Stockton, Mr. Leland may testify that the findings, projections, assumptions, and underlying facts used to create the Long-Range Financial Plan, as supplemented by new and updated financial data generated since the filing of the disclosure statement, represent the City's best efforts to forecast its revenues, costs, and overall feasibility under the terms of its plan of adjustment.  Those findings, projections, assumptions, and facts are contained within the Long-Range Financial Plan and updated financial data generated by the City on an ongoing basis.[9]

14    When the City finalized its slate of witnesses on or about March 26, 2014, Mr. Leland was
15    again identified as a percipient witness and as an expert who, as a consultant not specifically retained
16    to provide expert testimony, would not actually be issuing a formal report.  Rather, the City took the
17    position that Mr. Leland's "report" consisted of the Long-Range Financial Plan attached to the
18    City's Disclosure Statement.
19    Nowhere in City's disclosures, however, was Mr. Leland ever identified as a rebuttal expert,
20    nor were any disclosures made that Mr. Leland's testimony may possibly directed at rebutting the
21    report and opinion of Franklin's expert, Mr. Moore.  Critically, Mr. Leland did not issue a rebuttal
22    expert report on April 4, 2014 (the due date for such reports under the Scheduling Order).

---

[7] *See* correspondence from P. Bocash, dated January 31, 2014, at 4, a copy of which is attached to the accompanying *Declaration Of Joshua D. Morse In Support Of Motion Of Franklin High Yield Tax-Free Income Fund and Franklin California High Yield Municipal Fund To Exclude Portions Of Testimony Of K. Dieker, V. Toppenberg, R. Smith and R. Leland, And Motions To Exclude Testimony Of M. Cera And T. Nelson* (the "Morse Decl."), as Exhibit B.

[8] The City amended its Rule 26(a)(2)(C) disclosure on February 22, February 27, and March 18.  A copy of the March 18 version of the Disclosure is attached to the Morse Decl. at Exhibit A.

[9] Rule 26(a)(2)(C) disclosure at 2-3.

However, in his Direct Testimony (submitted seventeen days after the deadline for rebuttal expert reports and well after Mr. Moore was deposed by the City), Mr. Leland goes well beyond the topics as to which the City disclosed he would testify (*i.e.*, the City's Long-Range Financial Plan) and offers twenty pages of direct rebuttal of Mr. Moore and his report. In particular, Paragraphs 21 through 39 (pages 12 through 32) of Mr. Leland's Direct Testimony set forth entirely new opinions and conclusions not previously addressed by Mr. Leland in the City's prior disclosures, in the Long-Range Financial Plan, or at Mr. Leland's deposition. Rather, those twenty pages respond directly to Mr. Moore and his expert report.

This brand new testimony is an impermissible, untimely rebuttal of one expert by another putative "expert." As explained below, as a putative expert, Mr. Leland cannot expand the topics on which he will testify without formal disclosure (supplementation) and an opportunity for Franklin to take discovery with respect to Mr. Leland's new opinions. Here, there was no disclosure and no opportunity for discovery.

This is <u>not</u> an inconsequential matter, as Mr. Leland's untimely expert rebuttal report materially prejudices Franklin. For one thing, it is not reasonable or fair for the City to lie in wait, hiding Mr. Leland's rebuttal of Mr. Moore until well beyond the deadline established by the Court for expert rebuttal reports <u>and</u> after the date on which Mr. Leland was deposed. For another, Franklin has not had an opportunity to obtain discovery with respect to Mr. Leland's new opinions – which it would have been able to do prior to Mr. Moore's deposition had the City adhered to the Scheduling Order.

This severely prejudices Franklin's ability to cross-examine effectively Mr. Leland at trial. Indeed, that surely is the result desired by the City, which flatly refused Franklin's request to take another deposition of Mr. Leland with respect to his new testimony and opinions.[10] As a consequence, Mr. Leland's untimely, undisclosed, and prejudicial new rebuttal testimony should be stricken from his Direct Testimony.

---

[10] *See* correspondence from P. Bocash, dated April 24, 2014 ("<u>Bocash Letter</u>"), at 1, a copy of which is attached to the Morse Decl. as <u>Exhibit H</u>.

**ARGUMENT**

The Scheduling Order only authorizes the admission of expert rebuttal testimony where properly and timely disclosed.  For rebuttal experts, the disclosure of the topics and breadth of intended testimony was due on April 4, 2014, with the rebuttal expert reports:  "On or before April 4, 2014, each Party intending to present rebuttal expert testimony shall serve and file its rebuttal expert reports."[11]  Mr. Leland's rebuttal report, in the form of the Direct Testimony specifically rebutting the testimony of Franklin's expert, was filed seventeen days <u>after</u> the Scheduling Order deadline and after conclusion of the period for expert depositions (including the deposition of Franklin's expert) had concluded.

The rebuttal portion of the Direct Testimony therefore directly violates the Scheduling Order.  Based on the City's failure to specifically identify Mr. Leland as a rebuttal expert or to issue a timely rebuttal report on behalf of Mr. Leland, the City cannot now offer Mr. Leland as a rebuttal expert or submit the twenty pages of rebuttal opinion set forth in Paragraphs 21 through 39 of the Direct Testimony.

Moreover, Mr. Leland's rebuttal testimony is an impermissible untimely supplement of the opinions the City previously stated Mr. Leland's testimony would cover.  The supplementation process allows for proper notice and, where necessary, discovery related to any modifications/expansions in the expert's opinions.  *See* Fed. R. Civ. P. 26(e)(2).  Franklin was not afforded that opportunity.

Moreover, Mr. Leland's new rebuttal report is not properly considered a "supplement" in any event.  Indeed, Mr. Leland has never issued a formal report at all.  A party may not rely on supplementation "as a way to remedy a deficient expert report or as a means of getting in, in effect, a brand new report." *Rojas v. Marko Zaninovich, Inc.*, No. 1:09-CV-OOT05 AWI , 2011 U.S. Dist. LEXIS 106044, at *18-19 (E.D. Cal. Sept. 19, 2011) (citing *Medtronic Vascular, Inc. v. Abbot Cardiovascular Sys., Inc.*, 2008 U.S. Dist. LEXIS 112148 at *6 (N.D. Cal. Oct. 15, 2008)); s*ee also Plumley v. Mockett*, 836 F. Supp. 2d 1053, 1062 (C.D. Cal. 2010) (expert's declaration not proper supplement under Rule 26(e) because "supplementary disclosures do not permit a party to introduce

---

[11]  Modified Scheduling Order ¶ 8.

1 new opinions after the disclosure deadline under the guise of a 'supplement'"). Supplementation

2 also is not appropriate simply "because the expert did an inadequate or incomplete preparation."

3 *Akeva LLC v. Mizuno Corp.*, 212 F.R.D. 306, 310 (M.D.N.C. 2002) (citations omitted).

4     Mr. Leland's attempt to resuscitate his expert opinion through an untimely rebuttal report

5 therefore cannot stand.

6

7 **CONCLUSION**

8     Mr. Leland's expert rebuttal report is untimely and violates the Scheduling Order, with

9 resulting material prejudice to Franklin. As a result, Paragraphs 21 through 39 of the Direct

10 Testimony should be stricken and not made part of the evidentiary record in this case.

11

12 Dated: April 25, 2014                             JONES DAY

13

14                                            By:    */s/ Joshua D. Morse*
                                           James O. Johnston

15                                            Joshua D. Morse
                                           Charlotte S. Wasserstein

16

17                                            *Attorneys for Franklin High Yield Tax-Free*
                                           *Income Fund and Franklin California High*

18                                            *Yield Municipal Fund*

19

20

21

22

23

24

25

26

27

28