**10**

James O. Johnston (SBN 167330)
Charlotte S. Wasserstein (SBN 279442)
JONES DAY
555 South Flower Street, 50th Floor
Los Angeles, CA 90071
Telephone:   (213) 489-3939
Facsimile:   (213) 243-2539
Email: jjohnston@jonesday.com
        cswasserstein@jonesday.com

Joshua D. Morse (SBN 211050)
JONES DAY
555 California Street, 26th Floor
San Francisco, CA 94104
Telephone:   (415) 626-3939
Facsimile:   (415) 875-5700
Email: jmorse@jonesday.com

*Attorneys for Franklin High Yield Tax-Free Income Fund and Franklin California High Yield Municipal Fund*

# UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA

### SACRAMENTO DIVISION

| | |
|---|---|
| In re:<br><br>CITY OF STOCKTON, CALIFORNIA,<br><br>Debtor.<br><hr>WELLS FARGO BANK, NATIONAL ASSOCIATION, FRANKLIN HIGH YIELD TAX-FREE INCOME FUND, AND FRANKLIN CALIFORNIA HIGH YIELD MUNICIPAL FUND,<br><br>Plaintiffs.<br><br>v.<br><br>CITY OF STOCKTON, CALIFORNIA,<br><br>Defendant. | Case No. 12-32118 (CMK)<br><br>D.C. No. OHS-15<br><br>Chapter 9<br><br>Adv. Proceeding No. 13-02315-C<br><br>**MOTION OF FRANKLIN HIGH YIELD TAX-FREE INCOME FUND AND FRANKLIN CALIFORNIA HIGH YIELD MUNICIPAL FUND TO EXCLUDE TESTIMONY OF TOM NELSON**<br><br>Date:  May 12, 2014<br>Time:  9:30 a.m.<br>Dept:  C, Courtroom 35<br>Judge:  Hon. Christopher M. Klein |

Case 12-32118    Filed 04/25/14    Doc 1429

Pursuant to the Scheduling Order[1] and Rule 26 of the Federal Rules of Civil Procedure, Franklin High Yield Tax-Free Income Fund and Franklin California High Yield Municipal Fund (collectively, "Franklin") hereby moves to exclude the testimony of Tom Nelson set forth in the *Direct Testimony Declaration Of Tom Nelson Rebutting Expert Report of Frederick Chin* [Docket No. 1363 / Adv. Pro. Docket No. 58] (the "Direct Testimony"). In support of this Motion, Franklin states as follows:

**INTRODUCTION**

By this Motion, Franklin objects to the introduction of the Direct Testimony offered by the City in violation of the Scheduling Order and the Federal Rules of Civil Procedure. Franklin requests that the Court exclude the testimony of Mr. Nelson, a witness never disclosed to Franklin as required under the Scheduling Order.

Mr. Nelson, the General Manager of Swenson Park and Van Buskirk golf courses (the "Golf Courses"), purports to testify about the financial performance and operations of those golf courses, which are a part of Franklin's collateral. Mr. Nelson also attempts to offer expert testimony in rebuttal to Franklin's expert, Frederick Chin. In particular, as explained in more detail below, Mr. Nelson opines that "Mr. Chin's report is seriously flawed" and "vastly overestimates the value of the Courses,"[2] notwithstanding the fact that Mr. Nelson has no valuation expertise or specialized training in appraisals. Rather, Mr. Nelson has "been a golf professional for the past 30 years."[3]

As explained below, the entirety of Mr. Nelson's testimony is inadmissible for at least four reasons. First, because the City did not identify Mr. Nelson as a potential witness until four days ago, the Scheduling Order prohibits Mr. Nelson from testifying. Mr. Nelson does not qualify as a

---

[1] For purposes of these Objections, the term "Scheduling Order" means the *Order Governing The Disclosure And Use Of Discovery Information And Scheduling Dates Related To The Trial In The Adversary Proceeding And Any Evidentiary Hearing Regarding Confirmation Of Proposed Plan Of Adjustment* [Docket No. 1224 / Adv. Pro. Docket No. 16], as amended by the *Order Modifying Order Governing The Disclosure And Use Of Discovery Information And Scheduling Dates Related To The Trial In The Adversary Proceeding And Any Evidentiary Hearing Regarding Confirmation Of Proposed Plan Of Adjustment* [Docket No. 1242 / Adv. Pro. Docket No. 18]. Capitalized terms not otherwise defined herein shall have the meaning ascribed to such term in the Scheduling Order, or the *Complaint For Declaratory Relief* (the "Complaint") [Adv. Pro. Docket No. 1], as applicable.

[2] Direct Testimony ¶¶ 5, 20.

[3] Direct Testimony ¶ 2.

"rebuttal" witness as to whom identification was not required because he has not testified as to facts that contradict evidence offered by Franklin.

Second, because Mr. Nelson purports to offer testimony with respect to the exact subjects about which the City previously had identified another witness to testify, the City cannot introduce his testimony now under the guise that he is providing rebuttal testimony. To the contrary, Mr. Nelson has testified to matters that are and always have been a part of the City's case in chief and would only be admissible if they are provided through competent testimony of a properly-identified fact witness.

Third, to the extent the City argues that Mr. Nelson's testimony is offered to support the opinion of the City's rebuttal expert (Raymond Smith) or itself is a rebuttal expert report, the testimony represents an untimely rebuttal that is barred by the Scheduling Order.

Finally, to the extent the City can be said to be seeking to introduce the Direct Testimony as expert testimony, Mr. Nelson's testimony is inadmissible under Rule 702 of the Federal Rules of Evidence because Mr. Nelson is not qualified to testify as an expert. Although the Direct Testimony is rife with expert-like opinions, as shown below, Mr. Nelson is not qualified to render any expert opinion relevant to this case.

Through its belated, "hide the ball" introduction of Mr. Nelson's testimony, the City is attempting to circumvent the Scheduling Order and deprive Franklin of the opportunity to test Mr. Nelson's assertions through discovery and otherwise prepare properly for trial. The late submission of such testimony is neither substantially justified nor harmless, and the City cannot meet any burden that would excuse its blatant violation of the Scheduling Order. *Yeti by Molly Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106-07 (9th Cir. 2001). The Scheduling Order expressly prohibits Mr. Nelson's testimony under these circumstances, and the Direct Testimony should be excluded in its entirety.

As contemplated by the Scheduling Order, Franklin will submit objections to the Direct Testimony on or before April 25, 2014. The issues raised in this Motion are in addition to the other issues raised in such objections.

# RELEVANT BACKGROUND

The Scheduling Order provides clear and unambiguous deadlines, including the following relevant to this Motion:

- Initial disclosures of fact and expert witnesses were to be made on or before January 31, 2014;[4]
- Final disclosures of fact and expert witnesses were to be made on or before March 26, 2014;[5]
- Expert reports were to be filed and served on or before March 26, 2014;[6]
- Rebuttal expert reports were to be filed and served on or before April 4, 2014;[7] and
- Expert depositions were to conclude on or before April 18, 2014.[8]

When the City disclosed its initial slate of witnesses on January 31, 2014, it did not identify Mr. Nelson as one of its percipient witnesses or one of its expert witnesses. When the City finalized its slate of witnesses and issued its experts' repots on or about March 26, 2014, Mr. Nelson was not identified as a percipient witness or an expert witness. Thereafter, Mr. Nelson was not identified when the City issued its rebuttal expert reports on April 4, 2014.

---

[4] Modified Scheduling Order ¶ 2 ("On or before January 31, 2014, each Party shall exchange and provide to the other Parties preliminary lists of all witnesses (other than witnesses from whom expert reports will be submitted pursuant to Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure) that such Party then believes that it may call to provide testimony at the Trial or the Hearing, as described in ¶ 28 of the [Initial] Scheduling Order. Also on or before January 31, 2014, each Party intending to present expert testimony shall exchange and provide to the other Parties the identity of any expert witness it may use to present evidence in its case-in-chief and shall provide a written summary of the topics that each such witness is expected to address, as described in ¶ 30 of the [Initial] Scheduling Order.").

[5] *Id.* ¶ 5 ("Also on or before March 21, 2014, each Party intending to present evidence shall serve on each other Party a list of fact and expert witnesses (other than rebuttal and impeachment witnesses) whose testimony the Party may submit at the Trial or Hearing, as described in ¶ 36 of the [Initial] Scheduling Order."). The City and Franklin agreed to extend such deadline to March 26, 2014.

[6] *Id.* ¶ 5 ("On or before March 21, 2014, each Party intending to present expert testimony shall serve and file its expert reports as provided in ¶ 31 of the [Initial] Scheduling Order."). The City and Franklin agreed to extend such deadline to March 26, 2014.

[7] *Id.* ¶ 8 ("On or before April 4, 2014, each Party intending to present rebuttal expert testimony shall serve and file its rebuttal expert reports, as described in ¶ 32 of the [Initial] Scheduling Order.").

[8] *Id.* ¶ 9 ("Expert depositions shall commence on or after April 8, 2014, and must conclude by no later than April 18, 2014.").

In fact, Mr. Nelson was not identified until he issued his Direct Testimony on April 21, 2014 – nearly a month after the final deadline for disclosure of witnesses – purporting to "rebut" Mr. Chin's expert report. The City subsequently reiterated its belief that Mr. Nelson is a rebuttal witness in a letter dated April 24, 2014 (refusing Franklin's request for a deposition of Mr. Nelson).[9] The City apparently is trying to shoehorn Mr. Nelson into a category that it believes would allow it to produce his testimony without any initial identification or disclosure. As shown below, the Scheduling Order is not so easily evaded.

This is not an inconsequential matter, as Mr. Nelson's proposed testimony materially prejudices Franklin. For one thing, it is not reasonable or fair for the City to lie in wait, hiding Mr. Nelson's rebuttal of Mr. Chin until well beyond the deadline established by the Court for rebuttal reports and after the date on which Mr. Chin was deposed. For another, Franklin has not had an opportunity to obtain discovery with respect to Mr. Nelson's testimony – an opportunity that would have been available to it (prior to Mr. Chin's deposition) had the City adhered to the Scheduling Order.

The City's maneuver severely prejudices Franklin's ability to cross-examine Mr. Nelson at trial. That is the City's intended result, as demonstrated by the fact that the City flatly refused Franklin's request to take a deposition of Mr. Nelson with respect to his new testimony and opinions.[10] Mr. Nelson's untimely, undisclosed, and prejudicial testimony should be stricken in its entirety for the reasons set forth below.

## ARGUMENT

The Scheduling Order required identification of fact witnesses by no later than March 26, 2014. It required the filing of rebuttal expert reports by no later than April 4, 2014. Mr. Nelson's Direct Testimony, which specifically purports to "rebut" the testimony of Franklin's

---

[9] *See* correspondence from P. Bocash, dated April 24, 2014 ("Bocash Letter"), at 1, a copy of which is attached to the accompanying *Declaration Of Joshua D. Morse In Support Of Motion Of Franklin High Yield Tax-Free Income Fund and Franklin California High Yield Municipal Fund To Exclude Portions Of Testimony Of K. Dieker, V. Toppenberg, R. Smith and R. Leland, And Motions To Exclude Testimony Of M. Nelson And T. Nelson* (the "Morse Decl."), as Exhibit H.

[10] `*See* Bocash Letter at 1.

1  expert, was filed nearly a month after the deadline for identification of fact witnesses and seventeen
2  days after the deadline for disclosure of rebuttal reports.  In fact, the City waited until the period for
3  fact and expert depositions (including the deposition of Mr. Chin, the expert whom Mr. Nelson seeks
4  to "rebut") had concluded, thereby completely depriving Franklin of any opportunity to test Mr.
5  Nelson's assertions through discovery and deposition and depriving Mr. Chin any opportunity to
6  respond in deposition to Mr. Nelson's testimony (which the City seeks to use to "rebut" Mr. Chin's
7  expert opinion).
8  　　　　As shown below, the City's attempt to hide Mr. Nelson until the eleventh hour cannot stand.
9  　　　　**1.　　Large Portions of Mr. Nelson's Testimony Are Not Rebuttal Testimony.**
10 　　　　The stated purpose of Mr. Nelson's testimony is to rebut the expert opinion of Mr. Chin.[11]
11 Large portions of the testimony, however, consist of factual statements about the business of the
12 Golf Courses – properties that are discussed in Mr. Chin's report.[12]  This testimony (assuming it can
13 even be validated)[13] does not directly or indirectly rebut the opinions of Mr. Chin – it simply offers
14 additional facts that the City believes are relevant to Mr. Chin's opinion.
15 　　　　To rebut the report of Mr. Chin with factual testimony, however, Mr. Nelson would have to
16 provide factual testimony that directly contradicts the stated conclusions of Mr. Chin.  "Testimony
17 offered only as additional support to an argument made in a case in chief, if not offered 'to
18 contradict, impeach or defuse the impact of the evidence offered by an adverse party,' is improper on
19 rebuttal.  *Peals v. Terre Haute Police Dept.,* 535 F.3d 621, 630 (7th Cir. 2008) (citing *United States*
20 *v. Grintjes*, 237 F.3d 876, 879 (7th Cir, 2001)).  Mr. Nelson's testimony does not meet this standard.
21 It simply provides underlying facts related to the management and operation of the Golf Courses.
22 Offered as such, it is not rebuttal evidence, it is simply delinquent testimony that must be excluded.

---

[11]　Direct Testimony ¶ 1 ("I make this declaration in support of confirmation . . . and in rebuttal to the Expert Report of Frederick E. Chin.").

[12]　Direct Testimony ¶¶ 6-18.

[13]　*See* Fed. R. Evid. 802.

### 2. Mr. Nelson's Testimony Expands And Exceeds The Scope Of Testimony Offered By A Witness Properly Identified By The City.

The parties were obligated to disclose all fact witnesses by no later than March 26, 2014. The City did not disclose Mr. Nelson as a witness. However, the City did timely identify Ms. Susan Wren as a fact witness with respect to "issues relating to the Golf Course/Park Properties, including but not limited to the financial performance of Oak Park and the Swenson and Van Buskirk golf courses."[14] This is precisely the subject of Mr. Nelson's new, belated testimony. Indeed, Ms. Wren specifically refers to and incorporates Mr. Nelson's testimony in her own direct testimony declaration.[15]

The City cannot introduce a witness to provide testimony that it previously stated another witness would provide – cloaked in the guise that the new witness (Mr. Nelson) is providing rebuttal testimony. This is particularly true given that many of the facts identified by Mr. Nelson in his Direct Testimony do not actually rebut any testimony by a Franklin witness (Mr. Chen or otherwise) and would only be admissible if introduced through a properly-disclosed fact witness as to whom Franklin had been given the opportunity to depose.

The City is attempting to circumvent the Scheduling Order. This should not be permitted and Mr. Nelson's testimony should be excluded. To do otherwise would prejudice Franklin, as it has been deprived of the opportunity to depose Mr. Nelson with respect to his new testimony and any opinions or conclusions he is inferring from it.

### 3. Mr. Nelson's Testimony Improperly Supplements The City's Rebuttal Expert.

To the extent the City argues that Mr. Nelson's testimony evidence is rebuttal evidence and is offered, as such, to support an opinion contrary to the opinions expressed by Mr. Chin, the testimony must be characterized as rebuttal expert testimony that should have been disclosed in accordance with the Scheduling Order.[16]

---

[14] *See* correspondence from P. Bocash, dated March 26, 2014, at 4, a copy of which is attached to the Morse Decl. as <u>Exhibit N</u>.

[15] *Direct Testimony Declaration Of Susan Wren In Support of Confirmation Of First Amended Plan For The Adjustment Of Debts Of City Of Stockton, California (November 15, 2013)* [Docket Nos. 1382 and 1386 / Adv. Pro. Docket Nos. 77-78] ¶ 4.

[16] Modified Scheduling Order ¶ 8 ("On or before April 4, 2014, each Party intending to present rebuttal expert testimony shall serve and file its rebuttal expert reports, as described in ¶ 32 of the [Initial] Scheduling Order.").

1      Specifically, the City has offered Mr. Nelson's testimony to prop up the opinion of its

2 rebuttal expert, Mr. Smith.  Indeed, Mr. Smith testified that he spoke with Mr. Nelson <u>after</u> Mr.

3 Smith submitted his rebuttal report,[17] and Mr. Smith incorporates Mr. Nelson's alleged hearsay

4 statements from that conversation as well as Mr. Nelson's Direct Testimony into his own direct

5 testimony declaration.[18]

6      This is wholly improper.  For one thing, the late submission of Mr. Nelson's testimony,

7 purporting to rebut the expert opinion of Mr. Chin, required disclosure to allow for discovery and

8 deposition.  Mr. Smith's wholesale adoption of and reliance on Mr. Nelson's testimony as a part of

9 his own expert opinion renders Mr. Nelson's testimony a part of Mr. Smith's report.  Just as with

10 Mr. Smith himself, the City was required to identify Mr. Nelson's testimony and make him available

11 for deposition long ago.

12      For another thing, beyond the severely-prejudicial procedural violation of the Scheduling

13 Order, Mr. Nelson cannot offer evidence intended to support or provide an opinion about the value

14 of the properties appraised by Mr. Chin unless he is qualified to do so.  In order for a witness to be

15 qualified as an expert, consideration must be given to "[w]hether the expert has appropriate

16 qualifications—*i.e.*, some special knowledge, skill, experience, training or education on that subject

17 matter."  *United States v. Hankey*, 203 F.3d 1160, 1168 (9th Cir. 2000); see also *Mercurio v. Nissan*

18 *Motor Corp.*, 81 F. Supp. 2d 859, 862 (N.D. Ohio 2000) ("A witness may give expert testimony only

19 if he is 'qualified as an expert by knowledge, skill, experience, training, or education' in the relevant

20 subject area") (quoting Federal Rule of Evidence 702); *United States v. Vallejo*, 237 F.3d 1008, 1019

21 (9th Cir. 2001).

22      If the City contends that Mr. Nelson's qualifications allow him to substantiate the facts he

23 lists in his testimony and that those facts rebut the content of Mr. Chin's report, then the City is, by

---

[17] *Direct Testimony Declaration Of Ray Smith In Support Of Confirmation Of First Amended Plan For The Adjustment Of Debts Of City Of Stockton, California (November 15, 2013)* [Docket No. 1365 / Adv. Pro. Docket No. 60] ("Smith Direct Testimony") ¶ 5; Transcript (Rough) of Deposition of Raymond Smith 20:6-8 ("Q  So before you drafted your report, you had not done an interview with Mr. Nelson; is that right?  A  That's correct.").

[18] Smith Direct Testimony ¶¶ 5-6.

definition, offering Mr. Nelson as an expert and his testimony as expert rebuttal testimony. That testimony is untimely.

### 4. Mr. Nelson Is Not An Expert.

Finally, to the extent that the City seeks to introduce the Direct Testimony as expert testimony, Mr. Nelson simply does not have the qualifications to be confirmed as an expert witness here. As noted, in order for a witness to be qualified as an expert, consideration must be given to "[w]hether the expert has appropriate qualifications—*i.e.*, some special knowledge, skill, experience, training or education on that subject matter." *Hankey*, 203 F.3d at 1168. Accordingly, the first inquiry into the admissibility of proposed expert testimony is whether the proffered witness "truly qualifies as an expert" in the particular field that is the subject matter of the proposed testimony. *Jinro Am. Inc. v. Secure Invs., Inc.*, 266 F.3d 993, 1004 (9th Cir. 2001). "Whether a witness is qualified as an expert can only be determined by comparing the area in which the witness has superior knowledge, skill, experience, or education with the subject matter of the witness's testimony." *Shirley Carroll v. Otis Elevator Co.*, 896 F.2d 210, 212 (7th Cir. 1990).

The City has not met and cannot meet its burden to show that Mr. Nelson is an expert qualified to render an opinion. Although he appears to have worked in the golf industry for quite a number of years, being a "Class A PGA Member since 1984" does not qualify one to offer expert valuation opinion testimony regarding the value of the Golf Courses. Based on the information included in the Direct Testimony, Mr. Nelson lacks any of the specialized training or expertise expected of an expert witness qualified to render valuation testimony. He is not identified as being an appraiser, nor does he appear to be a real estate broker or to have ever conducted any real estate appraisals or valuations. It does not appear that Mr. Nelson has ever been qualified or even offered as an expert witness prior to his involvement in this case. What is clear, however, is that Mr. Nelson is not an expert regarding golf course appraisal or valuation issues. Accordingly, the Direct Testimony must be excluded from consideration.

## **CONCLUSION**

Mr. Nelson's testimony does not qualify as rebuttal or impeachment testimony, as it neither impeaches Mr. Chin's credibility nor rebuts any factual statements of Mr. Chin. Rather, Mr. Nelson offers statements about straightforward factual matters as to which a properly-identified City witness also has testified (and been deposed). Mr. Nelson also attempts to malign Mr. Chin's valuation conclusions, including issues central to Mr. Chin's valuation methodology, notwithstanding the fact that he appears to have none of the credentials required to qualify as an expert witness. The Scheduling Order forbids the introduction of this testimony, either as rebuttal evidence or as a supplement to the opinion of the City's rebuttal expert.

Accordingly, no matter how the City wishes to characterize Mr. Nelson's testimony, the Direct Testimony it is improper, violates the Scheduling Order, and should be excluded.

Dated: April 25, 2014                    JONES DAY

By:    /s/ Joshua D. Morse
James O. Johnston
Joshua D. Morse
Charlotte S. Wasserstein

*Attorneys for Franklin High Yield Tax-Free Income Fund and Franklin California High Yield Municipal Fund*