8

James O. Johnston (SBN 167330)
Charlotte S. Wasserstein (SBN 279442)
JONES DAY
555 South Flower Street, 50th Floor
Los Angeles, CA 90071
Telephone:   (213) 489-3939
Facsimile:   (213) 243-2539
Email: jjohnston@jonesday.com
       cswasserstein@jonesday.com

Joshua D. Morse (SBN 211050)
JONES DAY
555 California Street, 26th Floor
San Francisco, CA 94104
Telephone:   (415) 626-3939
Facsimile:   (415) 875-5700
Email: jmorse@jonesday.com

*Attorneys for Franklin High Yield Tax-Free Income Fund and Franklin California High Yield Municipal Fund*

# UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA

### SACRAMENTO DIVISION

| | |
|---|---|
| In re:<br><br>CITY OF STOCKTON, CALIFORNIA,<br><br>Debtor. | Case No. 12-32118 (CMK)<br><br>D.C. No. OHS-15<br><br>Chapter 9<br><br>Adv. Proceeding No. 13-02315-C |
| WELLS FARGO BANK, NATIONAL ASSOCIATION, FRANKLIN HIGH YIELD TAX-FREE INCOME FUND, AND FRANKLIN CALIFORNIA HIGH YIELD MUNICIPAL FUND,<br><br>Plaintiffs.<br><br>v.<br><br>CITY OF STOCKTON, CALIFORNIA,<br><br>Defendant. | **MOTION OF FRANKLIN HIGH YIELD TAX-FREE INCOME FUND AND FRANKLIN CALIFORNIA HIGH YIELD MUNICIPAL FUND TO EXCLUDE PORTION OF TESTIMONY OF RAYMOND SMITH**<br><br>Date:   May 12, 2014<br>Time:   9:30 a.m.<br>Dept:   C, Courtroom 35<br>Judge:  Hon. Christopher M. Klein |

Pursuant to the Scheduling Order[1] and Rule 26 of the Federal Rules of Civil Procedure, Franklin High Yield Tax-Free Income Fund and Franklin California High Yield Municipal Fund (collectively, "Franklin") hereby move to exclude the portion of testimony of Raymond Smith set forth in *Direct Testimony Declaration Of Raymond Smith In Support Of City's Confirmation of First Amended Plan for the Adjustment of Debts of City of Stockton, California (November 15, 2013)* [Docket No. 1365 / Adv. Pro. Docket No. 60] (the "Direct Testimony") that impermissibly goes beyond the information contained in the *Submission By The City Of Stockton Of Rebuttal Expert Report Of Raymond F. Smith* [Adv. Docket No. 43] (the "Smith Report").  In support of this Motion, Franklin states as follows:

## INTRODUCTION

By this Motion, Franklin objects to the introduction of the Direct Testimony offered by the City in violation of the Scheduling Order and the Federal Rules of Civil Procedure.  Franklin will be prejudiced if the Court is allowed to consider the Direct Testimony that impermissibly goes beyond the rebuttal testimony offered by the City in the Smith Report.

Such testimony is inadmissible under the Scheduling Order and Rule 26 of the Federal Rules of Civil Procedure because the City has attempted to delinquently introduce the Direct Testimony <u>after</u> the schedule set for the submission of rebuttal reports and the conclusion of depositions of expert witnesses – prejudicing Franklin by preventing it from preparing its rebuttal to the new testimony or obtaining discovery on the opinions expressed prior to trial.  The late submission of this testimony is neither substantially justified nor harmless and the City cannot meet any burden that would excuse its blatant violations of the Scheduling Order and Rule 26.  *Yeti by Molly Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106-07 (9th Cir. 2001).

---

[1] For purposes of these Objections, the term "Scheduling Order" means, collectively, the *Order Governing The Disclosure And Use Of Discovery Information And Scheduling Dates Related To The Trial In The Adversary Proceeding And Any Evidentiary Hearing Regarding Confirmation Of Proposed Plan Of Adjustment* (the "Initial Scheduling Order") [Docket No. 1224 / Adv. Pro. Docket No. 16], as amended by the *Order Modifying Order Governing The Disclosure And Use Of Discovery Information And Scheduling Dates Related To The Trial In The Adversary Proceeding And Any Evidentiary Hearing Regarding Confirmation Of Proposed Plan Of Adjustment* (the "Modified Scheduling Order") [Docket No. 1242 / Adv. Pro. Docket No. 18].  Capitalized terms not otherwise defined herein shall have the meaning ascribed to such term in the Scheduling Order, or the *Complaint For Declaratory Relief* (the "Complaint") [Adv. Pro. Docket No. 1], as applicable.

1   As contemplated by the Scheduling Order, Franklin will submit objections to the Direct
2   Testimony on or before April 25, 2014.  The issues raised in this Motion are in addition to the other
3   issues raised in such objections.

## RELEVANT BACKGROUND

6   The Scheduling Order provides clear and unambiguous deadlines, including the following
7   relevant to this Motion:

- Initial disclosures of fact and expert witnesses were to be made on or before January 31, 2014;[2]
- Final disclosures of fact and expert witnesses were to be made on or before March 26, 2014;[3]
- Expert reports were to be filed and served on or before March 26, 2014;[4]
- Rebuttal expert reports were to be filed and served on or before April 4, 2014;[5] and
- Expert depositions were to conclude on or before April 18, 2014.[6]

---

[2] Modified Scheduling Order ¶ 2 ("On or before January 31, 2014, each Party shall exchange and provide to the other Parties preliminary lists of all witnesses (other than witnesses from whom expert reports will be submitted pursuant to Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure) that such Party then believes that it may call to provide testimony at the Trial or the Hearing, as described in ¶ 28 of the [Initial] Scheduling Order.  Also on or before January 31, 2014, each Party intending to present expert testimony shall exchange and provide to the other Parties the identity of any expert witness it may use to present evidence in its case-in-chief and shall provide a written summary of the topics that each such witness is expected to address, as described in ¶ 30 of the [Initial] Scheduling Order.").

[3] *Id*. ¶ 5 ("Also on or before March 21, 2014, each Party intending to present evidence shall serve on each other Party a list of fact and expert witnesses (other than rebuttal and impeachment witnesses) whose testimony the Party may submit at the Trial or Hearing, as described in ¶ 36 of the [Initial] Scheduling Order.").  The City and Franklin agreed to extend such deadline to March 26, 2014.

[4] *Id*. ¶ 5 ("On or before March 21, 2014, each Party intending to present expert testimony shall serve and file its expert reports as provided in ¶ 31 of the [Initial] Scheduling Order.").  The City and Franklin agreed to extend such deadline to March 26, 2014.

[5] *Id*. ¶ 8 ("On or before April 4, 2014, each Party intending to present rebuttal expert testimony shall serve and file its rebuttal expert reports, as described in ¶ 32 of the [Initial] Scheduling Order.").

[6] *Id*. ¶ 9 ("Expert depositions shall commence on or after April 8, 2014, and must conclude by no later than April 18, 2014.").

When the City disclosed its initial slate of witnesses on January 31, 2014, it did not identify Mr. Smith as one of its expert witnesses. When the City finalized its slate of witnesses on March 26, 2014, Mr. Smith was also not identified as an expert witness. In fact, Mr. Smith was unknown to Franklin until the City issued the Smith Report on the evening of April 4, 2014.

Pursuant to the Smith Report, Mr. Smith confirmed that his expert rebuttal testimony would be limited to offering rebuttal testimony with respect to the Fredrick Chin Appraisal Report of Swenson Golf Course, Van Buskirk Golf Course, Van Buskirk Community Center and Oak Park in Stockton, California (the "Chin Report"). Mr. Smith did evaluate the Chin Report and has specifically listed in his own report the areas thereof of which he was critical.

Just hours before Mr. Smith's deposition, the City produced a slew of additional documents, including handwritten notes from interviews Mr. Smith apparently conducted only after completing the Smith Report. During his deposition, Mr. Smith categorized such efforts as "additional" work done in preparation for his deposition, but conceded that he actually spent more time preparing for deposition than he spent researching, analyzing and writing his report. Based on such newly produced information, substantial time was spent at deposition confirming how such additional information supplemented, modified or changed the Smith Report.[7] But, during that deposition, Mr. Smith confirmed that the Smith Report, as confirmed by the additional deposition preparation, set forth the full extent of his rebuttal expert testimony for purposes of trial.[8]

In the Direct Testimony, however, Smith went well beyond what was included in the Smith Report and what was testified to at deposition. Specifically, the Direct Testimony (1) inappropriately expands upon the opinions contained in the Smith Report by incorporating the

---

[7] Between April 1, 2014, when Mr. Smith was retained by the City as a rebuttal expert witness, and April 4, 2014, when the Smith Report was filed, Mr. Smith spent a total of 23 hours preparing the Smith Report. As of the beginning of his deposition, on April 17, 2018, Mr. Smith had devoted an additional 27.75 hours of work in an effort to support the opinions in the Smith Report. Transcript (Rough) of Deposition of Raymond Smith ("Smith Tr.") 40:5-20. Relevant passages of the Smith Tr. are attached to the accompanying *Declaration Of Joshua D. Morse In Support Of Motion Of Franklin High Yield Tax-Free Income Fund and Franklin California High Yield Municipal Fund To Exclude Portions Of Testimony Of K. Dieker, V. Toppenberg, R. Smith and R. Leland, And Motions To Exclude Testimony Of M. Cera And T. Nelson* ("Morse Decl.") as Exhibit G. Based on the Direct Testimony, it appears that Mr. Smith spent many additional hours attempting to supplement his plainly-deficient initial report and to remedy the numerous deficiencies in his analysis exposed during his deposition.

[8] Smith Tr. 73:11-75:1.

"additional" work done by Mr. Smith after issuance of the Smith Report (and, indeed, after Mr. Smith's deposition);[9] and (2) offers entirely new opinions and conclusions not addressed by Mr. Smith in either the Smith Report or at his deposition.[10]  In fact, the Direct Testimony has been expanded so far that it even includes testimony relating to Mr. Smith's rebuttal of various testimony given by Mr. Chin at his deposition, <u>which did not occur until the day after Mr. Smith's own deposition</u>.[11]

Mr. Smith cannot continue to modify his testimony every time he publishes his opinions (report, deposition, and then testimony).  A party may not rely on supplementation "as a way to remedy a deficient expert report or as a means of getting in, in effect, a brand new report." *Rojas v. Marko Zaninovich, Inc.*, No. 1:09-CV-OOT05 AWI, 2011 U.S. Dist. LEXIS 106044, at *18-19 (E.D. Cal. Sept. 19, 2011) (citing *Medtronic Vascular, Inc. v. Abbot Cardiovascular Systems, Inc.*, 2008 U.S. Dist. LEXIS 112148 at *6 (N.D. Cal. Oct. 15, 2008)); *see also Plumley v. Mockett*, 836 F. Supp. 2d 1053, 1062 (C.D. Cal. 2010) (expert's declaration not proper supplement under Rule 26(e) because "supplementary disclosures do not permit a party to introduce new opinions after the disclosure deadline under the guise of a 'supplement'").  Similarly, supplementation is not appropriate simply "because the expert did an inadequate or incomplete preparation." *Akeva LLC v. Mizuno Corp.*, 212 F.R.D. 306, 310 (M.D.N.C. 2002) (citations omitted).

This is not an inconsequential matter, as Mr. Smith's inclusion of new and revised testimony has prejudiced Franklin materially.  Specifically, Franklin has not had an opportunity to obtain discovery on Mr. Smith's entirely new opinions, prejudicing its ability to cross-examine effectively Mr. Smith at trial.  This surely is the result desired by the City.  Mr. Smith's untimely, undisclosed, and prejudicial testimony should be stricken from his Direct Testimony.

---

[9]  Direct Testimony ¶¶ 3-10.
[10] Direct Testimony ¶¶ 11-23.
[11] Direct Testimony ¶ 11.

## ARGUMENT

By their terms, the Scheduling Order and Rule 26 only authorize the admission of expert testimony where the testimony has been properly disclosed. For rebuttal experts, the disclosure of the topics and breadth of their intended testimony was due on April 4, 2014, along with their rebuttal expert reports. Mr. Smith's disclosure and his rebuttal expert report are governed by the Scheduling Order and by Rule 26 – which requires a "complete statement of all opinions the witness will express and the basis and reasons for them."[12] As discussed below, to the extent the Direct Testimony attempts to expand on the scope of testimony identified in the Smith Report, such testimony should be stricken from his Direct Testimony.

### 1. Mr. Smith Was Required To Make A Complete Statement Of His Rebuttal Position In The Smith Report.

As a rebuttal witness, Mr. Smith was not disclosed to Franklin until April 4, 2014, when the City filed the Smith Report. At the time he issued his report, Mr. Smith was obligated to make a "complete statement" of the topics upon which he would provide testimony. He did not do so.

For a report to be complete (and satisfy Rule 26) it must include the underlying conclusions upon which the expert will base its opinions. *See Oliner v. Kontrabecki (In re Cent. European Indus. Dev. Co.)*, 427 B.R. 149, 156 (Bankr. N.D. Cal. 2009). The report must also contain an explanation for the basis of those opinions. *See Atkins v. Cnty. of Orange*, 372 F. Supp. 2d 377, 395 (S.D.N.Y. 2005); *Ohime v. Foresman*, 186 F.R.D. 507, 508-09 (N.D. Ind. 1999). Most importantly, it must contain "<u>a complete statement of the opinion the witness will express</u>." *United States v. 14.3 Acres of Land*, No. 07-CV-886-W(NLS), 2008 WL 4079272, at *6 (S.D. Cal. Aug. 29, 2008) (emphasis added).

In light of the Direct Testimony, the Smith Report failed to meet this critical requirement. We know this because the City is now attempting to supplement the Smith Report with the Direct Testimony, including the offering of additional rebuttal opinions that were not disclosed in the Smith Report or at Mr. Smith's deposition.

---

[12] Fed. R. Civ. P. 26(a)(2)(B)(i).

FRANKLIN'S MOTION TO EXCLUDE
PORTION OF TESTIMONY OF RAYMOND SMITH

### 2. The Direct Testimony Is An Impermissible Supplement To The Smith Report.

If an expert determines he has made an error in his report or discovers new evidence relevant to the opinions expressed in the report he is required to supplement his report. Supplementation of the report is addressed in and governed Rule 26.[13] The supplementation process allows for proper notice and, where necessary, discovery related to any modifications/expansions in the expert's opinions.

The City, however, has not submitted a supplement to Mr. Smith's report or his deposition testimony. Instead it has submitted the Direct Testimony with opinions and conclusions that were neither addressed in the Smith Report nor at Mr. Smith's deposition. By waiting until after the expiration of expert discovery, Mr. Smith cannot be deposed on his new opinions and conclusions – which creates a prejudice to Franklin and limits its ability to prepare for cross-examination of Mr. Smith.

This has prejudiced Franklin. Accordingly, the modifications to Mr. Smith's testimony should not be permitted and should be stricken from his Direct Testimony

### CONCLUSION

Mr. Smith's failure to identify in the Smith Report or testify at deposition the various new rebuttal opinions now included in the Direct Testimony have prejudiced Franklin. Franklin was not able to depose Mr. Smith on these topics and will not be able to appropriately prepare for Mr. Smith's cross examination on these topics. Based on the City's failure to meet the standards of Rule 26 (a)(2)(B), the submission of an insufficient expert report, and the inherent prejudice to Franklin, this Court should strike, at a minimum, Paragraphs 3 through 23 of the Direct Testimony.

---

[13] Rule 26(e)(2): "Expert Witness. For an expert whose report must be disclosed under Rule 26(a)(2)(B), the party's duty to supplement extends both to information included in the report and to information given during the expert's deposition. Any additions or changes to this information must be disclosed by the time the party's pretrial disclosures under Rule 26(a)(3) are due."

| | | |
|---|---|---|
| 1 | Dated: April 25, 2014 | JONES DAY |
| 2 | | |
| 3 | | By: */s/ Joshua D. Morse*<br>James O. Johnston |
| 4 | | Joshua D. Morse<br>Charlotte S. Wasserstein |
| 5 | | |
| 6 | | *Attorneys for Franklin High Yield Tax-Free Income Fund and Franklin California High Yield Municipal Fund* |
| 7 | | |