**8**

1  MARC A. LEVINSON (STATE BAR NO. 57613)
   malevinson@orrick.com
2  ORRICK, HERRINGTON & SUTCLIFFE LLP
   400 Capitol Mall, Suite 3000
3  Sacramento, California  95814-4497
   Telephone:     +1-916-447-9200
4  Facsimile:     +1-916-329-4900

5  ROBERT M. LOEB (Admitted pro hac vice)
   (District of Columbia Bar No. 997838)
6  rloeb@orrick.com
   ORRICK, HERRINGTON & SUTCLIFFE LLP
7  Columbia Center
   1152 15th Street
8  Washington, D.C.  20005
   Telephone:     +1-202-339-8475
9  Facsimile:     +1-202-339-8500
   Attorneys for Debtor
10 City of Stockton

11 BRADFORD J. DOZIER (STATE BAR NO. 142061)
   AthDoz@aol.com
12 ATHERTON & DOZIER
   305 N. El Dorado St., Suite 301
13 Stockton, California  95202
   Telephone:     +1-209-948-5711
14
   Attorney for Creditor
15 Michael A. Cobb

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| In re: | Case No.  2012-32118 |
| CITY OF STOCKTON, CALIFORNIA, Debtor. | D.C. No.  OHS-15 |
| | Chapter 9 |
| | **OFFICIAL FORM 24 – CERTIFICATION TO COURT OF APPEALS BY ALL PARTIES** |

Debtor the City of Stockton, California (the "City"), and Creditor Michael A. Cobb ("Cobb"), through their respective counsel, submit to this Court, before which this matter is

/ / /

currently pending under Federal Rule of Bankruptcy Procedure 8001(f)(2), (f)(2)(A), the following Certification to Court of Appeals by All Parties, in conformance with Official Form 24.

1.    A notice of appeal having been filed in the above-styled matter on May 21, 2014, appellant Michael A. Cobb and appellee the City of Stockton, who are all the appellants and all the appellees, hereby certify to the court under 28 U.S.C. § 158(d)(2)(A) that a circumstance specified in 28 U.S.C. § 158(d)(2) exists as stated below.

2.    Leave to appeal in this matter is required under 28 U.S.C. § 158(a).

3.    This certification arises in an appeal from an interlocutory order or decree, and the parties hereby request leave to appeal as required by 28 U.S.C. § 158(a).

4.    The judgment, order, or decree involves a question of law as to which there is no controlling decision of the court of appeals for this circuit or of the Supreme Court of the United States.  28 U.S.C. § 158(d)(2)(A)(i).

5.    Pursuant to 28 U.S.C. § 158(d)(2)(C) and Federal Rule of Bankruptcy Procedure 8001(f)(2)(B), (f)(3), the parties to this certification supplement the certification as follows:

(a)    The following facts are necessary to understand the question presented. These facts are drawn from the parties' Joint Stipulation of Material Facts Underlying Objection of Creditor Michael A. Cobb, Dkt. No. 1252, and are not in dispute.

(i)    Andrew C. Cobb, the father of Creditor Michael A. Cobb, was the owner of a parcel of land located at 4218 Pock Lane in Stockton, California, San Joaquin County Assessor's Parcel Number 179-180-07 (the "Parcel").

(ii)    On August 10, 1998, the Stockton City Council issued Resolution No. 98-0353 determining that the public necessity required the condemnation of a strip of land across the Parcel for purposes of building a public road.

(iii)    In conformance with the procedures set forth in California Civil Procedure Code § 1255.010, the City had an expert appraiser conduct an appraisal of the strip of land for purposes of determining the amount of compensation believed to be just, and produce a summary of the basis for the appraisal.  The appraisal valued the land at $90,200.00.  On

/ / /

OFFICIAL FORM 24 – CERTIFICATION TO COURT OF APPEALS BY ALL PARTIES

OHSUSA:758156884.4

October 23, 1998, consistent with § 1255.010, the City deposited that amount with the California State Treasurer Condemnation Deposits Fund.

  (iv) On October 23, 1998, the City initiated eminent domain proceedings in the Superior Court of California, County of San Joaquin (the "Eminent Domain Action") to condemn a permanent easement over the strip of land.

  (v) On October 17, 2000, the Stockton City Council issued Resolution No. 00-0505 recognizing that the planned road over the Parcel had been completed and accepting that improvement.

  (vi) In November 2000, Michael A. Cobb, owner of the Parcel by operation of state probate and trust succession following the death of Andrew C. Cobb, withdrew the City's deposit of probable just compensation in the amount of $90,200.00, subject and pursuant to California Civil Procedure Code § 1255.260.

  (vii) On October 9, 2007, the Superior Court in the Eminent Domain Action dismissed that action because it had not been brought to trial within five years of its commencement.

  (viii) On March 14, 2008, Cobb initiated an action in the Superior Court of the State of California, County of San Joaquin (the "Inverse Condemnation Action"), seeking relief pursuant to a claim of inverse condemnation.

  (ix) On June 28, 2012, while the Inverse Condemnation Action was still pending, the City petitioned for bankruptcy under chapter 9.

  (x) On August 16, 2013, Cobb filed a Proof of Claim in the chapter 9 case. Cobb listed the total amount of his claim as $4,200,997.26, consisting of $1,540,000.00 as the principal of his claim; $2,282,997.26 as interest on the principal of his claim; $350,000.00 as attorney's fees and litigation expenses; $13,000.00 as costs of suit; and $15,000.00 as real estate taxes, maintenance costs, and insurance costs. Cobb did not indicate on his Proof of Claim that the claim was secured or that the claim was entitled to priority under 11 U.S.C. § 507(a).

/ / /

/ / /

OFFICIAL FORM 24 – CERTIFICATION TO COURT OF APPEALS BY ALL PARTIES

OHSUSA:758156884.4

   (xi) On November 15, 2013, the City filed the First Amended Plan for the Adjustment of Debts of City of Stockton, California. The City designated 19 classes of claims. Cobb's claim was included in Class 12 as a General Unsecured Claim.

   (xii) On February 3, 2014, the City filed its Memorandum of Law in Support of Confirmation of the First Amended Plan.

   (xiii) On February 11, 2014, Cobb filed the Objection of Creditor Michael A. Cobb to Plan and Confirmation Thereof. Cobb objected on the ground that treating his claim as a general unsecured claim violates the Takings Clause of the Fifth and Fourteenth Amendments of the U.S. Constitution.

   (xiv) On May 7, 2014, the bankruptcy court overruled Cobb's objection.

   (xv) On May 21, 2014, Cobb filed a notice of appeal.

  (b) At issue in this appeal is whether treating Cobb's bankruptcy claim to payment arising from his state law inverse condemnation action as a general unsecured claim is inconsistent with the Takings Clause of the Fifth and Fourteenth Amendments.

  (c) Cobb seeks reversal of the bankruptcy court's order overruling his objection. The City of Stockton seeks affirmance of the bankruptcy court's order overruling the objection.

  (d) Under 28 U.S.C. § 158(d)(2)(A), the court of appeals has jurisdiction of an appeal from an interlocutory order where "all the appellants and appellees (if any) acting jointly, certify that … (i) the judgment, order, or decree involves a question of law as to which there is no controlling decision of the court of appeals for the circuit or of the Supreme Court of the United States." No decision of the Ninth Circuit or of the Supreme Court of the United States has addressed whether a plan of adjustment in a bankruptcy case may be confirmed, consistent with the Takings Clause of the Fifth and Fourteenth Amendments, where the plan of adjustment proposes to treat a claim for payment arising from a state law inverse condemnation action as a general unsecured claim.

  (e) A copy of the order overruling Cobb's objection is attached hereto.

///

1  Pursuant to 28 U.S.C. § 158(d)(2)(B)(ii), which provides that the bankruptcy court "shall
2  make the certification" upon "request made by a majority of the appellants and a majority of the
3  appellees," the undersigned respectfully request that this Court make the requested certification to
4  the court of appeals.

6  Dated: June 3 , 2014

MARC A. LEVINSON
ROBERT M. LOEB
Orrick, Herrington & Sutcliffe LLP

By: */s/ Marc A. Levinson*
MARC A. LEVINSON
Attorneys for Debtor
City of Stockton

12  Dated: June 3, 2014

BRADFORD J. DOZIER
Atherton & Dozier

By: */s/ Bradford A. Dozier*
BRADFORD J. DOZIER
Attorney for Creditor
Michael A. Cobb



FILED

MAY -8 2014

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

In re:                                )   Case No. 12-32118-C-9
                                      )
CITY OF STOCKTON, CALIFORNIA,         )
                                      )
                                      )
            Debtor(s).                )
_____)

**ORDER OVERRULING OBJECTION TO CONFIRMATION
OF PLAN OF ADJUSTMENT**

Findings of fact and conclusions of law having been stated orally on the record in which this court chronicled the history of the condemnation and inverse condemnation actions that formed the basis of Michael Cobb's claims and noting that the decision of the California Court of Appeal regarding statute of limitations for the inverse condemnation action filed in 2007 by Michael Cobb (<u>Cobb v. City of Stockton</u>, 192 Cal. App. 4th 65, 120 Cal. Rptr. 3d 389, Cal. App. 3 Dist., January 26, 2011), dealt with only a narrow statute of limitations question that did not foreclose such other defenses as laches against Michael Cobb for having done nothing to pursue his claim for greater compensation, which was all that remained (pursuant to California Code of Civil Procedure § 1255.260) after he withdrew in November 2000 the $90,200 that the City had deposited in the state treasury as probable compensation, and that continues to restrict his remedies even after the initial condemnation action was dismissed

in 2007 on account of inaction (the majority of which inaction is ascribed to Michael Cobb who had the burden of going forward after withdrawing the deposit) and for the other reasons explained on the record,

IT IS ORDERED that the objection of Michael Cobb to confirmation of the pending plan of adjustment filed by the City of Stockton on account of his treatment as an unsecured creditor is OVERRULED.

Dated:   May 7, 2014.

_____
UNITED STATES BANKRUPTCY JUDGE

| | |
|---|---|
| 1 | **INSTRUCTIONS TO CLERK OF COURT** |
| 2 | **SERVICE LIST** |
| 3 | The Clerk of Court is instructed to send the attached document, via the BNC, to the following parties: |
| 4 | Marc A. Levinson |
| 5 | 400 Capitol Mall #3000<br>Sacramento CA 95814-4407 |
| 6 | |
| 7 | Bradford J. Dozier<br>305 N El Dorado #301 |
| 8 | Stockton CA 95202-2306 |

- 3 -